JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
David G. Heiman (*pro hac vice* pending)
Carl E. Black (*pro hac vice* pending)
Thomas A. Wilson (*pro hac vice* pending)

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia  23219
Telephone:  (804) 788-8200
Facsimile:  (804) 788-8218
Tyler P. Brown (VSB No. 28072)
J.R. Smith (VSB No. 41913)
Henry P. (Toby) Long, III (VSB No. 75134)
Justin F. Paget (VSB No. 77949)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Alpha Natural Resources, Inc., <u>et al.</u>, | Case No. 15-_____ (___) |
| Debtors. | (Joint Administration Requested) |

## MOTION OF DEBTORS AND DEBTORS IN POSSESSION, PURSUANT TO SECTIONS 342 AND 521(a) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 1007(a), 2002(a) AND 2002(f) AND LOCAL BANKRUPTCY RULES 1007-1 AND 2002-1, FOR AN ORDER (A) WAIVING THE REQUIREMENT THAT EACH DEBTOR SUBMIT A FORMATTED MAILING MATRIX, (B) APPROVING THE FORM AND MANNER OF NOTICE OF THE COMMENCEMENT OF THE DEBTORS' CHAPTER 11 CASES AND (C) AUTHORIZING <u>THE FILING OF A CONSOLIDATED LIST OF TOP 50 UNSECURED CREDITORS</u>

Alpha Natural Resources, Inc. ("<u>ANR</u>") and certain of its direct and indirect subsidiaries, as debtors and debtors in possession (collectively, the "<u>Debtors</u>"), respectfully represent as follows:

### <u>Background</u>

1. On the date hereof (the "<u>Petition Date</u>"), the Debtors commenced their reorganization cases by filing voluntary petitions for relief under chapter 11 of title 11 of the

United States Code (the "Bankruptcy Code").  By a motion filed on the Petition Date, the

Debtors have requested that their chapter 11 cases be consolidated for procedural purposes only

and administered jointly.  The Debtors are authorized to continue to operate their business and

manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code.

2.      A comprehensive description of the Debtors' businesses and operations,

capital structure and the events leading to the commencement of these chapter 11 cases can be

found in the declarations of (a) Kevin S. Crutchfield, Chief Executive Officer and Chairman of

the Board of Directors of ANR, and (b) Philip J. Cavatoni, Executive Vice President and Chief

Financial and Strategy Officer of ANR in support of the Debtors' "first day" pleadings (together,

the "First Day Declarations"), which were filed contemporaneously herewith and which were

incorporated by reference.

**Jurisdiction**

3.      This Court has subject matter jurisdiction to consider this matter pursuant

to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper

before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

4.      Pursuant to sections 342 and 521(a) of the Bankruptcy Code,

Rules 2002(a) and (f) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules")

and Rules 1007-1 and 2002-1 of the Local Bankruptcy Rules for the United States Bankruptcy

Court for the Eastern District of Virginia (the "Local Bankruptcy Rules"), the Debtors hereby

seek the entry of an order substantially in the form attached hereto as Exhibit B:  (a) waiving the

requirement that each Debtor submit a formatted mailing matrix, pursuant to section 521(a)(1) of

the Bankruptcy Code, Bankruptcy Rule 1007(a)(1) and Local Bankruptcy Rule 1007-1(H)(1)

(together, the "Notice Rules"); (b) approving, pursuant to Local Bankruptcy Rule 2002-1(A), the form and manner of notice (the "Commencement Notice") of the commencement of these chapter 11 cases and of the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the "Section 341 Meeting"), substantially in the form attached hereto as Exhibit A; and (c) authorizing the Debtors to file a single consolidated list of the 50 largest unsecured creditors in these cases in lieu of filing over 100 separate lists of the 20 largest unsecured creditors of each Debtor pursuant to Bankruptcy Rule 1007(d).

## Basis for the Relief Requested

### *Request for Waiver of the Notice Rules*

5.    Pursuant to the Notice Rules, a chapter 11 petition must be accompanied by a list of creditors containing the name and address of each entity included or to be included on a debtor's schedules of liabilities (the "Creditor Matrix").[1]  Local Bankruptcy Rule 1007-1(H)(1) further states that debtors must submit this list of creditors either on a diskette in a computer readable format specified by the Office of the Clerk of the Court (the "Clerk") or via the Electronic Case Files System.  Exhibit 5 to the Local Bankruptcy Rules ("Exhibit 5") specifies the format in which debtors must submit mailing matrices.  Pursuant to Local Bankruptcy Rule 1007-1(H)(3), however, the Court may waive the requirement to submit creditor information on a diskette under certain circumstances.

---

[1]    Specifically, section 521(a)(1)(A) of the Bankruptcy Code provides that "[the debtor shall file] a list of creditors ...."  11 U.S.C. § 521(a)(1)(A).  Bankruptcy Rule 1007(a)(1) implements the requirement of section 521 of the Bankruptcy Code by requiring that a voluntary debtor "shall file with the petition a list containing the name and address of each entity included or to be included on Schedules D, E, F, G, and H as prescribed by the Official Forms."

