| | |
|---|---|
| JONES DAY<br>North Point<br>901 Lakeside Avenue<br>Cleveland, Ohio  44114<br>Telephone:  (216) 586-3939<br>Facsimile:  (216) 579-0212<br>David G. Heiman (*pro hac vice* pending)<br>Carl E. Black (*pro hac vice* pending)<br>Thomas A. Wilson (*pro hac vice* pending) | HUNTON & WILLIAMS LLP<br>Riverfront Plaza, East Tower<br>951 East Byrd Street<br>Richmond, Virginia  23219<br>Telephone:  (804) 788-8200<br>Facsimile:  (804) 788-8218<br>Tyler P. Brown (VSB No. 28072)<br>J.R. Smith (VSB No. 41913)<br>Henry P. (Toby) Long, III (VSB No. 75134)<br>Justin F. Paget (VSB No. 77949) |

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re:<br><br>Alpha Natural Resources, Inc., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 15-_____ (___)<br><br>(Joint Administration Requested) |

**MOTION OF THE DEBTORS, PURSUANT TO**
**SECTIONS 105(a), 362 AND 546(c) OF THE BANKRUPTCY CODE AND**
**BANKRUPTCY RULE 9019(b), FOR AN ORDER ESTABLISHING PROCEDURES**
**FOR RESOLVING RECLAMATION CLAIMS ASSERTED AGAINST THE DEBTORS**

Alpha Natural Resources, Inc. ("ANR") and certain of its direct and indirect subsidiaries, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent as follows:

**Background**

1. On the date hereof (the "Petition Date"), the Debtors commenced their reorganization cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  By a motion filed on the Petition Date, the

Debtors have requested that their chapter 11 cases be consolidated for procedural purposes only and administered jointly.

2. The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. A comprehensive description of the Debtors' businesses and operations, capital structure and the events leading to the commencement of these chapter 11 cases can be found in the declarations of (a) Kevin S. Crutchfield, Chief Executive Officer and Chairman of the Board of Directors of ANR, and (b) Philip J. Cavatoni, Executive Vice President and Chief Financial and Strategy Officer of ANR in support of the Debtors' "first day" pleadings (together, the "First Day Declarations"), which were filed contemporaneously herewith and which are incorporated by reference.

## Jurisdiction

4. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

5. Pursuant to sections 105(a), 362 and 546(c) of the Bankruptcy Code and Rule 9019(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Debtors hereby seek the entry of an order:  (a) establishing procedures for resolving reclamation claims asserted against them; and (b) granting certain related relief, as more fully described below.

**Basis for Relief Requested**

6.      Prior to the Petition Date and in the ordinary course of their business, the Debtors purchased, on credit, a wide variety of products used in their business operations (collectively, the "Goods").  As of the Petition Date, the Debtors were in possession of Goods that had been delivered to them, but for which they had not yet been invoiced by, or made payment to, the suppliers of such Goods.  As a result of the commencement of these bankruptcy cases, the Debtors expect to receive numerous written reclamation demands from various vendors or other parties (collectively, the "Sellers") with respect to the Goods under section 2-702 of the relevant state's version of the Uniform Commercial Code.  The Debtors also anticipate that a number of Sellers, after becoming aware of the commencement of these chapter 11 cases, might attempt to interfere with the delivery of Goods to the Debtors, or even attempt to forcibly repossess delivered Goods from the Debtors.

7.      Upon the commencement of a chapter 11 case, reclamation rights are governed by section 546(c) of the Bankruptcy Code.  Section 546(c) provides that a seller who sold goods to a debtor, in the ordinary course of the seller's business, within 45 days before the petition date, may assert reclamation rights if:  (a) the debtor received the goods while insolvent; and (b) the seller makes a reclamation demand in writing (i) before 45 days after receipt of the goods by the debtor or (ii) if the 45-day period expires after the petition date, not later than 20 days after the petition date.  See 11 U.S.C. § 546(c).[1]

---

[1]  Any seller that fails to provide notice in the manner described in section 546(c) "still may assert" an administrative priority claim pursuant to section 503(b)(9) of the Bankruptcy Code for goods delivered to the debtor within 20 days before the petition date in the ordinary course of the debtor's business.  See 11 U.S.C. §§ 503(b)(9), 546(c)(2).  The Debtors are proposing, by a separate motion filed contemporaneously herewith, that parties desiring to assert prepetition administrative priority claims pursuant to section 503(b)(9) of the Bankruptcy Code do so through the proof of claim process.

