| | |
|---|---|
| JONES DAY<br>North Point<br>901 Lakeside Avenue<br>Cleveland, Ohio  44114<br>Telephone:  (216) 586-3939<br>Facsimile:  (216) 579-0212<br>David G. Heiman (*pro hac vice* pending)<br>Carl E. Black (*pro hac vice* pending)<br>Thomas A. Wilson (*pro hac vice* pending) | HUNTON & WILLIAMS LLP<br>Riverfront Plaza, East Tower<br>951 East Byrd Street<br>Richmond, Virginia  23219<br>Telephone:  (804) 788-8200<br>Facsimile:  (804) 788-8218<br>Tyler P. Brown (VSB No. 28072)<br>J.R. Smith (VSB No. 41913)<br>Henry P. (Toby) Long, III (VSB No. 75134)<br>Justin F. Paget (VSB No. 77979) |

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re:<br><br>Alpha Natural Resources, Inc., et al.,<br><br>                                    Debtors. | Chapter 11<br><br>Case No. 15-_____ (___)<br><br>(Joint Administration Requested) |

**MOTION OF THE DEBTORS PURSUANT TO SECTIONS 105 AND 107 OF THE**
**BANKRUPTCY CODE AND BANKRUPTCY RULE 9018, TO FILE UNDER SEAL**
**EXHIBIT F TO THE DEBTORS' MOTION TO OBTAIN POSTPETITION FINANCING**

Alpha Natural Resources, Inc. ("ANR") and certain of its direct and indirect subsidiaries, as debtors and debtors in possession (collectively, the "Debtors"), move the Court, pursuant to sections 105(a) and 107(b)(1) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): (a) for entry of an order authorizing the filing under seal of the Fee Letter (defined below), substantially in the form attached hereto as Exhibit A, which is attached as of Exhibit F to the Debtors' motion for an order authorizing them to obtain postpetition financing and certain related relief (the "DIP Motion"), filed concurrently herewith; and (b) an in camera hearing on any

portion of the DIP Motion that requires disclosure of the terms of the Fee Letter.  In support of this Motion, the Debtors respectfully represent as follows:

## Background

1.  On the date hereof (the "Petition Date"), the Debtors commenced their reorganization cases by filing voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code.  By a motion filed on the Petition Date, the Debtors have requested that their chapter 11 cases be consolidated for procedural purposes only and administered jointly.

2.  The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.  A comprehensive description of the Debtors' businesses and operations, capital structure and the events leading to the commencement of these chapter 11 cases can be found in the declarations of (a) Kevin S. Crutchfield, Chief Executive Officer and Chairman of the Board of Directors of ANR, and (b) Philip J. Cavatoni, Executive Vice President and Chief Financial and Strategy Officer of ANR in support of the Debtors' "first day" pleadings (together, the "First Day Declarations"), which were filed contemporaneously herewith and which are incorporated by reference.  In addition, the Debtors filed the Declaration of Homer Parkhill in support of the DIP Motion, which is attached as Exhibit B thereto.

## Jurisdiction

4.  This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**The DIP Motion**

5. On the Petition Date, the Debtors filed the DIP Motion, requesting authority to, among other things, obtain postpetition financing (the "DIP Financing") and use cash collateral. In connection with the DIP Financing, the Debtors have agreed to pay all amounts due under the Fee Letter, dated as of July 30, 2015 (the "Fee Letter"), between ANR and Citigroup Global Markets Inc, as agent for the proposed lenders in connection with the DIP Financing (the "Agent").

**Request for Relief**

6. The confidentiality provisions of the Fee Letter preclude the Debtors from (a) filing the Fee Letter with the Court unless it is filed under seal and (b) disclosing the substance of the Fee Letter except to the Debtors and their professionals, the Court and to the legal and financial advisors of any official committee appointed in the Debtors' bankruptcy cases on a "professionals' eyes only basis." Accordingly, the Debtors hereby request authorization to file the Fee Letter under seal and further request that, to the extent a hearing is held on the DIP Motion that requires the disclosure of the terms of the Fee Letter, such portion of the hearing pertaining to such terms be conducted in camera.

**Argument**

7. Bankruptcy Courts are authorized to issue orders to protect entities from potential harm caused by the disclosure of confidential information as provided by section 107(b) of the Bankruptcy Code. In particular, section 107(b)(1) of the Bankruptcy Code provides that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b)(1).

        8.      Moreover, Bankruptcy Rule 9018 provides, in relevant part, that:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018.

        9.      In determining whether to grant relief under section 107(b) of the Bankruptcy Code, "[t]he court determines whether the subject documents fall within the provisions of § 107(b) and the appropriate remedy if they do." In re Barney's, Inc., 201 B.R. 703, 707 (Bankr. S.D.N.Y. 1996). If section 107(b) of the Bankruptcy Code applies to the documents in question, "the court is *required* to protect a requesting interested party and has no discretion to deny the application." In re Orion Pictures Corp., 21 F.3d 24, 27 (2d Cir. 1994); see also In re Lomas Fin. Corp., 1991 WL 21231, at *2 (S.D.N.Y. Feb. 11, 1991) (noting the broad scope of the term "commercial information").

        10.     As noted above, the Fee Letter precludes the Debtors from filing the Fee Letter unless it is filed under seal because the Agent has informed the Debtors that it contains confidential commercial information regarding certain of the fees and expenses associated with the DIP Financing. If the Fee Letter is not filed with the Court under seal, the Agent has informed the Debtors that it may be competitively harmed. The Debtors therefore request (a) authorization to file the Fee Letter under seal and (b) that any hearing regarding the DIP Motion be conducted in camera if and to the extent that the substance the Fee Letter must be discussed.

