| | |
|---|---|
| JONES DAY | HUNTON & WILLIAMS LLP |
| North Point | Riverfront Plaza, East Tower |
| 901 Lakeside Avenue | 951 East Byrd Street |
| Cleveland, Ohio  44114 | Richmond, Virginia  23219 |
| Telephone:  (216) 586-3939 | Telephone:  (804) 788-8200 |
| Facsimile:  (216) 579-0212 | Facsimile:  (804) 788-8218 |
| David G. Heiman (admitted *pro hac vice*) | Tyler P. Brown (VSB No. 28072) |
| Carl E. Black (admitted *pro hac vice*) | J.R. Smith (VSB No. 41913) |
| Thomas A. Wilson (admitted *pro hac vice*) | Henry P. (Toby) Long, III (VSB No. 75134) |
| | Justin F. Paget (VSB No. 77949) |

*Proposed Attorneys for Debtors
and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re:<br><br>Alpha Natural Resources, Inc., <u>et</u> <u>al.</u>,<br><br>Debtors. | Chapter 11<br><br>Case No. 15-33896 (KRH)<br><br>(Jointly Administered) |

**ORDER, PURSUANT TO SECTIONS 342 AND 521(a) OF THE
BANKRUPTCY CODE, BANKRUPTCY RULES 1007(a), 2002(a) AND
2002(f) AND LOCAL BANKRUPTCY RULES 1007-1 AND 2002-1,
(A) WAIVING THE REQUIREMENT THAT EACH DEBTOR FILE
A LIST OF CREDITORS, (B) APPROVING THE FORM AND MANNER
OF NOTICE OF THE COMMENCEMENT OF THE DEBTORS'
CHAPTER 11 CASES AND (C) AUTHORIZING THE FILING
OF A CONSOLIDATED LIST OF TOP 50 UNSECURED CREDITORS**

This matter coming before the Court on the Motion of Debtors and Debtors in Possession, Pursuant to Sections 342 and 521(a) of the Bankruptcy Code, Bankruptcy Rules 1007(a), 2002(a) and 2002(f) and Local Bankruptcy Rules 1007-1 and 2002-1, for an Order (A) Waiving the Requirement that Each Debtor Submit a Formatted Mailing Matrix, (B) Approving the Form and Manner of Notice of the Commencement of the Debtors' Chapter 11 Cases and (C) Authorizing the Filing of a Consolidated List of Top 50 Unsecured Creditors

(the "Motion"),[1] filed by the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"); the Court having reviewed the Motion and the First Day Declarations and having considered the statements of counsel with respect to the Motion at a hearing before the Court (the "Hearing"); and the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (iii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409 and (iv) notice of the Motion and the Hearing was sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion and the First Day Declarations and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The requirement that the Debtors file a Creditor Matrix with the Court on the Petition Date pursuant to the Notice Rules is hereby waived.

3. The Debtors shall furnish KCC with the Creditor Matrix as soon as possible upon the Court's authorization of the Debtors' engagement of KCC as claims and noticing agent in these chapter 11 cases.

4. The form of the Commencement Notice attached to the Motion as Exhibit A is hereby approved.

5. KCC is authorized and directed to serve the Commencement Notice, substantially in the form attached to the Motion as Exhibit A, no later than five business days after the Debtors receive written notice from the U.S. Trustee of the time and place of the Section 341 Meeting. KCC shall serve the Commencement Notice by regular mail, postage prepaid, on those entities entitled to receive the Commencement Notice pursuant to Bankruptcy Rule 2002(a) and

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

-2-

-3-

Local Bankruptcy Rule 2002-1.  Service of the Commencement Notice in accordance with this paragraph is approved in all respects and is deemed sufficient notice to all parties in interest of the commencement of these chapter 11 cases and the Section 341 Meeting under the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules.

6. The Debtors are authorized to file a Consolidated Top 50 List in these chapter 11 cases, in lieu of filing a separate Top 20 List for each of the Debtors' respective cases.

7. The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived to the extent necessary.

8. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

9. This Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

Aug 5 2015

Dated: _____, 2015
      Richmond, Virginia

/s/ Kevin R Huennekens
UNITED STATES BANKRUPTCY JUDGE

Entered on Docket: 8/5/15

-3-

WE ASK FOR THIS:

Respectfully submitted,

  /s/  Henry P. (Toby) Long, III
Tyler P. Brown (VSB No. 28072)
J.R. Smith (VSB No. 41913)
Henry P. (Toby) Long, III (VSB No. 75134)
Justin F. Paget (VSB No. 77949)
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone:  (804) 788-8200
Facsimile:   (804) 788-8218

David G. Heiman (admitted *pro hac vice*)
Carl E. Black (admitted *pro hac vice*)
Thomas A. Wilson (admitted *pro hac vice*)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

**CERTIFICATION OF ENDORSEMENT**
**UNDER LOCAL BANKRUPTCY RULE 9022-1(C)**

     Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

  /s/  Henry P. (Toby) Long, III