| | |
|---|---|
| JONES DAY<br>North Point<br>901 Lakeside Avenue<br>Cleveland, Ohio 44114<br>Telephone: (216) 586-3939<br>Facsimile: (216) 579-0212<br>David G. Heiman (admitted *pro hac vice*)<br>Carl E. Black (admitted *pro hac vice*)<br>Thomas A. Wilson (admitted *pro hac vice*)<br><br>*Proposed Attorneys for Debtors*<br>*and Debtors in Possession* | HUNTON & WILLIAMS LLP<br>Riverfront Plaza, East Tower<br>951 East Byrd Street<br>Richmond, Virginia 23219<br>Telephone: (804) 788-8200<br>Facsimile: (804) 788-8218<br>Tyler P. Brown (VSB No. 28072)<br>J.R. Smith (VSB No. 41913)<br>Henry P. (Toby) Long, III (VSB No. 75134)<br>Justin F. Paget (VSB No. 77949) |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re:<br><br>Alpha Natural Resources, Inc., et al.,<br><br>　　　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 15-33896 (KRH)<br><br>(Jointly Administered) |

**ORDER, PURSUANT TO SECTIONS 105(a), 362 AND 546(c) OF THE BANKRUPTCY**
**CODE AND BANKRUPTCY RULE 9019(b), ESTABLISHING PROCEDURES**
**FOR RESOLVING RECLAMATION CLAIMS ASSERTED AGAINST THE DEBTORS**

This matter coming before the Court on the *Motion of the Debtors, Pursuant to Sections 105(a), 362 and 546(c) of the Bankruptcy Code and Bankruptcy Rule 9019(b), Establishing Procedures for Resolving Reclamation Claims Asserted Against the Debtors* (Docket No. 24) (the "Motion"),[1] filed by the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"); the Court having reviewed the Motion and the First Day Declarations and having considered the statements of counsel with respect to the Motion at a hearing before the Court (the "Hearing"); the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding pursuant to

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

28 U.S.C. § 157(b), (iii) notice of the Motion and the Hearing was sufficient under the circumstances and (iv) the procedures set forth in the Motion will promote the consensual resolution of Reclamation Claims and the maximization of the value of the Debtors' estates; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

The Debtors hereby are authorized to resolve all Reclamation Claims in accordance with the exclusive Reclamation Procedures set forth below, which are hereby approved and authorized in their entirety:

    (a) Any Seller asserting a Reclamation Claim must satisfy all procedural and timing requirements under applicable state and federal law and demonstrate that it has satisfied all legal elements entitling it to a right of reclamation.

    (b) Any Seller asserting a Reclamation Claim must deliver a copy of its written reclamation demand, along with evidence of the date that the original demand was made, to: Alpha Natural Resources, Inc., Reclamation Demand Processing Department c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245.  Upon receipt of any written reclamation demand, the Debtors shall serve a copy of this Order upon the Seller at the address indicated in its reclamation demand.

    (c) After receipt of all timely reclamation demands and an opportunity to review such demands – including, without limitation, whether the demand is subordinate to the prior rights of a holder of a security interest in the applicable Goods or the proceeds thereof – but no later than 120 days after the Petition Date (the "Reclamation Notice Deadline"), the Debtors will file with the Court a Notice (a "Reclamation Notice"), listing the Reclamation Claims and amount, if any, that the Debtors determine to be valid for each such Reclamation Claim, the means by which such amount was calculated and a description of any generally available defenses to such claim.  The Debtors will serve the Reclamation Notice on the following parties (collectively, the "Notice Parties"):  (i) the United States Trustee for the Eastern District of Virginia

(the "U.S. Trustee"); (ii) counsel to any official committee of unsecured creditors (the "Committee") appointed in these cases; (iii) Davis Polk & Wardwell LLP and McGuireWoods LLP, as co-counsel to Citibank, N.A., as administrative and collateral agent under the proposed postpetition credit facility, and Citicorp North America, Inc., as administrative and collateral agent under the Debtors' prepetition secured credit facility; (iv) Kirkland and Ellis LLP, as counsel to the Second Lien Noteholder Group; and (v) each Seller that is subject to the Reclamation Notice at the address indicated in its reclamation demand.

(d)     If the Debtors fail to file the Reclamation Notice within the required period of time, any holder of a Reclamation Claim may file an adversary proceeding or bring a motion on its own behalf to seek relief with respect to its Reclamation Claim, but may not file an adversary proceeding or bring any such motion until the expiration of the Reclamation Notice Deadline.

(e)     All Notice Parties shall have the right and opportunity to object to the proposed allowance or disallowance of any asserted Reclamation Claim in the Reclamation Notice as set forth therein.

