| | |
|---|---|
| JONES DAY | HUNTON & WILLIAMS LLP |
| North Point | Riverfront Plaza, East Tower |
| 901 Lakeside Avenue | 951 East Byrd Street |
| Cleveland, Ohio  44114 | Richmond, Virginia  23219 |
| Telephone:  (216) 586-3939 | Telephone:  (804) 788-8200 |
| Facsimile:  (216) 579-0212 | Facsimile:  (804) 788-8218 |
| David G. Heiman (admitted *pro hac vice*) | Tyler P. Brown (VSB No. 28072) |
| Carl E. Black (admitted *pro hac vice*) | J.R. Smith (VSB No. 41913) |
| Thomas A. Wilson (admitted *pro hac vice*) | Henry P. (Toby) Long, III (VSB No. 75134) |
| | Justin F. Paget (VSB No. 77949) |

*Proposed Attorneys for Debtors
and Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re:<br><br>Alpha Natural Resources, Inc., et al.,<br><br>                Debtors. | Chapter 11<br><br>Case No. 15-33896 (KRH)<br><br>(Jointly Administered) |

## ORDER AUTHORIZING THE RETENTION
## AND COMPENSATION OF PROFESSIONALS UTILIZED
## BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS

This matter coming before the Court on the *Motion of the Debtors for an Order Authorizing the Retention and Compensation of Professionals Utilized by the Debtors in the Ordinary Course of Business* (the "Motion"),[1] filed by the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"); the Court having reviewed the Motion and having considered the statements of counsel with respect to the Motion at a hearing before the Court (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C.

---

[1]     Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

§ 157(b)(2), (c) notice of the Motion and the Hearing was sufficient under the circumstances, (d) the Ordinary Course Professionals are not "professionals" within the meaning of section 327(a) of the Bankruptcy Code and (e) the OCP Payment Procedures provide all parties with sufficient notice and opportunity to object to all OCP Declarations and Monthly Statements (as such terms are defined herein); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

  IT IS HEREBY ORDERED THAT:

    1.  The Motion is GRANTED as set forth herein.

    2.  Pursuant to sections 105(a), 327 and 330 of the Bankruptcy Code, and Bankruptcy Rule 2014(a), the Debtors are authorized to retain, employ and pay the Ordinary Course Professionals in the ordinary course of their business, effective as of the applicable Retention Date, on the terms set forth herein.

    3.  The Debtors are hereby permitted to pay each Ordinary Course Professional, including those identified on the OCP List attached to the Motion as <u>Exhibit A</u>, without prior application to the Court, subject to the following OCP Payment Procedures:

      (a)  Each Ordinary Course Professional shall provide the Debtors with a declaration (an "<u>OCP Declaration</u>") substantially in the form attached to the Motion as <u>Exhibit B</u>, at the following addresses: (i) Alpha Natural Resources, Inc., One Alpha Place, P.O. Box 16429, Bristol, Virginia 24209 (Attn: Richard H. Verheij, Esq., General Counsel); (ii) Jones Day, North Point, 901 Lakeside Avenue, Cleveland, Ohio 44114 (Attn: Carl E. Black, Esq. and Thomas A. Wilson, Esq.); and (iii) Hunton & Williams LLP, Riverfront Plaza, East Tower, 951 East Byrd Street, Richmond, Virginia 23219 (Attn: Tyler P. Brown, Esq. and Henry P. (Toby) Long, III, Esq.).

      (b)  Each OCP Declaration shall certify that the relevant Ordinary Course Professional does not represent or hold an interest adverse to the Debtors or their estates with respect to the matter on which the professional is to be employed. Each such Ordinary Course Professional shall periodically update its OCP Declaration to the

    extent necessary to reflect new facts or circumstances relevant to its retention.

(c)   Counsel to the Debtors shall promptly file any OCP Declaration received with the Court and serve such declaration on (i) counsel for any Committee appointed in these cases; and (ii) the U.S. Trustee, 701 East Broad Street, Suite 4304, Richmond, Virginia 23219 (Attn: Robert B. Van Arsdale, Esq. and Hugh M. Bernstein, Esq.) (each, a "<u>Notice Party</u>" and, collectively with the Debtors, the "<u>Notice Parties</u>").

(d)   The Notice Parties shall have 14 days after the filing and service of an OCP Declaration to object to the retention, employment or payment of the Ordinary Course Professional filing such declaration on the terms, and pursuant to the procedures, described herein (the "<u>Objection Deadline</u>").  Any objecting party shall serve its objection upon the Notice Parties and the relevant Ordinary Course Professional on or before the Objection Deadline.  If an objection cannot be resolved within 10 days after the Objection Deadline, then the retention, employment or payment of the Ordinary Course Professional that is the subject of the objection shall be scheduled for hearing by the Debtors at the next regularly scheduled omnibus hearing date that is no less than 20 days from that date or on a date otherwise agreed to by the parties. The Debtors shall not be authorized to retain, employ or pay such Ordinary Course Professional until all outstanding objections have been withdrawn, resolved or overruled by order of the Court.

