Alan S. Tenenbaum
National Bankruptcy Coordinator
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044
601 D Street NW
Washington, D.C. 20004
(202) 514-5409 (voice)
(202) 514-0097 (fax)
alan.tenenbaum@usdoj.gov

Marcello Mollo
Senior Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044
601 D Street NW
Washington, D.C. 20004
(202) 514-2757 (voice)
(202) 514-0097 (fax)
marcello.mollo@usdoj.gov

*Counsel for the United States of America*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ALPHA NATURAL RESOURCES, INC., *et al.*, | ) | Case No. 15-33896 (KRH) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**RESERVATION OF RIGHTS OF UNITED STATES OF AMERICA IN RESPONSE TO MOTION OF THE DEBTORS, PURSUANT TO BANKRUPTCY RULE 9019, FOR ENTRY OF AN ORDER CONCERNING RECLAMATION BONDING OF THEIR SURFACE COAL MINING OPERATIONS IN WEST VIRGINIA**

The United States of America ("United States"), on behalf of the U.S. Department of the Interior, Office of Surface Mining Reclamation and Enforcement ("OSMRE"), hereby files this reservation of rights in response to Debtors' Motion for Entry of Stipulation and Order Concerning Reclamation Bonding of their Surface Coal Mining Operations in West Virginia (the "Motion"), and to the proposed Order a attached thereto (the "Consent Order") [Docket No.1049].

**RESERVATION OF RIGHTS**

1.      The United States, through OSMRE, oversees the protection of public health and the environment under Surface Mining Control and Reclamation Act of 1977 ("SMCRA"), 30 U.S.C. §§ 1201 *et seq.* SMCRA is designed, *inter alia*, to ensure that coal mine permittees

1

throughout the United States take the necessary steps to protect the public from serious environmental and health risks that could arise from surface coal mining operations.

2. SMCRA is designed to "establish a nationwide program to protect society and the environment from the adverse effects of surface coal mining operations." *Hodel v. Va. Surface Mining & Reclamation Ass'n*, 452 U.S. 264, 268 (1981) (quoting 30 U.S.C. § 1202(a)). In enacting SMCRA, Congress found that:

> many surface mining operations result in disturbances of surface areas that burden and adversely affect commerce and the public welfare by destroying or diminishing the utility of land for commercial, industrial, residential, recreational, agricultural, and forestry purposes, by causing erosion and landslides, by contributing to floods, by polluting the water, by destroying fish and wildlife habitats, by impairing natural beauty, by damaging the property of citizens, by creating hazards dangerous to life and property by degrading the quality of life in local communities, and by counteracting governmental programs and efforts to conserve soil, water, and other natural resources.

*Id.* at 277-78 (quoting 30 U.S.C. § 1201(c)). SMCRA deters environmental irresponsibility by holding regulated entities responsible for environmental harm. *See, e.g., Safety-Kleen, Inc. v. Wyche*, 274 F.3d 846, 866 (4th Cir. 2001).

3. SMCRA establishes a program of cooperative federalism that allows the states to enact and administer their own regulatory programs within limits established by federal minimum standards and with prescribed backup enforcement authority by the Department of the Interior. 30 U.S.C. § 1253; *see Hodel*, 452 U.S. at 289. State programs must consist of elements that are no less stringent than SMCRA and no less effective than its implementing regulations. 30 U.S.C. § 1253; 30 C.F.R. § 730.5. The State of West Virginia initially submitted a permanent program on March 3, 1980, which after resubmissions OSMRE conditionally approved effective January 21, 1981. The program is administered by the West Virginia Department of Environmental Protection, Division of Mining and Reclamation. *See* 30 C.F.R. Part 948.

4. States with an approved regulatory program must implement, administer, enforce, and maintain the program in accordance with SMCRA, federal implementing regulations, and the provisions of the approved state program. 30 C.F.R. § 733.11. SMCRA gives OSMRE ongoing authority to oversee the effectiveness of the state's implementation of its program. OSMRE's responsibilities in this area include inspection and enforcement duties in primacy states. 30 U.S.C. §§ 1254(b), 1267(a) and (h), 1271. SMCRA also provides for federal inspections where a state, after notification from OSMRE of "any information" providing reason to believe that a violation exists, fails to respond appropriately within ten days, or for immediate inspection, without state notification, where adequate proof of an imminent danger of significant environmental harm is presented and the State has failed to take appropriate action. *Id.* § 1271(a). In addition to inspection authority, SMCRA provides the Secretary of the Interior with authority to pursue direct federal enforcement in primacy states when necessary to ensure the SMCRA and federal standards are being met. *See id*. §§ 1254(b), 1271.

5. Like all operators, Debtors may not engage in surface coal mining operations without first obtaining the required SMCRA permits from the relevant regulatory authority, as applicable, either OSMRE or a state authority under the oversight of OSMRE. *Id.* § 1256. As a condition precedent to issuing a surface mining permit, SMCRA requires an operator to post a performance bond payable to the regulatory authority in an amount sufficient "to assure the completion of the reclamation plan if the work had to be performed by the regulatory authority in the event of forfeiture." *Id.* § 1259. Liability under the bond must be for the duration of the surface coal mining and reclamation operation. *Id.* SMCRA's requirement for contemporaneous reclamation during ongoing surface mining operations, 30 U.S.C. § 1265(b)(16), is in addition to the requirement for full reclamation bonding, 30 U.S.C. § 1259. Moreover, enforcement of

requirements for financial assurance under environmental laws fall within the police and regulatory exception to the automatic stay, 11 U.S.C. § 362(b)(4). *Safety-Kleen,* 274 F.3d at 865-66.

    6.    The United States is not a party to the Consent Order. The United States hereby expressly reserves all of its rights under SMCRA and its implementing regulations and other applicable law, and may exercise such rights at any time in accordance with the police and regulatory exception to the automatic stay. The United States further notes that, notwithstanding the Motion or Consent Order, Debtors must at all times during this Bankruptcy Case act expeditiously to bring themselves into full compliance with the valid laws of the State, which include SMCRA's reclamation bonding requirements, as required by 28 U.S.C. § 959(b) and *Safety-Kleen,* 274 F.3d at 865-66.

FOR THE UNITED STATES:

DANA J. BOENTE
United States Attorney

Robert P. McIntosh
Assistant United States Attorney

JOHN C. CRUDEN
Assistant Attorney General
Environmental and Natural Resources Division

*s/Alan S. Tenenbaum*
ALAN S. TENENBAUM
National Bankruptcy Coordinator
Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044
601 D Street NW
Washington, D.C. 20004
(202) 514-5409 (voice)
(202) 514-0097 (fax)
alan.tenenbaum@usdoj.gov

*s/Marcello Mollo*
MARCELLO MOLLO
Senior Trial Attorney
Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044
601 D Street NW
Washington, D.C. 20004
(202) 514-2757 (voice)
(202) 514-0097 (fax)
marcello.mollo@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on December 14, 2015, I caused a copy of the foregoing to be served by electronic mail upon all parties receiving notice through the Court's CM/ECF Noticing System.

      s/ Marcello Mollo