| | |
|---|---|
| JONES DAY | HUNTON & WILLIAMS LLP |
| North Point | Riverfront Plaza, East Tower |
| 901 Lakeside Avenue | 951 East Byrd Street |
| Cleveland, Ohio  44114 | Richmond, Virginia  23219 |
| Telephone:  (216) 586-3939 | Telephone:  (804) 788-8200 |
| Facsimile:  (216) 579-0212 | Facsimile:  (804) 788-8218 |
| David G. Heiman (admitted *pro hac vice*) | Tyler P. Brown (VSB No. 28072) |
| Carl E. Black (admitted *pro hac vice*) | J.R. Smith (VSB No. 41913) |
| Thomas A. Wilson (admitted *pro hac vice*) | Henry P. (Toby) Long, III (VSB No. 75134) |
| | Justin F. Paget (VSB No. 77949) |

*Attorneys for Debtors and Debtors in Possession*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

| | |
|---|---|
| In re:<br><br>Alpha Natural Resources, Inc., *et al.*,<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 15-33896 (KRH)<br><br>(Jointly Administered) |

**REPLY IN SUPPORT OF DEBTORS' REQUEST FOR AUTHORITY
TO MAKE PAYMENTS UNDER 2015 ANNUAL INCENTIVE BONUS PLAN**

Alpha Natural Resources, Inc. and certain of its direct and indirect subsidiaries, as debtors and debtors in possession (collectively, the "Debtors"), hereby submit this reply (the "Reply") in support of certain of the relief requested in the *Motion of the Debtors for Entry of an Order (I) Authorizing Payments Under 2015 Annual Incentive Bonus Plan and (II) Approving Key Employee Incentive Plan for Certain Insider Employees for 2016* (Docket No. 1038) (the "Motion").[1]  In support of this Reply, the Debtors:  (a) submit the Supplemental Declaration of Robert Romanchek (the "Supplemental Declaration"), Partner with Meridian, the

---

[1]　Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

NAI-1500704253v5

Debtors' independent compensation consultant, a copy of which is attached hereto as <u>Exhibit A</u>; and (b) respectfully represent as follows:

**<u>Reply</u>**

1. The Motion contains two separate requests for relief. <u>First</u>, the Debtors have requested that the Court expressly authorize them to make payments to the eight Executive Insiders in the ordinary course of business under the Debtors' long-standing Annual Incentive Bonus program (the "<u>AIB</u>") solely for the 2015 plan year. <u>Second</u>, the Debtors have requested that the Court approve their implementation of the KEIP for 2016 with respect to the eight Executive Insiders and the nine Non-Executive Insiders (collectively, the "<u>KEIP Participants</u>"). As described in the Motion, all of the KEIP Participants will be excluded from the AIB for the 2016 plan year, and the KEIP will be the sole incentive program for the KEIP Participants for that year.

2. As a result of communications between the Debtors and various key parties, including, for example, the U.S. Trustee, the Creditors' Committee, the UMWA Health and Retirement Funds and the DIP Agent, the parties agreed that: (a) the hearing on the Debtors' authority to make ordinary course payments under the AIB to the Executive Insiders for 2015 in the ordinary course would go forward as scheduled on December 17, 2015 (the "<u>AIB Hearing</u>"); and (b) the hearing on approval of the KEIP for 2016 for the KEIP Participants would be continued to the hearing currently scheduled for January 12, 2016 (the "<u>KEIP Hearing</u>"), while parties in interest took discovery with respect to such relief.[2]

---

[2]     <u>See</u> *Notice of Adjournment of Hearing* (Docket No. 1087).

3. The official committee of retired employees (the "Retiree Committee"), which was appointed in these chapter 11 cases several days before the Debtors filed the Motion, did not immediately approach the Debtors with concerns or requests for further information regarding the relief requested in the Motion. On December 13, 2015, however, the Retiree Committee filed its objection to the relief requested in the Motion (Docket No. 1067) (the "Objection").[3] No other objections to the Motion have been filed as of the date hereof.[4]

4. The Retiree Committee raises various arguments against approval of the KEIP that the Debtors will address in connection with the KEIP Hearing, and the Debtors reserve all of their rights with respect to such arguments. The Retiree Committee also raises several arguments with respect to the AIB, however, which the Debtors address herein.[5]

5. The Retiree Committee generally argues that the Debtors provided insufficient information regarding the AIB in the Motion to permit the Debtors to make payments thereunder pursuant to sections 363(b), 363(c), 503(c)(1) or 503(c)(3) of the Bankruptcy Code. Objection, at ¶¶ 17-29.

6. In the Motion, the Debtors argued that they are authorized to make payments to the Executive Insiders under the AIB in the ordinary course of business. See

---

[3] The Debtors note that the Retiree Committee filed the Objection notwithstanding the fact that it sought to be appointed solely for the purpose of protecting the rights of retirees under section 1114 of the Bankruptcy Code. See *Motion to Appoint Official Retiree Committee Pursuant to 11 U.S.C. § 1114 and Memorandum of Law in Support Thereof* (Docket No. 868). The Creditors' Committee, the interests of whose members are more directly implicated by the Motion, has not objected to the AIB.