6.    The Debtors comprise a large enterprise with approximately 65,000 creditors identified on the Creditor Matrix.  As such, the Debtors were not able to prepare their schedules of liabilities for filing on the Petition Date.[2]

7.    The Debtors have contemporaneously filed a motion, pursuant to 28 U.S.C. § 156(c), for an order authorizing the appointment of Kurtzman Carson Consultants, LLC ("KCC") as claims and noticing agent in these chapter 11 cases.[3]  The Debtors intend to furnish their Creditor Matrix to KCC so that KCC can undertake the mailing of the Commencement Notice to creditors, pursuant to section 342(a) of the Bankruptcy Code and Bankruptcy Rules 2002(a) and (f).[4]  Because KCC will use the Creditor Matrix to furnish those creditors with the Commencement Notice, and because it is contemplated that KCC will handle the major notices to be given to all creditors in these cases, the filing of the Creditor Matrix with this Court pursuant to the Notice Rules serves no practical purpose.  Accordingly, the Notice Rules should be waived in these chapter 11 cases.

***Request for Approval of the Form and Manner of the Commencement Notice***

8.    Pursuant to Local Bankruptcy Rule 2002-1(A), the Debtors additionally request authority for KCC to serve the Commencement Notice in the form attached hereto as Exhibit A, which is substantially in the form of Official Bankruptcy Form 9 (for chapter 11

---

[2]    Contemporaneously herewith, the Debtors have filed a motion for a 60-day extension of the time to file, among other things, their schedules of assets and liabilities.

[3]    28 U.S.C. § 156(c) authorizes the use of non-court services for noticing, providing that "[a]ny court may utilize … services, either on or off the court's premises, which pertain to the provision of notices … to parties in cases filed under the provisions of title 11 ….  The utilization of such … services shall be subject to such conditions and limitations as the pertinent circuit council may prescribe."  28 U.S.C. § 156(c).

[4]    Section 342 of the Bankruptcy Code provides that "[t]here shall be given such notice as is appropriate … of an order for relief in a case under this title."  11 U.S.C. § 342(a).  Bankruptcy Rule 2002(a) provides that "the clerk, or some other person as the court may direct, shall give … at least 21 days' notice by mail of: (1) the meeting of creditors under § 341 or § 1104(b) of the Code …."  Fed. R. Bankr. P. 2002(a). Bankruptcy Rule 2002(f) provides that "the clerk, or some other person as the court may direct, shall give ... notice by mail of:  (1) the order for relief …."  Fed. R. Bankr. P. 2002(f).

cases).[5]  The Debtors propose that the Commencement Notice be served by regular mail, postage

prepaid, on those entities entitled to receive such notice pursuant to Bankruptcy Rule 2002(a)

and Local Bankruptcy Rule 2002-1, and that such service occur no later than five business days

after the Debtors receive notice from the U.S. Trustee of the time and place of the Section 341

Meeting.  The Debtors hereby request that the Court approve the foregoing as providing

sufficient notice of the commencement of these chapter 11 cases and the Section 341 Meeting.

***Request for Authority to File a Single Consolidated List of Creditors***

9.      Pursuant to Bankruptcy Rule 1007(d) and Local Bankruptcy

Rule 1007-1(G), a chapter 11 debtor must file with its voluntary petition a list setting forth the

names, addresses, telephone numbers and claim amounts of those creditors, excluding insiders,

holding the 20 largest unsecured claims in the debtor's case (a "Top 20 List").  This Top 20 List

primarily is used by the U.S. Trustee to evaluate the types and amounts of unsecured claims

against the debtor and, thus, identify potential candidates to serve on any official committee of

unsecured creditors (the "Creditors' Committee") appointed in the chapter 11 case under

section 1102 of the Bankruptcy Code.  See In re Dandy Doughboy Donuts, Inc., 66 B.R. 457,

458 (Bankr. S.D. Fla. 1986) (stating that the purpose of the list is to facilitate the appointment of

an unsecured creditors committee); 9 Collier on Bankruptcy ¶ 1007.04 (Alan N. Resnick &

Henry J. Sommer eds., 16th ed.) (stating "the list enables the United States Trustee to determine

the different types of claims existing in order to assure that a fully representative committee is

appointed").

---

[5]      No bar date for the filing of proofs of claim in these cases has been established.  Accordingly, the
Commencement Notice will not include a notice of the bar date.  The Debtors will seek Court approval of a
notice of bar date at an appropriate juncture in these chapter 11 cases.

10.     Given the affiliated nature of the Debtors and the fact that they share a number of creditors in common, the Debtors believe that filing a list of their creditors holding the 50 largest unsecured claims on a consolidated basis (the "Consolidated Top 50 List") would facilitate the U.S. Trustee's review of creditors' claims and its appointment of a single Creditors' Committee in these cases.  Under these circumstances, the exercise of satisfying the literal requirements of Bankruptcy Rule 1007(d) and Local Bankruptcy Rule 1007-1(G) would serve only to frustrate its intended purpose.