       8.       Section 546(c) also specifies, however, that reclamation rights are "subject to the prior rights of a holder of a security interest in such goods or the proceeds thereof." 11 U.S.C. § 546(c)(1).  Indeed, it is well established in this jurisdiction, and others, that a lender or other creditor with a security interest in after-acquired property who acted in good faith and for value is a good faith purchaser to whose claim that of a reclaiming seller is subject. See In re Circuit City Stores, Inc., 441 B.R. 496, 508-09 (Bankr. E.D. Va. 2010) (explaining that "a seller's right to reclaim under subsection (2) of § 2-702 of the UCC is subject to the rights of a good faith purchaser.…  Consistent therewith, BAPCPA added additional language to § 546(c) confirming that reclamation rights in bankruptcy are 'subject to the prior rights of a holder of a security interest in such goods or the proceeds thereof.'"); In re Dana Corp., 367 B.R. 409, 419-21 (Bankr. S.D.N.Y. 2007) (holding that reclamation claims have value only to the extent the value of the subject goods exceeds the amount of any third party liens on such goods); Cargill Inc. v. Trico Steel Co. (In re Trico Steel Co.), 282 B.R. 318, 328 (Bankr. D. Del. 2002) (stating that a seller's ability to reclaim goods is subject to the rights of a good faith purchaser, e.g., a holder of a perfected floating lien on the subject goods); but see Phar-Mor, Inc. v. McKesson Corp., 534 F.3d 502, 506 (6th Cir. 2008) (holding that "a defrauded seller's right to reclaim his goods is superior to any right of attaching creditors, despite UCC 2-702's 'subject to' provision.").  "[A]fter the secured creditors' superior interests have been satisfied or released, the reclaiming seller retains a priority interest in any remaining goods, and in any surplus proceeds from the secured creditors' foreclosure sale.…  [W]here the value of the reclaiming seller's rights is worthless because of the secured lien, the reclamation request is not denied, but is of no value." In re Child World, 145 B.R. 5, 7 (Bankr. S.D.N.Y. 1992) (citations omitted).

9.  To avoid piecemeal litigation that would interfere with the Debtors' efforts to focus on pressing restructuring issues, the Debtors seek authority, pursuant to sections 105(a), 362 and 546(c) of the Bankruptcy Code, to establish exclusive procedures for the reconciliation and allowance of all asserted reclamation claims. If the Debtors are unable to establish and implement uniform procedures for addressing reclamation claims, the Debtors will face the prospect of simultaneously defending multiple reclamation proceedings or other enforcement efforts at a time when they need to focus on the transition to chapter 11 and restructuring initiatives related thereto.

10. Therefore, the Debtors seek entry of an order establishing the following procedures (the "Reclamation Procedures") for resolving all asserted reclamation claims in these cases (collectively, the "Reclamation Claims"):

(a) Any Seller asserting a Reclamation Claim must satisfy all procedural and timing requirements under applicable state and/or federal law and demonstrate that it has satisfied all legal elements entitling it to a right of reclamation.

(b) Any Seller asserting a Reclamation Claim must deliver a copy of its written reclamation demand, along with evidence of the date that the original demand was made, to: Alpha Natural Resources, Inc., Reclamation Demand Processing Department c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245. Upon receipt of any written reclamation demand, the Debtors will serve upon the Seller, at the address indicated in its reclamation demand, a copy of this Motion or, if this Motion has been granted, the order approving this Motion.