-4-

11. The Debtors will also deliver a copy of the Fee Letter to chambers for <u>in camera</u> review by the Court.

**Waiver of Separate Memorandum of Points and Authorities**

12. The Debtors respectfully request that the Court regard any argument and citations set forth herein as a written memorandum of facts, reasons and authorities that has been combined with the relief requested herein, as permitted by Local Bankruptcy Rule 9013-1(G)(1). Alternatively, the Debtors respectfully request that the Court waive any requirement set forth in Local Bankruptcy Rule 9013-1(G)(1) that this Motion be accompanied by such a written memorandum.

**Notice**

13. Notice of this Motion has been given to: (a) the Office of the United States Trustee for the Eastern District of Virginia; (b) Davis Polk and Wardwell LLP and McGuireWoods LLP as co-counsel to the Debtors' proposed postpetition lenders and as co-counsel to Citicorp North America, Inc., as administrative and collateral agent under the Debtors' prepetition secured credit facility; (c) Kirkland and Ellis LLP, as counsel to the Second Lien Noteholder Group; (d) the indenture trustees for the Debtors' secured and unsecured notes (and counsel, where known); (e) counsel to General Electric Credit Corporation, as administrative agent under the Debtors' prepetition secured accounts receivable facility; (f) the creditors holding the 50 largest unsecured claims against the Debtors' estates on a consolidated basis; (g) the United Mine Workers of America; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002 as of the time of service. In light of the nature of the relief requested, the Debtors submit that no further notice is necessary.

**No Prior Request**

14.    No prior request for the relief sought in this Motion has been made to this or any other Court in connection with these chapter 11 cases.

WHEREFORE, the Debtors respectfully request that the Court: (i) enter the order substantially in the form attached hereto as <u>Exhibit A</u>, granting the relief requested herein; and (iii) grant such other and further relief to the Debtors as the Court may deem proper.

| | |
|---|---|
| Dated: August 3, 2015<br>Richmond, Virginia | Respectfully submitted,<br><br>  /s/ Henry P. (Toby) Long, III<br>Tyler P. Brown (VSB No. 28072)<br>J.R. Smith (VSB No. 41913)<br>Henry P. (Toby) Long, III (VSB No. 75134)<br>Justin F. Paget (VSB No. 77979)<br>HUNTON & WILLIAMS LLP<br>Riverfront Plaza, East Tower<br>951 East Byrd Street<br>Richmond, Virginia 23219<br>Telephone: (804) 788-8200<br>Facsimile:  (804) 788-8218<br><br>David G. Heiman (*pro hac vice* pending)<br>Carl E. Black (*pro hac vice* pending)<br>Thomas A. Wilson (*pro hac vice* pending)<br>JONES DAY<br>North Point<br>901 Lakeside Avenue<br>Cleveland, Ohio  44114<br>Telephone: (216) 586-3939<br>Facsimile: (216) 579-0212<br><br>PROPOSED ATTORNEYS FOR DEBTORS<br>AND DEBTORS IN POSSESSION |

**Exhibit A**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re:<br><br>Alpha Natural Resources, Inc., et al.,<br><br>               Debtors. | Chapter 11<br><br>Case No. 15-_____ (___)<br><br>(Joint Administration Requested) |

**ORDER, PURSUANT TO SECTIONS 107(b)(1) AND 107(c)(1) OF
THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9018,
AUTHORIZING THE DEBTORS TO FILE UNDER SEAL EXHIBIT F
TO THE DEBTORS' MOTION TO OBTAIN POSTPETITION FINANCING**

This matter coming before the Court on the Motion of the Debtors Pursuant to Sections 105 and 107 of the Bankruptcy Code and Bankruptcy Rule 9018, to File Under Seal Exhibit F to the Debtors' Motion to Obtain Postpetition Financing (the "Motion"),[1] filed by the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"); the Court having reviewed the Motion and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing") the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), and (iii) notice of the Motion and the Hearing was sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, establish just cause for the relief granted herein;

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

IT IS HEREBY ORDERED THAT:

1. The relief requested in the Motion is hereby GRANTED.

2. The Debtors are authorized to file the Fee Letter under seal and provide copies of the Fee Letter to the Court for in camera review. The Debtors are also authorized to provide copies of the Fee Letter to legal and financial advisors of any official committee appointed in the Debtors' bankruptcy cases on a "professionals' eyes only" basis.

3. Any hearing regarding the DIP Motion shall be conducted in camera if and to the extent that the substance of the Fee Letter must be discussed.

4. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

5. The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived to the extent necessary.

6. This Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

Dated: _____, 2015
    Richmond, Virginia                      _____
                                                       UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Respectfully submitted,

   /s/  Henry P. (Toby) Long, III
Tyler P. Brown (VSB No. 28072)
J.R. Smith (VSB No. 41913)
Henry P. (Toby) Long, III (VSB No. 75134)
Justin F. Paget (VSB No. 77949)
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone:  (804) 788-8200
Facsimile:   (804) 788-8218

and

David G. Heiman (*pro hac vice* pending)
Carl E. Black (*pro hac vice* pending)
Thomas A. Wilson (*pro hac vice* pending)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

## CERTIFICATION OF ENDORSEMENT
## UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

     Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

   /s/  Henry P. (Toby) Long