(f)     Any Reclamation Claim that is included in the Reclamation Notice and is not the subject of an objection that is filed with the Court within 20 days after service of the Reclamation Notice shall be deemed a valid Reclamation Claim allowed by the Court in the amount and in the priority (if any) identified in the Reclamation Notice; provided, however, that all issues relating to the treatment of any such allowed Reclamation Claim shall be reserved.

(g)     Notwithstanding and without limiting the foregoing, the Debtors are authorized, but not required, to negotiate, in their sole discretion, with any Seller and to seek an agreement with any Seller to resolve its Reclamation Claim.  If the Debtors and a Seller are able to agree on the validity, amount or treatment of the Seller's Reclamation Claim, the Debtors shall prepare a notice of settlement (a "Settlement Notice"), file it with the Court and serve such Settlement Notice on the Notice Parties.  The Notice Parties shall have 14 days from the date of the Settlement Notice to file with the Court an objection thereto (a "Settlement Objection").  Settlement Objections must be served so as to be received by the Debtors, the Debtors' counsel and the Notice Parties within the 14-day objection period.

(h)     If no Settlement Objection with respect to a Settlement Notice is timely filed and served, the Reclamation Claim at issue shall be allowed, disallowed or otherwise treated in accordance with

the Settlement Notice without further order of the Court.  If a Settlement Objection with respect to a Settlement Notice is timely filed and served, the parties may negotiate a consensual resolution of such objection to be incorporated in a stipulation filed with the Court (a "Settlement Stipulation").  Upon the filing of a Settlement Stipulation, the applicable Reclamation Claim shall be allowed and treated in accordance with the terms of the Settlement Stipulation without further order of the Court.  If no consensual resolution of a Settlement Objection is reached within 30 days after the date of the Settlement Objection, any party in interest may notice the dispute for a hearing that provides at least 20 days' notice.

(i) Nothing in the Reclamation Procedures shall modify the automatic stay of section 362(a) of the Bankruptcy Code.  As such, the Reclamation Procedures shall not alter in any way the procedures, standards and burden of proof applicable or required pursuant to section 362(a) of the Bankruptcy Code with respect to any attempt by a Seller to obtain possession of any of the Goods or otherwise to collect its Reclamation Claim.  Without limiting the foregoing, no Seller shall be entitled to obtain possession of any Goods without first filing a motion with the Court for relief from the automatic stay or obtaining the prior express written consent of the Debtors.  The Debtors and all other parties in interest reserve all rights to object to any such motion for relief from the automatic stay.  Sellers shall be prohibited from seeking relief from the automatic stay with respect to any reclamation demand until the time a Reclamation Notice is filed by the Debtors with respect to such reclamation demand or the Reclamation Notice Deadline otherwise expires.

The foregoing Reclamation Procedures are the sole and exclusive method for the determination, resolution and payment of reclamation claims asserted against the Debtors.  Except as provided above, all Sellers are prohibited from seeking any other means for the resolution or treatment of their Reclamation Claims, including, without limitation:  (a) commencing adversary proceedings against the Debtors in connection with any reclamation claims; (b) seeking to obtain possession of any Goods; or (c) interfering with the delivery of any Goods to the Debtors.

All adversary proceedings and contested matters in these cases relating to Reclamation Claims, whether currently pending or initiated in the future, except those proceedings initiated by the Debtors in accordance with these Reclamation Procedures, are stayed and the

claims asserted therein shall be resolved exclusively pursuant to the Reclamation Procedures set forth herein, unless otherwise ordered by the Court.

Nothing contained herein or in the Motion shall limit the Debtors' ability to make payments to creditors in accordance with any other orders of this Court, regardless of whether such creditors have asserted Reclamation Claims.

Nothing in this Order or the Motion shall authorize the Debtors to pay any portion of a Reclamation Claim or otherwise transfer property of the Debtors' estates.

For the avoidance of doubt, nothing herein shall modify, alter or otherwise affect the rights or remedies of the agent or the lenders under the Debtors' postpetition debtor in possession financing facility or be deemed to authorize the Debtors to violate any terms of such financing facility.

This Order shall be immediately effective and enforceable upon its entry.

The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived to the extent necessary.

The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

This Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

Aug 5 2015
Dated: _____, 2015
    Richmond, Virginia

/s/ Kevin R Huennekens
_____
UNITED STATES BANKRUPTCY JUDGE

Entered on Docket: 8/5/15

WE ASK FOR THIS:

Respectfully submitted,

   /s/  Henry P. (Toby) Long, III
Tyler P. Brown (VSB No. 28072)
J.R. Smith (VSB No. 41913)
Henry P. (Toby) Long, III (VSB No. 75134)
Justin F. Paget (VSB No. 77949)
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200
Facsimile: (804) 788-8218

and

David G. Heiman (admitted *pro hac vice*)
Carl E. Black (admitted *pro hac vice*)
Thomas A. Wilson (admitted *pro hac vice*)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

## CERTIFICATION OF ENDORSEMENT UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

     Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

   /s/  Henry P. (Toby) Long, III