(e)   If no objection is received from any of the Notice Parties by the Objection Deadline with respect to an Ordinary Course Professional, the Debtors shall be authorized to retain, employ and pay that Ordinary Course Professional in accordance with the OCP Payment Procedures effective as of the Retention Date.

(f)   The Debtors may pay 100% of the fees and disbursements incurred by an Ordinary Course Professional upon the submission to, and approval by, the Debtors of an appropriate monthly invoice setting forth in reasonable detail the nature of the services rendered and disbursements actually incurred during the month; <u>provided</u>, <u>however</u>, that all payments to Ordinary Course Professionals shall be subject to the OCP Fee Limits.

(g)   To the extent that the fees sought by any Ordinary Course Professional for a month exceed the monthly OCP Fee Limit of $75,000, then such Ordinary Course Professional shall, on or before the 20th day of the month following the month for which

        such fees are sought, serve a "<u>Monthly Statement</u>" on the Notice Parties for the full amount of fees sought in such month.

(h)      If any Notice Party has an objection to the fees sought in a particular Monthly Statement, such party shall, no later than the 15th day following the service of such Monthly Statement (the "<u>Monthly Statement Objection Deadline</u>"), serve upon the relevant Ordinary Course Professional and the other Notice Parties a written objection setting forth the nature of the objection.

(i)      If the Debtors do not receive an objection to a given Monthly Statement on or prior to the Monthly Statement Objection Deadline, the Debtors shall promptly pay all fees identified therein.

(j)      If the Debtors receive a timely objection to a Monthly Statement, the Debtors shall withhold payment of that portion of the Monthly Statement to which the Objection is directed (the "<u>Withheld Fees</u>") and promptly pay the remainder of the fees sought unless the Court, upon notice and a hearing, directs payment to be made.

(k)      If (i) the parties to an objection are able to resolve their dispute and (ii) the relevant Ordinary Course Professional serves upon the Notice Parties a statement describing such resolution, then the Debtors shall promptly pay the Withheld Fees to such Ordinary Course Professional.

(l)      If an Ordinary Course Professional seeks payment of fees in excess of the aggregate OCP Fee Limit of $775,000, such Ordinary Course Professional shall, unless the U.S. Trustee agrees, or the Court orders, otherwise, file a fee application with the Court for any such excess amount in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules of the United States Bankruptcy Court for the Eastern District of Virginia, the fee guidelines promulgated by the U.S. Trustee and any and all orders of the Court.

(m)      If the aggregate fees incurred by an Ordinary Course Professional during the pendency of these cases would exceed the aggregate OCP Fee Limit of $775,000 if the professional's most recent request were to be paid, then such Ordinary Course Professional shall file an application with the Court to be retained in accordance with section 327 of the Bankruptcy Code and Bankruptcy Rule 2014(a).

(n)      At three-month intervals during the pendency of these chapter 11 cases (each such interval, a "<u>Quarter</u>"), beginning with the Quarter

        ending October 31, 2015, the Debtors shall file with the Court and serve on the Notice Parties, no later than 40 days after the end of such Quarter, a statement including the following information for each Ordinary Course Professional: (i) the name of the Ordinary Course Professional, (ii) the aggregate amounts of fees and expenses incurred by such Ordinary Course Professional during the reported Quarter and (iii) all postpetition payments made to the Ordinary Course Professional through the end of the reported Quarter.

    (o)    The Debtors reserve the right to retain additional Ordinary Course Professionals from time to time during these chapter 11 cases by having such Ordinary Course Professional comply with these procedures.

4. Notwithstanding any of the foregoing, the Debtors shall separately retain any Ordinary Course Professional that becomes materially involved in the administration of these cases, pursuant to section 327 of the Bankruptcy Code.

5. The entry of this Order is without prejudice to the Debtors' right to request modification of the OCP Fee Limits.

6. For the avoidance of doubt, nothing herein shall modify, alter or otherwise affect the rights or remedies of the agent or the lenders under the Debtors' postpetition debtor in possession financing facility or be deemed to authorize the Debtors to violate any terms of such financing facility.

7. The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived to the extent necessary.

8. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

9. This Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

Dated: Sep 3 2015 , 2015
Richmond, Virginia

/s/ Kevin R. Huennekens
UNITED STATES BANKRUPTCY JUDGE

Entered on Docket:9/3/15

WE ASK FOR THIS:

Respectfully submitted,

   /s/ Henry P. (Toby) Long, III
Tyler P. Brown (VSB No. 28072)
J.R. Smith (VSB No. 41913)
Henry P. (Toby) Long, III (VSB No. 75134)
Justin F. Paget (VSB No. 77949)
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200
Facsimile: (804) 788-8218

and

David G. Heiman (admitted *pro hac vice*)
Carl E. Black (admitted *pro hac vice*)
Thomas A. Wilson (admitted *pro hac vice*)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

*Proposed Counsel to the Debtors
and Debtors in Possession*

## CERTIFICATION OF ENDORSEMENT
## UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

     Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

   /s/ Henry P. (Toby) Long, III