[4] As a result of the continuance of the hearing on approval of the KEIP until January 12, 2016, the Debtors have agreed that objections to such relief will be due by January 7, 2016.

[5] The Retiree Committee also objects to the Debtors' request to seal the KEIP Schedule to the extent the Debtors refuse to provide such document to counsel for the Retiree Committee. Objection, at ¶ 10. Because the Debtors provided the KEIP Schedule to the Retiree Committee on a confidential basis promptly upon request from proposed counsel to the Retiree Committee, the Debtors believe that this objection is now moot.

Motion, at ¶¶ 32-39.  Accordingly, sections 363(b) and 503(c)(3) of the Bankruptcy Code, which apply exclusively to payments to be made outside the ordinary course of business, are not implicated in the relief requested in the Motion with respect to the AIB.  See 11 U.S.C. § 363(b) (requiring notice and a hearing for all uses of property of the estate "other than in the ordinary course of business"); 11 U.S.C. § 503(c)(3) (prohibiting certain transfers made "outside the ordinary course of business and not justified by the facts and circumstances of the case").

7.   The Debtors have provided the Retiree Committee with ample information to establish their authority to make payments under the AIB in the ordinary course of business under section 363(c) of the Bankruptcy Code.  In addition to the Motion, the Debtors have provided extensive supporting documentation regarding the AIB to the Retiree Committee promptly upon the request of its proposed counsel – which request was not received until after the Retiree Committee filed its Objection.  This additional information, together with the Motion, the Supplemental Declaration and the testimony that will be provided in support of the Motion at the AIB Hearing, establish that, among other things:  (a) the metrics and targets for the 2015 AIB were approved by the Compensation Committee in February 2015, consistent with its historic practice; and (b) these metrics and targets remain exactly as they were established at that time.

8.   As set forth in the Motion, therefore, the Debtors are authorized to make AIB payments to the Executive Insiders in the ordinary course of business (just as they are with respect to all of the Debtors' other approximately 600 employees who are eligible for the AIB and their approximately 6,400 employees who are eligible for the OSEB) because, under the applicable standards, these programs are (a) a continuation of the precise programs that were in place prior to the Petition Date and (b) consistent with industry standards.

9. The Retiree Committee also makes passing reference to the AIB in its argument that the KEIP is a retention, and not an incentive, program.  E.g., Objection, at ¶ 19. The substance of the Retiree Committee's argument in this regard relates solely to the KEIP, however.  Objection, at ¶¶ 23-26.  As described in the Motion and the Supplemental Declaration, however, and as will be further established at the AIB Hearing, the AIB is, and historically always has been, an incentive program designed for the purpose of promoting the attainment of critical business goals, distinct from the Debtors' retention programs.  Accordingly, the payment of amounts owed the Executive Insiders under the AIB for 2015 is not prohibited by section 503(c)(1) of the Bankruptcy Code.

10. For the foregoing reasons, the Debtors request that the Court overrule the Objection and enter an order confirming the Debtors' authority to make 2015 AIB payments to the Executive Insiders in the ordinary course of business.

Dated: December 16, 2015
      Richmond, Virginia

Respectfully submitted,

  /s/  Henry P. (Toby) Long, III
Tyler P. Brown (VSB No. 28072)
J.R. Smith (VSB No. 41913)
Henry P. (Toby) Long, III (VSB No. 75134)
Justin F. Paget (VSB No. 77949)
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone:  (804) 788-8200
Facsimile:   (804) 788-8218

David G. Heiman (admitted *pro hac vice*)
Carl E. Black (admitted *pro hac vice*)
Thomas A. Wilson (admitted *pro hac vice*)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re: <br><br> Alpha Natural Resources, Inc., et al., <br><br> Debtors. | Chapter 11 <br><br> Case No. 15-33896 (KRH) <br><br> (Jointly Administered) |

**SUPPLEMENTAL DECLARATION OF ROBERT ROMANCHEK IN SUPPORT OF DEBTORS' AUTHORITY TO MAKE PAYMENTS UNDER 2015 ANNUAL INCENTIVE BONUS PLAN**

I, Robert Romanchek, make this Supplemental Declaration under 28 U.S.C. § 1746 and state the following under penalty of perjury:

1. I am a partner and executive committee member with Meridian Compensation Partners, LLC ("Meridian"), a consulting firm that is serving as independent compensation consultant to Alpha Natural Resources, Inc. and certain of its direct and indirect subsidiaries, as debtors and debtors in possession (collectively, the "Debtors").

2. I submit this Supplemental Declaration in further support of the *Motion of the Debtors for Entry of an Order (I) Authorizing Payments Under 2015 Annual Incentive Bonus Plan and (II) Approving Key Employee Incentive Plan for Certain Insider Employees for 2016* (the "Motion").

3. Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

4. I am an expert in executive compensation matters with over 28 years of experience in the field. I have familiarized myself with the Debtors including the terms of the AIB for 2015 and the Debtors' historic practices with respect to the AIB. Further details

NAI-1500704253v5

regarding my qualifications and a description of the Debtors' engagement of Meridian as their independent compensation consultants are provided in the *Declaration of Robert Romanchek in Support of Motion of the Debtors for Entry of an Order (I) Authorizing Payments Under 2015 Annual Incentive Bonus Plan and (II) Approving Key Employee Incentive Plan for Certain Insider Employees for 2016*, which was attached as <u>Exhibit C</u> to the Motion and is incorporated herein.

5.  Except as otherwise indicated, all statements in this Supplemental Declaration are based on my personal experience and knowledge, my discussions with responsible management and professionals of the Debtors and/or my review of relevant documents. If called to testify, I could and would testify to each of the facts set forth herein based on such personal knowledge, discussions and/or review of documents. I am authorized to submit this Declaration on behalf of Meridian.

## **The AIB**

6.  The Debtors have maintained the AIB for at least 11 years, and the Debtors' senior executives (currently, the Executive Insiders) have participated in the AIB since its inception. Early in each calendar year, the Compensation Committee approves financial and operational goals for the AIB. The Compensation Committee also confirms final performance achievement and the applicable payment entitlement.

7.  With the advice of Meridian, for 2015 the Compensation Committee adopted a resolution approving a mix of performance metrics for the AIB at a meeting that occurred on February 25, 2015. A Meridian professional was present at the meeting. The metrics approved pursuant to the resolution were based upon the following six factors:

(a) <u>Profitability</u> (40% of entitlement) calculated with respect to Adjusted EBITDA;[6]

(b) <u>Expense Reduction</u> (25% of entitlement) calculated as the sum of the Debtors' 2015 (i) overhead and (ii) selling, general and administrative expense reductions excluding the effect of the AIB Adjustments;

(c) <u>Liquidity</u> (10% of entitlement) calculated as cash plus marketable securities plus undrawn availability under the Debtors' prepetition revolving credit facility and accounts receivable facility, less letters of credit issued against such facilities, as of December 31, 2015 compared against the 2015 budgeted amount, excluding the effect of the Extraordinary Items;

(d) <u>Gross Debt Reduction</u> (10% of entitlement) calculated as reduction in gross debt balance from January 1, 2015 to December 31, 2015, excluding charges in other debt and debt discount;

(e) <u>Safety</u> (7.5% of entitlement) divided equally between targets based upon (i) the Total Reportable Incident Rate and (ii) Non-Fatal Days Lost ("<u>NFDLs</u>"), which are standards established by the Mine Safety and Health Administration and are widely used by coal companies to judge their safety performance; and

(f) <u>Environmental</u> (7.5% of entitlement) calculated as the number of 2015 water quality exceedances divided by the number of 2015 active National Pollutant Discharge Elimination System outlets, multiplied by 100.[7]

---

[6] For purposes of the AIB, Adjusted EBITDA generally is calculated as follows: income from continuing operations plus interest expense, income tax expense, depreciation, depletion and amortization and amortization of acquired intangibles, less interest income and income tax benefit, excluding the effect of the following (collectively, the "<u>AIB Adjustments</u>"): (a) certain unbudgeted/unfunded litigation or claim judgments and associated fees, civil penalties or settlements; (b) costs, revenue and gains associated with future and completed business combinations, dispositions, reorganizations and/or restructuring programs; (c) unbudgeted/unfunded settlement, business optimization charges and pension funding payments; and (d) certain extraordinary, unusual, infrequent or non recurring items not encompassed in (a), (b) or (c).

[7] For employees working out of the Debtors' principal operating locations, performance under the safety and environmental metrics generally is measured by the applicable Debtors' performance at that location. For employees not based out of operating locations, including all employees working at the Debtors' Bristol, Virginia headquarters, performance under the safety and environmental metrics is calculated globally across all locations.

8. The AIB metrics and targets, as established by the Compensation Committee at the February 25, 2015 meeting, were intended to (a) provide annual cash incentives for eligible employees to reward performance against critical business goals and (b) provide the Executive Insiders with target opportunities consistent with prior years and industry practice. The Debtors have not modified these metrics and targets since they were approved by the Compensation Committee in February of this year.

9. The aggregate cost of the AIB on account of the Executive Insiders for on-target performances across all metrics would have been approximately $3.2 million. As a result of various factors, however, including, among other things, challenging market conditions in the Debtors' industry and the impact on the AIB metrics of the commencement of these chapter 11 cases, I understand that the Executive Insiders' awards under the 2015 AIB likely will be less than their respective target opportunities.

I, the undersigned, declare under penalty of perjury that the foregoing is true and correct.

Executed on December 16, 2015         By:   /s/  Robert Romanchek
                                            Robert Romanchek