11.     Considering the inconvenience to the U.S. Trustee by the Debtors' filing of over 100 separate but generally similar Top 20 Lists, and the absence of any corresponding benefit, the Debtors request authority to file the Consolidated Top 50 List in lieu of filing separate Top 20 Lists for each Debtor.  The Debtors believe that such relief is appropriate under the circumstances for the efficient and orderly administration of these cases.

12.     Relief similar to that requested in this Motion has been granted in chapter 11 cases in this District and elsewhere.  See, e.g., In re Health Diagnostic Lab., Inc., No. 15-32919 (KRH) (Bankr. E.D. Va. June 9, 2015) (Docket No. 37) (authorizing the debtors to file a consolidated list of top 30 creditors); In re Patriot Coal Corp., No. 15-32450 (KLP) (Bankr. E.D. Va. May 14, 2015) (Docket No. 85) (same); In re James River Coal Co., No. 14-31848 (KRH) (Bankr. E.D. Va. Apr. 9, 2014) (Docket No. 57) (same); In re AMF Bowling Worldwide, Inc., No. 12-36495 (KRH) (Bankr. E.D. Va. Nov. 14, 2012) (Docket No. 62) (same); In re Movie Gallery, Inc., No. 10-30696 (DOT) (Bankr. E.D. Va. Feb. 8, 2010) (Docket No. 116) (same); In re Workflow Mgmt., Inc., No. 10-74617 (SCS) (Bankr. E.D. Va. Oct. 8, 2010) (Docket No. 102) (same); In re Circuit City Stores Inc.,

No. 08-35653 (KRH) (Bankr. E.D. Va. Nov. 12, 2008) (authorizing a consolidated list of top 50 creditors).[6]

### Waiver of Separate Memorandum of Points and Authorities

13.    The Debtors respectfully request that the Court regard any argument and citations set forth herein as a written memorandum of facts, reasons and authorities that has been combined with the relief requested herein, as permitted by Local Bankruptcy Rule 9013-1(G)(1). Alternatively, the Debtors respectfully request that the Court waive any requirement set forth in Local Bankruptcy Rule 9013-1(G)(1) that this Motion be accompanied by such a written memorandum.

### Notice

14.    Notice of this Motion has been given to:  (a) the Office of the United States Trustee for the Eastern District of Virginia; (b) Davis Polk & Wardwell LLP and McGuireWoods LLP, as co-counsel to Citibank, N.A., as administrative and collateral agent under the Debtors' proposed postpetition secured credit facility, and Citicorp North America, Inc., as administrative and collateral agent under the Debtors' prepetition secured credit facility; (c) Kirkland & Ellis LLP, as counsel to the Second Lien Noteholder Group; (d) the indenture trustees for the Debtors' secured and unsecured notes (and counsel, where known); (e) counsel to General Electric Credit Corporation, as administrative agent under the Debtors' prepetition secured accounts receivable facility; (f) the creditors holding the 50 largest unsecured claims against the Debtors' estates on a consolidated basis; (g) the United Mine Workers of America; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002 as of the time of

---

[6]    The unreported orders listed in the text above are not attached to this Motion.  Copies of these orders will be made available to the Court and other parties upon request made to counsel to the Debtors.

service.  In light of the nature of the relief requested, the Debtors submit that no further notice is necessary.

**<u>No Prior Request</u>**

15.    No prior request for the relief sought in this Motion has been made to this or any other Court in connection with these chapter 11 cases.

WHEREFORE, the Debtors respectfully request that the Court:  (i) enter an order substantially in the form attached hereto as Exhibit B, granting the relief requested herein; and (ii) grant such other and further relief to the Debtors as the Court may deem proper.

Dated:  August 3, 2015                                    Respectfully submitted,
       Richmond, Virginia

    /s/    Henry P. (Toby) Long, III
Tyler P. Brown (VSB No. 28072)
J.R. Smith (VSB No. 41913)
Henry P. (Toby) Long, III (VSB No. 75134)
Justin F. Paget (VSB No. 77949)
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone:  (804) 788-8200
Facsimile:   (804) 788-8218

David G. Heiman (*pro hac vice* pending)
Carl E. Black (*pro hac vice* pending)
Thomas A. Wilson (*pro hac vice* pending)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212

PROPOSED ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

## <u>EXHIBIT A</u>

**Proposed Commencement Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| Alpha Natural Resources, Inc., <u>et al.</u>, | Case No. 15-_____ (___) |
| Debtors. | (Joint Administration Requested) |

**NOTICE OF COMMENCEMENT OF
<u>CHAPTER 11 CASES AND MEETING OF CREDITORS</u>**

<u>**Commencement of Chapter 11 Cases**</u>.  On August 3, 2015, the above captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "<u>Court</u>").  Each Debtor, its federal tax identification number and its corresponding chapter 11 case number is listed below.

Chapter 11 allows a debtor to reorganize or liquidate pursuant to a plan.  A plan is not effective unless confirmed by the Court.  You may be sent a copy of a plan and a disclosure statement telling you about the plan, and you might have the opportunity to vote on the plan.  You will be sent notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing.  Unless a trustee is serving, the Debtors will remain in possession of the Debtors' property and may continue to operate any business.