(c) After receipt of all timely reclamation demands and an opportunity to review such demands – including, without limitation, whether the demand is subordinate to the prior rights of a holder of a security interest in the applicable Goods or the proceeds thereof – but no later than 120 days after the Petition Date (the "Reclamation Notice Deadline"), the Debtors will file with the Court a Notice (a "Reclamation Notice") listing the Reclamation Claims and amount, if any, that the Debtors determine to be valid for each such Reclamation Claim, the means by which such amount was calculated and a description of any generally available defenses to

such claim. The Debtors will serve the Reclamation Notice on the following parties (collectively, the "Notice Parties"): (i) the United States Trustee for the Eastern District of Virginia (the "U.S. Trustee"); (ii) counsel to any official committee of unsecured creditors (the "Committee") appointed in these cases; (iii) Davis Polk & Wardwell LLP and McGuireWoods LLP, as co-counsel to Citibank, N.A., as administrative and collateral agent under the proposed postpetition credit facility, and Citicorp North America, Inc., as administrative and collateral agent under the Debtors' prepetition secured credit facility; (iv) Kirkland and Ellis LLP, as counsel to the Second Lien Noteholder Group; and (v) each Seller that is subject to the Reclamation Notice at the address indicated in its reclamation demand.

(d)  If the Debtors fail to file the Reclamation Notice within the required period of time, any holder of a Reclamation Claim may file an adversary proceeding or bring a motion on its own behalf to seek relief with respect to its Reclamation Claim, but may not file an adversary proceeding or bring any such motion until the expiration of the Reclamation Notice Deadline.

(e)  All Notice Parties or other parties in interest shall have the right and opportunity to object to the proposed allowance or disallowance of any asserted Reclamation Claim in the Reclamation Notice as set forth therein.

(f)  Any Reclamation Claim that is included in the Reclamation Notice and is not the subject of an objection that is filed with the Court within 20 days after service of the Reclamation Notice, shall be deemed a valid Reclamation Claim allowed by the Court in the amount and in the priority (if any) identified in the Reclamation Notice; provided, however, that all issues relating to the treatment of any such allowed Reclamation Claim shall be reserved.

(g)  Notwithstanding and without limiting the foregoing, the Debtors are authorized, but not required, to negotiate, in their sole discretion, with any Seller and to seek an agreement with any Seller to resolve its Reclamation Claim. If the Debtors and a Seller are able to agree on the validity, amount or treatment of the Seller's Reclamation Claim, the Debtors shall prepare a notice of settlement (a "Settlement Notice"), file it with the Court and serve such Settlement Notice on the Notice Parties. The Notice Parties shall have 14 days from the date of the Settlement Notice to file with the Court an objection thereto (a "Settlement Objection"). Settlement Objections must be served so as to be received by the Debtors, the Debtors' counsel and the Notice Parties within the 14-day objection period.

(h) If no Settlement Objection with respect to a Settlement Notice is timely filed and served, the Reclamation Claim at issue shall be allowed, disallowed or otherwise treated in accordance with the Settlement Notice without further order of the Court. If a Settlement Objection with respect to a Settlement Notice is timely filed and served, the parties may negotiate a consensual resolution of such objection to be incorporated in a stipulation filed with the Court (a "Settlement Stipulation"). Upon the filing of a Settlement Stipulation, the applicable Reclamation Claim shall be allowed and treated in accordance with the terms of the Settlement Stipulation without further order of the Court. If no consensual resolution of a Settlement Objection is reached within 30 days after the date of the Settlement Objection, any party in interest may notice the dispute for a hearing that provides at least 20 days' notice.