<u>**Joint Administration of Cases**</u>.  Upon a motion by the Debtors, the Court entered an order on August 3, 2015 [Docket No. __] authorizing joint administration of the above-captioned cases pursuant to Rule 1015 of the Federal Rules of Bankruptcy Procedures (the "<u>Bankruptcy Rules</u>") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Eastern District of Virginia (the "<u>Local Bankruptcy Rules</u>"), consolidating the cases for procedural purposes only under Case No. 15-[_____] and directing that the joint caption of the cases read In re Alpha Natural Resources, Inc., <u>et al</u>.

<u>**Attorneys for Debtors**</u>.  The attorneys representing the Debtors are David G. Heiman, Carl E. Black and Thomas A. Wilson, Jones Day, North Point, 901 Lakeside Avenue, Cleveland, Ohio 44114, Telephone:  (216) 586-3939, Facsimile:  (216) 579-0212, and Tyler P. Brown, J.R. Smith, Henry P. (Toby) Long, III and Justin F. Paget, Hunton & Williams LLP, Riverfront Plaza, East Tower, 951 East Byrd Street, Richmond, Virginia 23219, Telephone:  (804) 788-8200; Facsimile:  (804) 788-8218.

**Meeting of Creditors**.  Pursuant to section 341 of the Bankruptcy Code, the Office of the United States Trustee for the Eastern District of Virginia (the "U.S. Trustee") has scheduled a meeting of creditors **on _____ ___, 2015, at ____:____ _.m. (prevailing Eastern Time)**, at the Office of the U.S. Trustee, 701 East Broad Street, Suite 4300, Richmond, Virginia  23219.  The Debtors' representatives must be present at the meeting to be examined under oath by the U.S. Trustee and by creditors.  Creditors are welcome to attend the meeting but are not required to do so.  The meeting may be continued and concluded at a later date specified in a notice filed with the Court.

**Creditors Generally May Not Take Certain Actions**.  In most instances, the filing of the bankruptcy cases automatically stays certain collection and other actions against the Debtors and the Debtors' property.  Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the Debtors can request the court to extend or impose a stay.  Prohibited actions are listed in section 362(a) of the Bankruptcy Code and common examples include: (a) contacting the Debtors by telephone, mail or otherwise to demand repayment; (b) taking actions to collect money or obtain property from the Debtors; (c) starting or continuing lawsuits against the Debtors; and (d) repossessing the Debtors' property.  See 11 U.S.C. § 362(a).  If unauthorized actions are taken by a creditor against the Debtors, the Court may penalize that creditor.  A creditor who is considering taking action against the Debtors or their property should review, among other things, section 362(a) of the Bankruptcy Code and seek legal advice.

**Notice of Bar Dates for Proofs of Claim**.  No bar date has yet been established for the filing of Proofs of Claim.  If and when a bar date is established, a separate notice of the bar date (the "Bar Date Notice") will be provided.  The Bar Date Notice will contain information regarding the bar dates, a Proof of Claim form and instructions for completing and filing a Proof of Claim form.

**Claims**.  A Proof of Claim is a signed statement describing a creditor's claim.  If a Proof of Claim form is not included with this Notice, you can obtain one at any United States Bankruptcy Court Clerk of Court's office or online at www.vaeb.uscourts.gov.  You may look at the schedules that have been, or will be, filed at the Clerk of Court's office or online at www.kccllc.net/alpharestructuring.  If your claim is scheduled and is not listed as disputed, contingent or unliquidated, it will be allowed in the amount scheduled unless you filed a Proof of Claim or you are sent further notice about the claim.  Whether or not your claim is scheduled, you are permitted to file a Proof of Claim.  If your claim is not listed at all or if your claim is listed as disputed, contingent or unliquidated, then you must file Proofs of Claim or you might not be paid any money on your claim and may be unable to vote on a plan.  **The Bankruptcy Court has not yet set a deadline to file Proofs of Claim.  If a deadline is set, you will be sent another notice.**  A secured creditor retains rights in its collateral regardless of whether that creditor files a Proof of Claim.  Filing a Proof of Claim may submit the creditor to the jurisdiction of the Bankruptcy Court, with consequences a lawyer can explain.  For example, a secured creditor who files a Proof of Claim may surrender important nonmonetary rights, including the right to a jury trial.  **Do not include this notice with any filing you make with the Court.**

**Filing Deadline for a Creditor with a Foreign Address**.  The deadline for filing claims will be set in a later Court order and will apply to all creditors unless the order provides otherwise.

If notice of the order setting the deadline is sent to a creditor at a foreign address, the creditor may file a motion requesting the Court to extend the deadline. There is no assurance that such a motion would be granted. Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in these cases.