(i) Nothing in the Reclamation Procedures shall modify the automatic stay of section 362(a) of the Bankruptcy Code. As such, the Reclamation Procedures shall not alter in any way the procedures, standards and burden of proof applicable or required pursuant to section 362(a) of the Bankruptcy Code with respect to any attempt by a Seller to obtain possession of any of the Goods or otherwise to collect its Reclamation Claim. Without limiting the foregoing, no Seller shall be entitled to obtain possession of any Goods without first filing a motion with the Court for relief from the automatic stay or obtaining the prior express written consent of the Debtors. The Debtors and all other parties in interest reserve all rights to object to any such motion for relief from the automatic stay. Sellers shall be prohibited from seeking relief from the automatic stay with respect to any reclamation demand until the time a Reclamation Notice is filed by the Debtors with respect to such reclamation demand or the Reclamation Notice Deadline otherwise expires.

11. The Debtors propose that the foregoing Reclamation Procedures be the sole and exclusive method for the handling of Reclamation Claims asserted against the Debtors. As a result, except as provided above, the Debtors request that all Sellers be prohibited from seeking any other means for the resolution or treatment of their Reclamation Claims, including, without limitation: (a) commencing adversary proceedings against the Debtors in connection with any Reclamation Claims; (b) seeking to obtain possession of any Goods, except as permitted by the Reclamation Procedures; or (c) interfering with the delivery of any Goods to the

-7-

Debtors. Such relief is appropriate, as section 105(a) of the Bankruptcy Code provides that bankruptcy courts "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code, and section 362 of the Bankruptcy Code further prohibits creditors from undertaking impermissible collection activities on account of a debtor's prepetition obligations. See 11 U.S.C. §§ 105, 362.

12. Both the Debtors' operations and their ability to effectively administer these chapter 11 cases will be undermined if Sellers are allowed to exercise their reclamation rights without a uniform procedure that is fair to all parties. Further, the attention of the Debtors' management and operational personnel would be diverted from more pressing issues if the Reclamation Procedures are not approved and the Debtors instead are required to respond to and resolve each Reclamation Claim on an *ad hoc* basis, as numerous, individual adversary proceedings or contested matters are filed or as other actions are taken by the Sellers seeking to enforce their reclamation rights. Instead, the Reclamation Procedures will effectively and efficiently streamline the process of resolving the Reclamation Claims for the Debtors and the Sellers alike, without impacting the parties' substantive rights to pursue or contest the Reclamation Claims.

13. Therefore, the Debtors submit that establishing and implementing the Reclamation Procedures is necessary and appropriate pursuant to sections 105(a) and 362 of the Bankruptcy Code and Bankruptcy Rule 9019(b), and that the Reclamation Procedures are consistent with section 546(c) of the Bankruptcy Code. The Debtors believe that their ability to resolve Reclamation Claims in this uniform manner will assist in the consensual resolution of such claims and, ultimately, the maximization of value for the Debtors, their estates and their

creditors. Therefore, it is in the best interests of the Debtors and their respective estates and creditors to implement the Reclamation Procedures.

    14. Relief similar to that requested in this Motion relating to reclamation procedures has been granted in other chapter 11 cases in this District and elsewhere. See, e.g., In re Circuit City Stores, Inc., No. 08-35653 (Bankr. E.D. Va. Dec. 11, 2008) (establishing procedures for resolving reclamation demands); In re Patriot Coal Corp., No. 12-12900 (Bankr. S.D.N.Y. Aug. 2, 2012) (same); In re Hostess Brands, Inc., No. 12-22052 (Bankr. S.D.N.Y. Jan. 27, 2012) (same); In re AMR Corp., No. 11-15463 (Bankr. S.D.N.Y. Dec. 14, 2011) (same); In re Solyndra LLC, No. 11-12799 (Bankr. D. Del. Oct. 17, 2011) (same); In re Chrysler LLC, No. 09-50002 (Bankr. S.D.N.Y. May 6, 2009 and May 20, 2009) (interim and final orders establishing procedures for resolving reclamation demands); In re Cadence Innovation LLC, No. 08-11973 (Bankr. D. Del. Sept. 15, 2008) (establishing procedures for resolving reclamation demands).[2]

**Waiver of Separate Memorandum of Points and Authorities**

    15. The Debtors respectfully request that the Court regard any argument and citations set forth herein as a written memorandum of facts, reasons and authorities that has been combined with the relief requested herein, as permitted by Local Bankruptcy Rule 9013-1(G)(1). Alternatively, the Debtors respectfully request that the Court waive any requirement set forth in Local Bankruptcy Rule 9013-1(G)(1) that this Motion be accompanied by such a written memorandum.