**Case Management and Administrative Procedures**. On **[_____ __], 2015**, the Court entered the **[*Order Establishing Certain Notice, Case Management and Administrative Procedures*]** [Docket No. ____] (the "Case Management Order"). All parties who desire to participate in these cases must follow the procedures set forth therein. The Case Management Order provides, among other things, that, except as set forth in the procedures approved by the Case Management Order, notice of proceedings in the chapter 11 cases need only be sent via electronic mail to the parties on the established service list. Any party in interest that desires to receive electronic mail notice in the chapter 11 cases and, consequently, be added to the service list, shall file with the Court a notice of appearance and request for service and shall serve such request on Jones Day, North Point, 901 Lakeside Avenue, Cleveland, Ohio 44114, Attn: Carl E. Black and Thomas A. Wilson, and Hunton & Williams LLP, Riverfront Plaza, East Tower, 951 East Byrd Street, Richmond, Virginia 23219, Attn.: Tyler P. Brown. All creditors will receive notice of certain proceedings, including, but not limited to, bar dates (unless applicable to a limited population of creditors), the time fixed for filing objections to and any hearing to consider a disclosure statement and/or confirmation of a chapter 11 plan and dismissal or conversion of the chapter 11 cases to another chapter of the Bankruptcy Code. A copy of the procedures approved by the Case Management Order is available from the sources described below.

**Discharge of Debts and Deadline to File a Complaint to Determine Dischargeability of Certain Debts**. Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See section 1141(d) of the Bankruptcy Code. A discharge means that you may never try to collect the debt from the Debtors, except as provided in the plan. If you believe that a debt owed to you is not dischargeable under section 1141(d)(6)(A) of the Bankruptcy Code, you must start a lawsuit by filing a complaint in the Court by **[_____ __], 2015**. The Clerk of Court's Office must receive the complaint and any required filing fee by such deadline.

**How to Obtain Documents**. Electronic copies of all pleadings or other documents filed in these cases may be obtained for $0.10 per page or $2.40 per document via PACER on the Court's web site at http://ecf.vaeb.uscourts.gov. Paper copies of all pleadings or other documents filed in these cases may be obtained by sending a written request to the Debtors' claims and noticing agent Kurtzman Carson Consultants, LLC ("KCC") at Alpha Natural Resources Claims Processing Center, c/o KCC, 2335 Alaska Avenue, El Segundo, CA 90245, or by contacting KCC by telephone at (888) 249-2703 (toll free in the U.S. and Canada) or (310) 751-2602 (for international callers). Additionally, free electronic copies of certain pleadings or other documents filed in these cases will be posted on KCC's web site at http://www.kccllc.net/alpharestructuring as soon as possible after filing.

**Court Filings**. Any paper that you file in these bankruptcy cases should be filed at the Clerk of Court's office at the U.S. Bankruptcy Court, Office of the Clerk of Court, 701 East Broad Street,

Suite 4000, Richmond, VA 23219.  In addition, these cases have been designated as cases assigned to the electronic case filing system and can be accessed via the Court's web site at http://www.vaeb.uscourts.gov or http://ecf.vaeb.uscourts.gov.

**Local Bankruptcy Rule Dismissal Warning**.  Chapter 11 cases may be dismissed for failure to timely file lists, schedules and statements.  See Local Bankruptcy Rule 1007-1.

**Legal Advice**.  **Neither the Debtors' counsel, KCC nor the staff of the Clerk of Court's Office can give you legal advice.  You may wish to consult an attorney to protect your rights.**

**List of Debtors**.

| Debtor's Name | Debtor's EIN Number | Case Number |
|---|---|---|
| Alpha Natural Resources, Inc. | 42-1638663 | 15-[     ] |
| Alex Energy, Inc. | 55-0755384 | 15-[     ] |
| Alpha American Coal Company, LLC | 54-1947356 | 15-[     ] |
| Alpha American Coal Holding, LLC | 13-2793319 | 15-[     ] |
| Alpha Appalachia Holdings, Inc. | 95-0740960 | 15-[     ] |
| Alpha Appalachia Services, Inc. | 54-1095096 | 15-[     ] |
| Alpha Coal Resources Company, LLC | 84-1341308 | 15-[     ] |
| Alpha Coal Sales Co., LLC | 16-1641207 | 15-[     ] |
| Alpha Coal West, Inc. | 35-1867616 | 15-[     ] |
| Alpha European Sales, Inc. | 54-1834161 | 15-[     ] |
| Alpha India, LLC | 27-4593320 | 15-[     ] |
| Alpha Land and Reserves, LLC | 57-1136960 | 15-[     ] |
| Alpha Midwest Holding Company | 84-1456626 | 15-[     ] |
| Alpha Natural Resources, LLC | 56-2298262 | 15-[     ] |
| Alpha Natural Resources International, LLC | 27-4592266 | 15-[     ] |
| Alpha Natural Resources Services, LLC | 27-0075099 | 15-[     ] |
| Alpha PA Coal Terminal, LLC | 26-1102515 | 15-[     ] |
| Alpha Shipping and Chartering, LLC | 41-2136215 | 15-[     ] |
| Alpha Sub Eight, LLC | 47-3587689 | 15-[     ] |
| Alpha Sub Eleven, Inc. | 47-3640130 | 15-[     ] |
| Alpha Sub Nine, LLC | 47-3601607 | 15-[     ] |
| Alpha Sub One, LLC | 27-4592410 | 15-[     ] |
| Alpha Sub Ten, Inc. | 47-3626036 | 15-[     ] |
| Alpha Sub Two, LLC | 27-4592527 | 15-[     ] |
| Alpha Terminal Company, LLC | 55-0802473 | 15-[     ] |
| Alpha Wyoming Land Company, LLC | 35-1661756 | 15-[     ] |
| AMFIRE, LLC | 51-0430939 | 15-[     ] |
| AMFIRE Holdings, LLC | 11-3673814 | 15-[     ] |
| AMFIRE Mining Company, LLC | 11-3673833 | 15-[     ] |
| Appalachia Coal Sales Company, Inc. | 54-1188775 | 15-[     ] |
| Appalachia Holding Company | 54-0295165 | 15-[     ] |
| Aracoma Coal Company, Inc. | 52-1669141 | 15-[     ] |
| Axiom Excavating and Grading Services, LLC | 20-8109122 | 15-[     ] |
| Bandmill Coal Corporation | 55-0758310 | 15-[     ] |
| Bandytown Coal Company | 55-0751776 | 15-[     ] |
| Barbara Holdings Inc. | 25-1292326 | 15-[     ] |
| Barnabus Land Company | 55-0728645 | 15-[     ] |
| Belfry Coal Corporation | 61-0415137 | 15-[     ] |
| Big Bear Mining Company | 22-2138933 | 15-[     ] |
| Black Castle Mining Company, Inc. | 52-1891104 | 15-[     ] |
| Black King Mine Development Co. | 54-1188659 | 15-[     ] |
| Black Mountain Cumberland Resources, Inc. | 27-2323540 | 15-[     ] |