---

[2] The unreported orders cited herein are not attached to this Motion. Copies of these orders will be made available to the Court or other parties upon request from the Debtors' counsel.

**Notice**

16. Notice of this Motion has been given to: (a) the Office of the United States Trustee for the Eastern District of Virginia; (b) Davis Polk & Wardwell LLP and McGuireWoods LLP, as co-counsel to Citibank, N.A., as administrative and collateral agent under the proposed postpetition credit facility, and Citicorp North America, Inc., as administrative and collateral agent under the Debtors' prepetition secured credit facility; (c) Kirkland and Ellis LLP, as counsel to the Second Lien Noteholder Group; (d) the indenture trustees for the Debtors' secured and unsecured notes (and counsel, where known); (e) counsel to General Electric Credit Corporation, as administrative agent under the Debtors' prepetition secured accounts receivable facility; (f) the creditors holding the 50 largest unsecured claims against the Debtors' estates on a consolidated basis; (g) the United Mine Workers of America; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002 as of the time of service. In light of the nature of the relief requested, the Debtors submit that no further notice is necessary.

**No Prior Request**

17. No prior request for the relief sought in this Motion has been made to this or any other Court in connection with these chapter 11 cases.

WHEREFORE, the Debtors respectfully request that the Court: (i) enter an order substantially in the form attached hereto as Exhibit A, granting the relief requested herein; and (ii) grant such other and further relief to the Debtors as the Court may deem proper.

Dated: August 3, 2015
       Richmond, Virginia

Respectfully submitted,

  /s/ Henry P. (Toby) Long, III
Tyler P. Brown (VSB No. 28072)
J.R. Smith (VSB No. 41913)
Henry P. (Toby) Long, III (VSB No. 75134)
Justin F. Paget (VSB No. 77949)
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200
Facsimile: (804) 788-8218

David G. Heiman (*pro hac vice* pending)
Carl E. Black (*pro hac vice* pending)
Thomas A. Wilson (*pro hac vice* pending)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

PROPOSED ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

# Exhibit A

Proposed Order

| | |
|---|---|
| JONES DAY | HUNTON & WILLIAMS LLP |
| North Point | Riverfront Plaza, East Tower |
| 901 Lakeside Avenue | 951 East Byrd Street |
| Cleveland, Ohio  44114 | Richmond, Virginia  23219 |
| Telephone:  (216) 586-3939 | Telephone:  (804) 788-8200 |
| Facsimile:  (216) 579-0212 | Facsimile:  (804) 788-8218 |
| David G. Heiman (*pro hac vice* pending) | Tyler P. Brown (VSB No. 28072) |
| Carl E. Black (*pro hac vice* pending) | J.R. Smith (VSB No. 41913) |
| Thomas A. Wilson (*pro hac vice* pending) | Henry P. (Toby) Long, III (VSB No. 75134) |
| | Justin F. Paget (VSB No. 77949) |

*Proposed Attorneys for Debtors
and Debtors in Possession*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Alpha Natural Resources, Inc., et al., | Case No. 15-_____ (___) |
| Debtors. | (Joint Administration Requested) |

**ORDER, PURSUANT TO SECTIONS 105(a), 362 AND 546(c) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019(b), ESTABLISHING PROCEDURES FOR RESOLVING RECLAMATION CLAIMS ASSERTED AGAINST THE DEBTORS**

This matter coming before the Court on the *Motion of the Debtors, Pursuant to Sections 105(a), 362 and 546(c) of the Bankruptcy Code and Bankruptcy Rule 9019(b), Establishing Procedures for Resolving Reclamation Claims Asserted Against the Debtors* (the "Motion"),[1] filed by the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"); the Court having reviewed the Motion and the First Day Declarations and having considered the statements of counsel with respect to the Motion at a hearing before the Court (the "Hearing"); the Court having found that (i) the Court has