| Debtor's Name | Debtor's EIN Number | Case Number |
|---|---|---|
| Boone East Development Co. | 55-0717715 | 15-[      ] |
| Brooks Run Mining Company, LLC | 52-2070922 | 15-[      ] |
| Coal Gas Recovery II, LLC | 46-2855899 | 15-[      ] |
| Pennsylvania Land Resources, LLC | 46-2854684 | 15-[      ] |
| Brooks Run South Mining, LLC | 26-0342580 | 15-[      ] |
| Buchanan Energy Company, LLC | 54-0983234 | 15-[      ] |
| Castle Gate Holding Company | 84-1456620 | 15-[      ] |
| Clear Fork Coal Company | 55-0757300 | 15-[      ] |
| Crystal Fuels Company | 55-0732366 | 15-[      ] |
| Cumberland Coal Resources, LP | 84-1521723 | 15-[      ] |
| Dehue Coal Company | 55-0619956 | 15-[      ] |
| Delbarton Mining Company | 55-0764304 | 15-[      ] |
| Delta Mine Holding Company | 91-1897558 | 15-[      ] |
| DFDSTE Corp. | 84-1199429 | 15-[      ] |
| Dickenson-Russell Coal Company, LLC | 54-2079085 | 15-[      ] |
| Dickenson-Russell Land and Reserves, LLC | 20-4278709 | 15-[      ] |
| DRIH Corporation | 54-1497754 | 15-[      ] |
| Duchess Coal Company | 54-1725084 | 15-[      ] |
| Eagle Energy, Inc. | 55-0751738 | 15-[      ] |
| Elk Run Coal Company, Inc. | 54-1097978 | 15-[      ] |
| Emerald Coal Resources, LP | 84-1521724 | 15-[      ] |
| Enterprise Mining Company, LLC | 38-3671602 | 15-[      ] |
| Esperanza Coal Co., LLC | 06-1652549 | 15-[      ] |
| Foundation Mining, LLC | 20-3378168 | 15-[      ] |
| Foundation PA Coal Company, LLC | 84-1521726 | 15-[      ] |
| Foundation Royalty Company | 84-1456627 | 15-[      ] |
| Freeport Mining, LLC | 84-1521725 | 15-[      ] |
| Freeport Resources Company, LLC | 84-1230391 | 15-[      ] |
| Goals Coal Company | 55-0737462 | 15-[      ] |
| Gray Hawk Insurance Company | 26-0483222 | 15-[      ] |
| Green Valley Coal Company | 55-0747007 | 15-[      ] |
| Greyeagle Coal Company | 55-0771551 | 15-[      ] |
| Harlan Reclamation Services LLC | 54-1914510 | 15-[      ] |
| Herndon Processing Company, LLC | 51-0442749 | 15-[      ] |
| Highland Mining Company | 55-0757301 | 15-[      ] |
| Hopkins Creek Coal Company | 54-1136806 | 15-[      ] |
| Independence Coal Company, Inc. | 54-1188773 | 15-[      ] |
| Jacks Branch Coal Company | 55-0734230 | 15-[      ] |
| Jay Creek Holding, LLC | 27-4593143 | 15-[      ] |
| Kanawha Energy Company | 55-0765391 | 15-[      ] |
| Kepler Processing Company, LLC | 51-0442560 | 15-[      ] |
| Kingston Mining, Inc. | 31-1562659 | 15-[      ] |
| Kingwood Mining Company, LLC | 57-1148058 | 15-[      ] |
| Knox Creek Coal Corporation | 54-1393689 | 15-[      ] |
| Lauren Land Company | 61-1209098 | 15-[      ] |
| Laxare, Inc. | 55-0486813 | 15-[      ] |
| Litwar Processing Company, LLC | 51-0442687 | 15-[      ] |
| Logan County Mine Services, Inc. | 31-1708085 | 15-[      ] |
| Long Fork Coal Company | 54-1605009 | 15-[      ] |
| Lynn Branch Coal Company, Inc. | 54-1537451 | 15-[      ] |
| Maple Meadow Mining Company | 55-0529664 | 15-[      ] |
| Marfork Coal Company, Inc. | 55-0723539 | 15-[      ] |
| Martin County Coal Corporation | 61-0702852 | 15-[      ] |
| Maxxim Rebuild Co., LLC | 01-0749355 | 15-[      ] |
| Maxxim Shared Services, LLC | 55-0814342 | 15-[      ] |
| Maxxim Carbon Resources, LLC | 55-0802477 | 15-[      ] |
| McDowell-Wyoming Coal Company, LLC | 54-2079104 | 15-[      ] |
| Mill Branch Coal Corporation | 54-1817506 | 15-[      ] |