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (iii) notice of the Motion and the Hearing was sufficient under the circumstances and (iv) the procedures set forth in the Motion will promote the consensual resolution of Reclamation Claims and the maximization of the value of the Debtors' estates; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Debtors hereby are authorized to resolve all Reclamation Claims in accordance with the exclusive Reclamation Procedures set forth below, which are hereby approved and authorized in their entirety:

> (a) Any Seller asserting a Reclamation Claim must satisfy all procedural and timing requirements under applicable state and federal law and demonstrate that it has satisfied all legal elements entitling it to a right of reclamation.
>
> (b) Any Seller asserting a Reclamation Claim must deliver a copy of its written reclamation demand, along with evidence of the date that the original demand was made, to: Alpha Natural Resources, Inc., Reclamation Demand Processing Department c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245. Upon receipt of any written reclamation demand, the Debtors shall serve a copy of this Order upon the Seller at the address indicated in its reclamation demand.
>
> (c) After receipt of all timely reclamation demands and an opportunity to review such demands – including, without limitation, whether the demand is subordinate to the prior rights of a holder of a security interest in the applicable Goods or the proceeds thereof – but no later than 120 days after the Petition Date (the "Reclamation Notice Deadline"), the Debtors will file with the Court a Notice (a "Reclamation Notice"), listing the Reclamation Claims and amount, if any, that the Debtors determine to be valid for each such Reclamation Claim, the means by which such amount was calculated and a description of any generally available defenses to such claim. The Debtors will serve the Reclamation Notice on the

      following parties (collectively, the "Notice Parties"):  (i) the United States Trustee for the Eastern District of Virginia (the "U.S. Trustee"); (ii) counsel to any official committee of unsecured creditors (the "Committee") appointed in these cases; (iii) Davis Polk & Wardwell LLP and McGuireWoods LLP, as co-counsel to Citibank, N.A., as administrative and collateral agent under the proposed postpetition credit facility, and Citicorp North America, Inc., as administrative and collateral agent under the Debtors' prepetition secured credit facility; (iv) Kirkland and Ellis LLP, as counsel to the Second Lien Noteholder Group; and (v) each Seller that is subject to the Reclamation Notice at the address indicated in its reclamation demand.

(d)      If the Debtors fail to file the Reclamation Notice within the required period of time, any holder of a Reclamation Claim may file an adversary proceeding or bring a motion on its own behalf to seek relief with respect to its Reclamation Claim, but may not file an adversary proceeding or bring any such motion until the expiration of the Reclamation Notice Deadline.

(e)      All Notice Parties shall have the right and opportunity to object to the proposed allowance or disallowance of any asserted Reclamation Claim in the Reclamation Notice as set forth therein.

(f)      Any Reclamation Claim that is included in the Reclamation Notice and is not the subject of an objection that is filed with the Court within 20 days after service of the Reclamation Notice shall be deemed a valid Reclamation Claim allowed by the Court in the amount and in the priority (if any) identified in the Reclamation Notice; provided, however, that all issues relating to the treatment of any such allowed Reclamation Claim shall be reserved.

(g)      Notwithstanding and without limiting the foregoing, the Debtors are authorized, but not required, to negotiate, in their sole discretion, with any Seller and to seek an agreement with any Seller to resolve its Reclamation Claim.  If the Debtors and a Seller are able to agree on the validity, amount or treatment of the Seller's Reclamation Claim, the Debtors shall prepare a notice of settlement (a "Settlement Notice"), file it with the Court and serve such Settlement Notice on the Notice Parties.  The Notice Parties shall have 14 days from the date of the Settlement Notice to file with the Court an objection thereto (a "Settlement Objection").  Settlement Objections must be served so as to be received by the Debtors, the Debtors' counsel and the Notice Parties within the 14-day objection period.