| Debtor's Name | Debtor's EIN Number | Case Number |
|---|---|---|
| New Ridge Mining Company | 61-1218677 | 15-[      ] |
| New River Energy Corporation | 54-1225713 | 15-[      ] |
| Neweagle Industries, Inc. | 54-1695751 | 15-[      ] |
| Nicewonder Contracting, Inc. | 20-0388143 | 15-[      ] |
| North Fork Coal Corporation | 54-1679027 | 15-[      ] |
| Omar Mining Company | 55-0385010 | 15-[      ] |
| Paramont Coal Company Virginia, LLC | 56-2298367 | 15-[      ] |
| Paynter Branch Mining, Inc. | 55-0746860 | 15-[      ] |
| Peerless Eagle Coal Co. | 55-0451306 | 15-[      ] |
| Pennsylvania Land Holdings Company, LLC | 84-1452626 | 15-[      ] |
| Pennsylvania Land Resources Holding Company, LLC | 46-2855640 | 15-[      ] |
| Pennsylvania Services Corporation | 93-1162601 | 15-[      ] |
| Performance Coal Company | 55-0736927 | 15-[      ] |
| Peter Cave Mining Company | 61-1360315 | 15-[      ] |
| Pigeon Creek Processing Corporation | 54-1900369 | 15-[      ] |
| Pilgrim Mining Company, Inc. | 61-1246461 | 15-[      ] |
| Pioneer Fuel Corporation | 55-0545211 | 15-[      ] |
| Plateau Mining Corporation | 95-3761213 | 15-[      ] |
| Power Mountain Coal Company | 31-1567082 | 15-[      ] |
| Premium Energy, LLC | 20-3562770 | 15-[      ] |
| Rawl Sales & Processing Co. | 55-0476477 | 15-[      ] |
| Republic Energy, Inc. | 55-0741015 | 15-[      ] |
| Resource Development LLC | 54-1882316 | 15-[      ] |
| Resource Land Company LLC | 54-1912100 | 15-[      ] |
| River Processing Corporation | 84-1199433 | 15-[      ] |
| Riverside Energy Company, LLC | 51-0442691 | 15-[      ] |
| Riverton Coal Production Inc. | 55-0739658 | 15-[      ] |
| Road Fork Development Company, Inc. | 54-1293743 | 15-[      ] |
| Robinson-Phillips Coal Company | 55-0386264 | 15-[      ] |
| Rockspring Development, Inc. | 31-1241956 | 15-[      ] |
| Rostraver Energy Company | 25-1418256 | 15-[      ] |
| Rum Creek Coal Sales, Inc. | 31-1181801 | 15-[      ] |
| Russell Fork Coal Company | 61-0394431 | 15-[      ] |
| Shannon-Pocahontas Coal Corporation | 54-1132767 | 15-[      ] |
| Shannon-Pocahontas Mining Company | 55-0613879 | 15-[      ] |
| Sidney Coal Company, Inc. | 54-1293752 | 15-[      ] |
| Spartan Mining Company | 31-1571923 | 15-[      ] |
| Stirrat Coal Company | 55-0728501 | 15-[      ] |
| Sycamore Fuels, Inc. | 54-1527013 | 15-[      ] |
| T. C. H. Coal Co. | 61-0723123 | 15-[      ] |
| Tennessee Consolidated Coal Company | 62-6029380 | 15-[      ] |
| Thunder Mining Company II, Inc. | 55-0770782 | 15-[      ] |
| Trace Creek Coal Company | 25-1418260 | 15-[      ] |
| Twin Star Mining, Inc. | 31-1265426 | 15-[      ] |
| Wabash Mine Holding Company | 91-1897559 | 15-[      ] |
| Warrick Holding Company | 91-1897557 | 15-[      ] |
| West Kentucky Energy Company | 27-0516756 | 15-[      ] |
| White Buck Coal Company | 55-0747028 | 15-[      ] |
| Williams Mountain Coal Company | 55-0729825 | 15-[      ] |
| Wyomac Coal Company, Inc. | 55-0574144 | 15-[      ] |