  (h)  If no Settlement Objection with respect to a Settlement Notice is timely filed and served, the Reclamation Claim at issue shall be allowed, disallowed or otherwise treated in accordance with the Settlement Notice without further order of the Court.  If a Settlement Objection with respect to a Settlement Notice is timely filed and served, the parties may negotiate a consensual resolution of such objection to be incorporated in a stipulation filed with the Court (a "<u>Settlement Stipulation</u>").  Upon the filing of a Settlement Stipulation, the applicable Reclamation Claim shall be allowed and treated in accordance with the terms of the Settlement Stipulation without further order of the Court.  If no consensual resolution of a Settlement Objection is reached within 30 days after the date of the Settlement Objection, any party in interest may notice the dispute for a hearing that provides at least 20 days' notice.

  (i)  Nothing in the Reclamation Procedures shall modify the automatic stay of section 362(a) of the Bankruptcy Code.  As such, the Reclamation Procedures shall not alter in any way the procedures, standards and burden of proof applicable or required pursuant to section 362(a) of the Bankruptcy Code with respect to any attempt by a Seller to obtain possession of any of the Goods or otherwise to collect its Reclamation Claim.  Without limiting the foregoing, no Seller shall be entitled to obtain possession of any Goods without first filing a motion with the Court for relief from the automatic stay or obtaining the prior express written consent of the Debtors.  The Debtors and all other parties in interest reserve all rights to object to any such motion for relief from the automatic stay.  Sellers shall be prohibited from seeking relief from the automatic stay with respect to any reclamation demand until the time a Reclamation Notice is filed by the Debtors with respect to such reclamation demand or the Reclamation Notice Deadline otherwise expires.

3.  The foregoing Reclamation Procedures are the sole and exclusive method for the determination, resolution and payment of reclamation claims asserted against the Debtors.  Except as provided above, all Sellers are prohibited from seeking any other means for the resolution or treatment of their Reclamation Claims, including, without limitation: (a) commencing adversary proceedings against the Debtors in connection with any reclamation claims; (b) seeking to obtain possession of any Goods; or (c) interfering with the delivery of any Goods to the Debtors.

4.   All adversary proceedings and contested matters in these cases relating to Reclamation Claims, whether currently pending or initiated in the future, except those proceedings initiated by the Debtors in accordance with these Reclamation Procedures, are stayed and the claims asserted therein shall be resolved exclusively pursuant to the Reclamation Procedures set forth herein, unless otherwise ordered by the Court.

5.   Nothing contained herein or in the Motion shall limit the Debtors' ability to make payments to creditors in accordance with any other orders of this Court, regardless of whether such creditors have asserted Reclamation Claims.

6.   Nothing in this Order or the Motion shall authorize the Debtors to pay any portion of a Reclamation Claim or otherwise transfer property of the Debtors' estates.

7.   For the avoidance of doubt, nothing herein shall modify, alter or otherwise affect the rights or remedies of the agent or the lenders under the Debtors' postpetition debtor in possession financing facility or be deemed to authorize the Debtors to violate any terms of such financing facility.

8.   This Order shall be immediately effective and enforceable upon its entry.

9.   The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived to the extent necessary.

10.  The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

11.  This Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

Dated: _____, 2015        _____
       Richmond, Virginia           UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Respectfully submitted,

   /s/ Henry P. (Toby) Long, III
Tyler P. Brown (VSB No. 28072)
J.R. Smith (VSB No. 41913)
Henry P. (Toby) Long, III (VSB No. 75134)
Justin F. Paget (VSB No. 77949)
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200
Facsimile: (804) 788-8218

and

David G. Heiman (*pro hac vice* pending)
Carl E. Black (*pro hac vice* pending)
Thomas A. Wilson (*pro hac vice* pending)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

*Proposed Counsel to the Debtors*
*and Debtors in Possession*


## CERTIFICATION OF ENDORSEMENT
## UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

    Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.


   /s/ Henry P. (Toby) Long, III