Dated:  August **[__]**, 2015

Clerk of the United States Bankruptcy Court
For the Eastern District of Virginia
701 East Broad Street, Suite 4000
Richmond, Virginia  23219

**<u>EXHIBIT B</u>**

**Proposed Order**

JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
David G. Heiman (*pro hac vice* pending)
Carl E. Black (*pro hac vice* pending)
Thomas A. Wilson (*pro hac vice* pending)

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia  23219
Telephone:  (804) 788-8200
Facsimile:  (804) 788-8218
Tyler P. Brown (VSB No. 28072)
J.R. Smith (VSB No. 41913)
Henry P. (Toby) Long, III (VSB No. 75134)
Justin F. Paget (VSB No. 77949)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Alpha Natural Resources, Inc., <u>et al.</u>, | Case No. 15-_____ (___) |
| Debtors. | (Joint Administration Requested) |

## ORDER, PURSUANT TO SECTIONS 342 AND 521(a) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 1007(a), 2002(a) AND 2002(f) AND LOCAL BANKRUPTCY RULES 1007-1 AND 2002-1, (A) WAIVING THE REQUIREMENT THAT EACH DEBTOR FILE A LIST OF CREDITORS, (B) APPROVING THE FORM AND MANNER OF NOTICE OF THE COMMENCEMENT OF THE DEBTORS' CHAPTER 11 CASES AND (C) AUTHORIZING THE FILING OF A CONSOLIDATED LIST OF TOP 50 UNSECURED CREDITORS

This matter coming before the Court on the Motion of Debtors and Debtors in

Possession, Pursuant to Sections 342 and 521(a) of the Bankruptcy Code, Bankruptcy

Rules 1007(a), 2002(a) and 2002(f) and Local Bankruptcy Rules 1007-1 and 2002-1, for an

Order (A) Waiving the Requirement that Each Debtor Submit a Formatted Mailing Matrix,

(B) Approving the Form and Manner of Notice of the Commencement of the Debtors'

Chapter 11 Cases and (C) Authorizing the Filing of a Consolidated List of Top 50 Unsecured

Creditors (the "Motion"),[1] filed by the debtors and debtors in possession in the above-captioned

cases (collectively, the "Debtors"); the Court having reviewed the Motion and the First Day

Declarations and having considered the statements of counsel with respect to the Motion at a

hearing before the Court (the "Hearing"); and the Court having found that (i) the Court has

jurisdiction over this matter pursuant to 28 U.S.C. § 1334, (ii) this is a core proceeding pursuant

to 28 U.S.C. § 157(b), (iii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and

1409 and (iv) notice of the Motion and the Hearing was sufficient under the circumstances; and

the Court having determined that the legal and factual bases set forth in the Motion and the First

Day Declarations and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      The requirement that the Debtors file a Creditor Matrix with the Court on

the Petition Date pursuant to the Notice Rules is hereby waived.

3.      The Debtors shall furnish KCC with the Creditor Matrix as soon as

possible upon the Court's authorization of the Debtors' engagement of KCC as claims and

noticing agent in these chapter 11 cases.

4.      The form of the Commencement Notice attached to the Motion as

Exhibit A is hereby approved.

5.      KCC is authorized and directed to serve the Commencement Notice,

substantially in the form attached to the Motion as Exhibit A, no later than five business days

after the Debtors receive written notice from the U.S. Trustee of the time and place of the

Section 341 Meeting.  KCC shall serve the Commencement Notice by regular mail, postage

---

[1]      Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

prepaid, on those entities entitled to receive the Commencement Notice pursuant to Bankruptcy

Rule 2002(a) and Local Bankruptcy Rule 2002-1.  Service of the Commencement Notice in

accordance with this paragraph is approved in all respects and is deemed sufficient notice to all

parties in interest of the commencement of these chapter 11 cases and the Section 341 Meeting

under the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules.

      6.    The Debtors are authorized to file a Consolidated Top 50 List in these

chapter 11 cases, in lieu of filing a separate Top 20 List for each of the Debtors' respective cases.

      7.    The requirement under Local Bankruptcy Rule 9013-1(G) to file a

memorandum of law in connection with the Motion is hereby waived to the extent necessary.

      8.    The Debtors are authorized and empowered to take all actions necessary to

implement the relief granted in this Order.

      9.    This Court shall retain exclusive jurisdiction over any and all matters

arising from or related to the implementation or interpretation of this Order.


Dated: _____, 2015        _____
      Richmond, Virginia          UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Respectfully submitted,

   /s/  Henry P. (Toby) Long, III
Tyler P. Brown (VSB No. 28072)
J.R. Smith (VSB No. 41913)
Henry P. (Toby) Long, III (VSB No. 75134)
Justin F. Paget (VSB No. 77949)
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone:  (804) 788-8200
Facsimile:   (804) 788-8218

David G. Heiman (*pro hac vice* pending)
Carl E. Black (*pro hac vice* pending)
Thomas A. Wilson (*pro hac vice* pending)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

## CERTIFICATION OF ENDORSEMENT
## UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

   /s/  Henry P. (Toby) Long, III