IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | **Chapter 11** |
|  | ) |  |
| **ALPHA NATURAL RESOURCES, INC.,** *et al.* | ) | **Case No. 15-33896-KRH** |
|  | ) |  |
| Debtors. | ) | **Jointly Administered** |
|  | ) |  |

**OBJECTION AND RESERVATION OF RIGHTS OF POCAHONTAS
LAND CORPORATION, POCAHONTAS DEVELOPMENT CORPORATION AND
NORFOLK SOUTHERN RAILWAY COMPANY TO DEBTORS' NOTICES OF
POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS
AND UNEXPIRED LEASES AND CURE AMOUNTS**

Pocahontas Land Corporation ("PLC"), Pocahontas Development Corporation ("PDC"), and

Norfolk Southern Railway Company ("Norfolk Southern"), by their undersigned counsel, Frost

Brown Todd LLC and Christian & Barton, LLP, file this objection ("Objection") to the above-

captioned Debtors' (the "Debtors"): *Notice of (A) Potential Assumption and Assignment of*

*Executory Contracts and Unexpired Leases and (B) Cure Amounts* [Docket No. 987] (the "First

Notice"); *Second Notice of (A) Potential Assumption and Assignment of Executory Contracts and*

*Unexpired Leases and (B) Cure Amounts* [Docket No. 1081] (the "Second Notice"); and *Third*

Augustus C. Epps, Jr., Esquire (VSB No. 13254)
Michael D. Mueller, Esquire (VSB No. 38216)
Jennifer M. McLemore, Esquire (VSB No. 47164)
CHRISTIAN & BARTON, LLP
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone:  (804) 697-4100
Facsimile:  (804) 697-6112

*Counsel for Pocahontas Land Corporation, Pocahontas
Development Corporation, and Norfolk Southern
Railway Company*

Ronald E. Gold, Esquire
Adam R. Kegley, Esquire
FROST BROWN TODD LLC
3300 Great American Tower
301 East Fourth Street
Cincinnati, Ohio  45202
Telephone: (513) 651-6156
Facsimile:  (513) 651-6981

*Counsel for Pocahontas Land Corporation, Pocahontas
Development Corporation, and Norfolk Southern
Railway Company*

*Notice of (A) Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and (B) Cure Amounts* [Docket No. 1136] (the "Third Notice," and together with the First Notice and Second Notice, the "Notices"). In support of their Objection, PLC and Norfolk Southern respectfully state:

## BACKGROUND

1.      On August 3, 2015 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Virginia (this "Court").

2.      Upon information and belief, the Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      PLC is one of the largest lessors in these chapter 11 cases; as of the Petition Date, the Debtors and PLC were parties to approximately 400 active leases, contracts and other agreements (collectively, the "PLC Leases").[1] In addition, as of the Petition Date, the Debtors and Norfolk Southern (or its affiliated entities) were parties to certain leases and contracts (collectively, the "Norfolk Southern Leases"), certain of which are administered by PLC as agent for Norfolk Southern (collectively, the "PLC Administered Leases").[2]

4.      On October 22, 2015, the Debtors filed their *Combined Motion for Entry of (A) An Order Establishing Bidding and Sale Procedures for the Potential Sale of Certain Mining Properties and Related Assets and Granting Related Relief and (B) One or More Orders Approving*

---

[1] Any reference to PLC shall also be construed as referring to PDC. Additionally, any and all leases, contracts, and other agreements between PDC and the Debtors are included in the PLC Leases.
[2] On information and belief, the PLC Administered Leases included in the Potentially Assigned Agreements (as defined below) are: NEI-00007, NEI-00008, NEI-00004, NEI-00006, and NEI-00001.

2

*the Sale of Such Properties* [Docket No. 707] pursuant to which the Debtors sought the entry of one

or more orders approving the sale of some or all of the Assets (which are comprised of Assets

relating to closed and idled mines that (a) are not generating revenue for the Debtors' businesses but

(b) impose reclamation, maintenance and other costs on the Debtors' estates) and authorizing the

assumption and assignment of executory contracts and leases (the "Sale Motion").

5.    On November 6, 2015, this Court entered its *Order (I) Approving Bidding and Sale*

*Procedures for Certain Mining Properties and Related Assets, (II) Approving the Form and Manner*

*of Notice of the Related Assumption and Assignment of Executory Contracts and Unexpired Leases,*

*and (III) Scheduling an Auction and Sale Hearing* [Docket No. 855] (the "Bidding Procedures

Order"). The Bidding Procedures Order approved, among other things, procedures to govern the

Debtors' proposed assumption and assignment of certain executory contracts and unexpired leases

and the establishment of cure amounts.

6.    On November 23, 2015, the Debtors filed their First Notice, by which the Debtors

gave notice of their intent to assume and assign certain of the Debtors' unexpired executory

contracts and leases associated with certain of the Debtors' mining assets and operations[3] (the

"Potentially Assigned Agreements" as defined in the First Notice), including certain of the PLC

Leases and certain of the Norfolk Southern Leases. The First Notice also identified the amounts the

Debtors assert as being required to cure any obligations to PLC and Norfolk Southern as a condition

of the assumption and assignment of the PLC Leases and the Norfolk Southern Leases listed among

the Potentially Assigned Agreements (the "Cure Costs" as defined in the First Notice). The Debtors

---

[3] The mining assets are identified in Annex A of the Notice of Filing of Modified Asset Schedule [Docket No. 985]
(the "Assets"). The Assets have been modified per the Debtors' Second Notice of Filing of Modified Asset Schedule
in Connection with Bidding Procedures [Docket No. 1011] and the Notice of Filing of Updated Asset and Permit
Schedules [Docket No. 1077].

subsequently filed the Second Notice and Third Notice, which amend the schedule of Potentially

Assigned Agreements and Cure Costs appended to the First Notice.

7.      The Notices and the Bidding Procedures Order establish January 11, 2016, as the

deadline to object to: (a) the Cure Costs asserted by the Debtors; and (b) the assumption and

assignment of any Potentially Assigned Agreements, other than objections regarding adequate

assurance of future performance by a successful bidder for the Assets. The Notices and the Bidding

Procedures Order establish a separate deadline for objecting to the proposed assumption and

assignment of executory contracts or unexpired leases to a successful purchaser of the Assets.[4]

8.      The Debtors separately filed their *Notice of Auction and Sale Hearing for the Sale of

Certain of the Debtors' Mining Properties* [Docket No. 986] (the "Sale Notice"). The Sale Notice

and Bidding Procedures Order establish January 20, 2016 as the deadline for objections to the

proposed sale(s) of the Assets.[5]

## OBJECTION

9.      PLC and Norfolk Southern object to the Notices and the proposed assumption and

assignment of the PLC Leases and the Norfolk Southern Leases listed among the Potentially

Assigned Agreements for the following reasons.

---

[4] The deadline as established in the Notices and the Bidding Procedures Order is the earlier of: (a) five business days after filing and serving a notice of a successful bid; and (b) two business days before commencing a sale hearing. PLC and Norfolk Southern expressly reserve their right according to the Bidding Procedures Order to object to the assumption and assignment of any of the PLC Leases or the Norfolk Southern Leases to a successful purchaser of the Assets, and nothing in this Objection should be construed as a waiver of such right of PLC and Norfolk Southern.

[5] PLC and Norfolk Southern expressly reserve their right to object to the Sale Motion and a proposed sale(s) of the Assets and nothing in this Objection should be construed as a waiver of such right by PLC and Norfolk Southern.

10.    First, the Notices fail to provide sufficient information for PLC and Norfolk Southern to reasonably determine which of the PLC Leases and the Norfolk Southern Leases are included in the Potentially Assigned Agreements.

11.    Second, PLC and Norfolk Southern object to the Notices and the relief requested by the Debtors to the extent that, upon information and belief, the Debtors have not accurately identified each of the PLC Leases and the Norfolk Southern Leases in the Potentially Assigned Agreements that are associated with the Assets that the Debtors intend to sell as part of the proposed sale(s).

12.    Third, PLC and Norfolk Southern object to the Cure Costs identified in the Notices to the extent that the Cure Costs seek to alter or relieve the Debtors or any proposed assignee of any of the PLC Leases or the Norfolk Southern Leases of any of the requirements under section 365 of the Bankruptcy Code.

13.    Fourth, PLC and Norfolk Southern object to the Notices and the relief requested by the Debtors to the extent that the Debtors do not propose to assume and assign all of the terms, covenants, conditions and obligations under the PLC Leases and the Norfolk Southern Leases, including, without limitation, any and all rights of indemnification, contribution and development for which PLC and Norfolk Southern are entitled from the Debtors pursuant to the PLC Leases and the Norfolk Southern Leases and under applicable law.

14.    Fifth, PLC and Norfolk Southern object to the Notices and the relief requested by the Debtors to the extent that certain of the PLC Leases identified on the schedule of Potentially Assigned Agreements are not executory contracts which can be assumed and assigned by the Debtors under section 365 of the Bankruptcy Code and, instead, are interests in the underlying land.

5

15.     Finally, PLC and Norfolk Southern object to the assumption and assignment of the

PLC Leases and the Norfolk Southern Leases until the Debtors provide adequate assurance of future

performance to PLC and Norfolk Southern under each of the PLC Leases and the Norfolk Southern

Leases that is acceptable to PLC and Norfolk Southern.

**A.**      **Failure to specifically and accurately identify the PLC Leases and the Norfolk Southern Leases or schedule all possible PLC Leases and Norfolk Southern Leases.**

16.     PLC and Norfolk Southern object to the Notices because the Debtors have not

provided sufficient and detailed information for this Court, PLC, and Norfolk Southern to identify

each of the Potentially Assigned Agreements listed in the Notices. As a result, PLC and Norfolk

Southern have been unable to identify each of the PLC Leases and the Norfolk Southern Leases that

are included in the Potentially Assigned Agreements. For example, the Debtors have listed on

Exhibit A to each of the Notices only the contract numbers used *by the Debtors* to identify the

Potentially Assigned Agreements without providing further identifying information, including the

date that each of the Potentially Assigned Agreements were executed, amended, or became

effective. Furthermore, the counterparties listed on Exhibit A to each of the Notices are not

complete and only partially identify the counterparties named on the PLC Leases and the Norfolk

Southern Leases.

17.     On or about December 18, 2015, counsel for PLC contacted counsel for the Debtors

seeking clarification of the Potentially Assigned Agreements listed in the Notices. A copy the

December 18th Letter is attached hereto as Exhibit A. On or about December 30, 2015, counsel for

the Debtors provided counsel for PLC with a supplemental schedule of the PLC Leases prepared by

the Debtors (the "Supplemental Schedule").[6] A copy of the Supplemental Schedule is attached

hereto as Exhibit B. On January 7, 2016, counsel for PLC sent a follow up letter to counsel for the

Debtors setting forth additional issues that PLC and Norfolk Southern were having identifying the

Potentially Assigned Agreements and requesting a call with the Debtors. A copy of the January 7th

Letter is attached hereto as Exhibit C.

18.    While the Supplemental Schedule provides PLC and Norfolk Southern with some

additional clarity, it remains impossible for PLC to definitively identify each of the PLC contracts

and leases listed on the Supplemental Schedule or reconcile each of those PLC contracts and leases

with the Potentially Assigned Agreements scheduled on the Notices due to insufficient and/or

inaccurate identifying information provided by the Debtors.[7]

19.    If the Debtors intend to assume and assign any of the PLC Leases or the Norfolk

Southern Leases, the Debtors must provide detailed information to this Court, PLC, and Norfolk

Southern that properly identifies all PLC Leases and Norfolk Southern Leases. Given the failure of

the Debtors to clearly and accurately identify each of the PLC contracts and leases and the Norfolk

Southern contracts and leases included in the Potentially Assigned Agreements, PLC and Norfolk

Southern cannot reconcile the Notices with their business records and are unable to determine if

there are additional PLC contracts and leases and Norfolk Southern contracts and leases that the

---

[6] Upon information and belief, the Supplemental Schedule incorrectly lists PLC as a contract party or an agent of a contract party for the following leases or contracts (as identified by the Alpha Natural Resources contract number): 1254H, 1254J, KNO-00076, and KNO-00131. Regarding leases or contracts 1254H and 1254J, upon information and belief, PLC is not a party to any leases or contracts with "David L. Francis Trust." Regarding leases or contracts KNO-00076 and KNO-00131, PLC is not affiliated with Pocahontas Gas Partnership and, therefore, is not a party to those leases or contracts.

[7] Specifically, PLC is unable to reconcile the following PLC contracts and leases scheduled by the Debtors in the Potentially Assigned Agreements in the Notices (as identified by Alpha Natural Resources contract number): RIV-00092, DEL-00001, DMC-9, BCL-246, BRS-00030, NEI-00008, NEI-00004, NEI-00013, and NEI-00014.

Debtors intend to assume and assign in connection with the proposed sale(s) of the Assets that are not among the Potentially Assigned Agreements.

20.     PLC and Norfolk Southern believe that the Debtors must amend the Notices and the schedule of Potentially Assigned Agreements to clearly and accurately identify each of the PLC Leases and the Norfolk Southern Leases that the Debtors intend to assume and assign in connection with the proposed sale of the Assets. PLC and Norfolk Southern cannot be bound by any assumption and assignment of the PLC Leases and the Norfolk Southern Leases until each of the PLC Leases and the Norfolk Southern Leases are completely and accurately scheduled by the Debtors and such schedules are filed with this Court (with PLC and Norfolk Southern afforded a reasonable time to review and object as necessary to those amended schedules).

21.     Accordingly, PLC and Norfolk Southern object to the Notices and the relief requested by the Debtors until each of the PLC Leases and the Norfolk Southern Leases that are to be assumed and assigned in connection with the proposed sale(s) of the Assets are clearly identified and properly included in an amended schedule of Potentially Assigned Agreements.

22.     PLC and Norfolk Southern submit that this Court should compel the Debtors to amend the Notices prior to the hearing scheduled on the Sale Motion and that the objection deadline for lessors and contract parties, such as PLC and Norfolk Southern, should be extended to allow for their review of any amended Notices. [8]

---

[8] PLC and Norfolk Southern also reserve their right to review and object to any asset purchase agreement submitted in connection with the proposed sale(s) of the Assets and any accompanying schedules that identify any of the PLC Leases and the Norfolk Southern Leases that a proposed purchaser intends to purchase to ensure that the asset purchase agreement and accompanying schedules of the proposed purchaser (as well as any proposed assumption and assignment agreement for any of the PLC Leases or the Norfolk Southern Leases) conform with the Notices filed by the Debtors and the business records of PLC and Norfolk Southern, among other things.

**B.**    **Objection to Cure Costs.**

23.    PLC and Norfolk Southern object to the Debtors' proposed assumption and assignment of the PLC Leases and the Norfolk Southern Leases absent strict compliance by the Debtors with the requirements of section 365 of the Bankruptcy Code. In accordance with section 365 of the Bankruptcy Code, any assumption and assignment of the PLC Leases and the Norfolk Southern Leases must be conditioned on the Debtors first paying to PLC and Norfolk Southern any and all amounts due and owing under the PLC Leases and the Norfolk Southern Leases through the effective date of the assumption and assignment of such leases, in accordance with section 365(b)(1)(A) of the Bankruptcy Code. *See* 11 U.S.C. § 365(b)(1)(A).[9]

24.    In the Notices, the Debtors assert an aggregate cure amount of $1,199,752.40 with respect to all PLC Leases that are included in the Potentially Assigned Agreements (the "Debtors' Proposed PLC Cure Amount"). PLC disagrees with the Debtors' Proposed PLC Cure Amount and submits that the correct cure amount, with respect to those PLC Leases that PLC has been able to identify, is in the aggregate amount of not less than $4,521,071.40 as of the date of this Objection (the "PLC Cure Amount").[10] Attached as Exhibit D is a schedule setting forth: (a) each of the PLC Leases scheduled in the Potentially Assigned Agreements that PLC has been able to identify; (b) additional PLC Leases that are associated with the Assets; (c) the Debtors' Proposed PLC Cure Amount; and (d) the PLC Cure Amount.

---

[9] Section 365(b)(1)(A) of the Bankruptcy Code provides that "'[i]f there has been a default...the trustee may not assume such contract or lease unless...the trustee...cures, or provides adequate assurance that the trustee will promptly cure, such default.'" *In re Shangra-La, Inc.*, 167 F.3d 843 (4th Cir. 1999), *quoting* 11. U.S.C. § 365(b)(1)(A).

[10] All cure amounts associated with PLC Administered Leases are included in the Debtors' Proposed Cure Amount and the PLC Cure Amount.

25.    The PLC Cure Amount represents the amount currently due and owing to PLC

under each of the PLC Leases that PLC has been able to identify among the Potentially Assigned

Agreements. The amounts owing under each of the PLC Leases and the PLC Cure Amount may

increase prior to the actual effective date of assumption and assignment of any of the PLC Leases if

the Debtors fail to pay all amounts to PLC that accrue or are due and owing after the date of this

Objection.[11] Accordingly, PLC expressly reserves the right to amend or supplement this Objection

and the PLC Cure Amount from time to time or at any time.[12]

26.    Upon information and belief, the Debtors have scheduled nineteen (19) contracts or

leases to which Norfolk Southern is a counterparty.[13] The Debtors assert an aggregate cure amount

of $0.00 for the Norfolk Southern Leases that are included in the Potentially Assigned Agreements

(the "Debtors' Proposed Norfolk Southern Cure Amount"). Norfolk Southern disagrees with the

Debtors' Proposed Norfolk Southern Cure Amount and submits that the correct cure amount totals

---

[11] Under the terms and conditions of the PLC Leases and the Bankruptcy Code, the Debtors remain liable for: (a) post-petition payments due under the PLC Leases, including any and all additional amounts owing for post-petition unmined mineral taxes for which the Debtors are responsible; (b) any and all amounts due and owing under the PLC Leases, but which may be unbilled as of the date of this Objection; (c) satisfying any non-monetary defaults under the PLC Leases; and/or (d) satisfying and/or complying with any and all insurance, indemnification and contribution obligations under each of the PLC Leases. 11 U.S.C. § 365(b)(1)(A) and (B); 11 U.S.C. § 365(d)(1); *see, e.g., In re Pac-West Telecomm, Inc.*, 377 B.R. 119 (Bankr. D. Del. 2007) (debtor has statutory obligation to perform continuing obligations under unexpired nonresidential lease until lease is assumed or rejected). Any sale order entered by this Court should clearly state that the Debtors will assume and assign these lease and contractual obligations and pay them when due, regardless of whether they relate to the period prior to, or after, the closing of any sale and assignment of a PLC Lease. In addition, any provision in any sale order entered by this Court that purports to release the Debtors or any assignee of a PLC Lease of further liability based upon a payment of cure amounts must specify that such release does not apply to obligations to pay accrued or accruing, but unbilled, charges that come due under the PLC Leases.

[12] PLC and Norfolk Southern are only able to provide the information presently available regarding amounts owing by the Debtors, while reserving the right to amend this Objection as necessary to include any additional or unknown charges that arise. There is no basis to impose upon PLC and Norfolk Southern the equivalent of an administrative bar date, limiting their recourse to recover charges to which they are entitled under the PLC Leases and the Norfolk Southern Leases.

[13] After reduction for PLC Administered Leases.

$1,170.48 as of the date of this Objection (the "Norfolk Southern Cure Amount").[14] Attached as

Exhibit E is a schedule setting forth: (a) each of the Norfolk Southern Leases that are scheduled in

the Potentially Assigned Agreements that Norfolk Southern has been able to identify; (b) the

Debtors' Proposed Norfolk Southern Cure Amount; and (c) the Norfolk Southern Cure Amount.

27.    The Norfolk Southern Cure Amount represents the aggregate amount currently due

and owing to Norfolk Southern under each of the Norfolk Southern Leases that the Debtors intend

to assume and assign in connection with the proposed sale(s) of the Assets. The amounts owing

under the Norfolk Southern Leases and the Norfolk Southern Cure Amount may increase prior to

the actual effective date of assumption and assignment of any of the Norfolk Southern Leases if the

Debtors fail to pay to Norfolk Southern all amounts that accrue or are due and owing after the date

of this Objection.[15] Accordingly, Norfolk Southern expressly reserves, without limitation, the right

to amend or supplement this Objection, to object to the Cure Costs, and to propose alternative

Norfolk Southern Cure Costs from time to time or at any time.

28.    In addition, the Debtors are also liable for and must cure, as part of any assumption

and assignment of the PLC Leases or the Norfolk Southern Leases, any and all defaults of any and

---

[14] Based on the Norfolk Southern Leases that Norfolk Southern was able to identify as of the date of this Objection.

[15] Under the terms and conditions of the Norfolk Southern Leases and the Bankruptcy Code, the Debtors remain liable for: (a) post-petition payments due under the Norfolk Southern Leases, including any and all additional amounts owing for post-petition unmined mineral taxes for which the Debtors are responsible; (b) any and all amounts due and owing under the Norfolk Southern Leases, but which may be unbilled as of the date of this Objection; (c) satisfying any non-monetary defaults under the Norfolk Southern Leases; and/or (d) satisfying and/or complying with any and all insurance, indemnification and contribution obligations under each of the Norfolk Southern Leases.11 U.S.C. § 365(b)(1)(A) and (B); 11 U.S.C. § 365(d)(1); *see, e.g.*, *In re Pac-West Telecomm, Inc.*, 377 B.R. 119 (Bankr. D. Del. 2007) (debtor has statutory obligation to perform continuing obligations under unexpired nonresidential lease until lease is assumed or rejected). Any sale order entered by this Court should clearly state that the Debtors will assume and assign these lease and contractual obligations and pay them when due, regardless of whether they relate to the period prior to, or after, the closing of any sale and assignment of the Norfolk Southern Lease. In addition, any provision in any sale order entered by this Court that purports to release the Debtors or any assignee of a Norfolk Southern Lease of further liability based upon a payment of cure amounts must specify that such release does not apply to obligations to pay accrued or accruing, but unbilled, charges that come due under the Norfolk Southern Leases.

all express and implied development covenants and obligations in the PLC Leases and the Norfolk Southern Leases as a result of the cessation or the idling by the Debtors of their mining operations on the leased premises (as defined in each of the PLC Leases and the Norfolk Southern Leases).

29.    PLC and Norfolk Southern are also entitled to attorneys' fees as part of the Cure Costs to the extent that any of the PLC Leases or the Norfolk Southern Leases so provide. *See, e.g.,* *In re Crown Books Corp.*, 269 B.R. 12 (Bankr. D. Del. 2001) (fees and costs recoverable as part of cure amounts under 11 U.S.C. § 365(b)(1)). PLC and Norfolk Southern seek fees in the amount of $1,500 for each of the PLC Leases and the Norfolk Southern Leases that are assumed and assigned as part of the proposed sale(s) of the Assets.

30.    Furthermore, each of the PLC Leases and the Norfolk Southern Leases impose certain contractual obligations on the Debtors including, without limitation, indemnification and contribution obligations that arise out of litigation or other claims that may be asserted or threatened against PLC and Norfolk Southern in connection with the PLC Leases and the Norfolk Southern Leases and the Debtors' mining operations, as well as express and implied development covenants and obligations. Each of these indemnification, contribution, and development covenants and obligations must be assumed, paid, and otherwise cured by the Debtors if any of the PLC Leases or the Norfolk Southern Leases are to be assumed and assigned by the Debtors in connection with the proposed sale of the Assets. PLC and Norfolk Southern object to the Proposed Cure Amount to the extent that the Proposed Cure Amount fails to include any amounts related to the indemnification, contribution, and development covenants and obligations for which the Debtors are responsible to PLC and Norfolk Southern under each of the PLC Leases and the Norfolk Southern Leases including, without limitation, any and all amounts or obligations that arise out of: (i) those certain consent decrees entered into in Case Nos. 2:13-cv-12500 and 2:13-cv-14877, both styled as *West*

12

*Virginia Highlands Conservancy et al. v. Pocahontas Land Corporation* (the "Consent Decrees"); (ii) Case No. 15-cv-15515, styled as *Ohio Valley Environmental Coalition, Inc., West Virginia Highlands Conservancy Inc., and Sierra Club v. Pocahontas Land Corporation*, pending before the United States District Court for the Southern District of West Virginia (the "Pending Sierra Club Litigation"); and (iii) Civil Action No. 10-C-65, styled as *Roger Phillips et ux v. Pocahontas Land Corporation, Alpha Natural Resources, LLC, Nicewonder Contracting, Inc., White Flame Energy, Inc., Cobra Natural Resources, LLC and Equitable Production Company*, pending in the Circuit Court for Mingo County, West Virginia (the "Pending Flood Litigation").[16]

31.     There also may be unknown and/or unasserted claims (among various other types of claims and liabilities) against PLC or Norfolk Southern that could presently exist or may exist in the future, for which the Debtors may be obligated to indemnify and defend PLC, Norfolk Southern, and/or their affiliated or related parties under the PLC Leases and the Norfolk Southern Leases. PLC and Norfolk Southern reserve their rights under the PLC Leases, the Norfolk Southern Leases, and applicable law to assert against the Debtors or any other appropriate party, including any assignee of any of the PLC Leases or the Norfolk Southern Leases, any and all amounts that may be due and owing to PLC, Norfolk Southern, or their affiliated or related parties for the indemnification and contribution obligations under the PLC Leases and the Norfolk Southern Leases.[17]

---

[16] The Pending Flood Litigation includes Civil Action No. 10-C-90, styled as *May v. Pocahontas Land Corporation, et al.*, Civil Action No. 11-C-292, styled as *Sammons v. Pocahontas Land Corporation , et al.*, and Civil Action No. 10-C-272, styled as *Kinder v. Pocahontas Land Corporation, et al.*, all pending in the Circuit Court for Mingo County, West Virginia.

[17] In addition, nothing in any order approving the relief requested in the Sale Motion should preclude PLC or Norfolk Southern from pursuing the Debtors' its insurance, or any other party that may be liable under the PLC Leases or the Norfolk Southern Leases and PLC and Norfolk Southern request that any proposed sale order specifically preserve the right of PLC and Norfolk Southern to pursue such rights irrespective of any resolution of cure amounts herein.

32.     In addition, and without waiving any of the foregoing, PLC and Norfolk Southern expressly reserve their right to object to any additional Cure Amount or propose alternative cure amounts, as necessary, for each of the PLC Leases and the Norfolk Southern Leases that the Debtors have failed to schedule or have not accurately scheduled as part of the Potentially Assigned Agreements but the Debtors intend to assume and assign in connection with the proposed sale(s) of the Assets (or that may be identified by a prospective purchaser of the Assets in a proposed asset purchase agreement).

33.     Section 365(b)(1)(A) requires that the Debtors promptly cure outstanding balances due under the PLC Leases and the Norfolk Southern Leases upon assumption and assignment.  To the extent there is a dispute over the total cure obligation for any PLC Lease or a Norfolk Southern Lease, all undisputed cure amounts should be paid immediately to PLC or Norfolk Southern.  The Debtors should escrow disputed cure amounts, and this court should set a status conference within thirty (30) days of the assumption and assignment of and PLC Lease or Norfolk Southern Lease to deal with any disputes that remain unresolved after such period.

**C.     Assumption and assignment of all terms, conditions, and obligations under the PLC Leases and the Norfolk Southern Leases.**

34.     If the Debtors propose to assume and assign the PLC Leases and the Norfolk Southern Leases, the Debtors must assume and assign the PLC Leases and the Norfolk Southern Leases in their entirety, including any and all conditions, covenants, obligations and terms contained in each of the PLC Leases and the Norfolk Southern Leases. *See, e.g.*, *In re New York Skyline, Inc.*, 432 B.R. 66, 77 (Bankr. S.D.N.Y. 2010) (citations omitted) ("When a debtor assumes the lease…it must assume both the benefits and burdens of the contract. Neither the debtor nor the bankruptcy court may exercise material obligations owing to the non-debtor contracting party."). PLC and

14

Norfolk Southern object to the relief requested by the Debtors to the extent that the Debtors do not propose to assume and assign to a proposed purchaser of the Assets all of the terms, conditions, covenants, and obligations under each of the PLC Leases and the Norfolk Southern Leases, including, without limitation, any and all covenants and obligations for reclamation, indemnification, contribution, and development, and any and all non-monetary covenants, conditions, obligations and terms for which the Debtors are responsible pursuant to each of the PLC Leases and the Norfolk Southern Leases. The Debtors cannot assume and assign the PLC Leases or the Norfolk Southern Leases to any proposed assignee without providing adequate assurance that any and all covenants, conditions, terms, and obligations under each of the PLC Leases and the Norfolk Southern Leases will be fully assumed and satisfied by the proposed assignee. *See, e.g., In re E-Z Convenience Stores, Inc.*, 289 B.R. 45, 49 (Bankr. M.D. N.C. 2003) (citations omitted) ("When an executory contract or lease is assumed, it must be assumed *cum onere*, with all of its benefits and burdens…Debtors cannot assume favorable positions of a lease and reject unfavorable provisions or rewrite the terms when assuming a lease.").

35.     Furthermore, the Debtors cannot assume and assign the PLC Leases and the Norfolk Southern Leases on an individual basis when the PLC Leases and the Norfolk Southern Leases derive from a particular Asset or from related agreements, *i.e.*, a master lease agreement. *See, e.g., In re Buffets Holdings, Inc.*, 387 B.R. 115, 128 (Bankr. D. Del. 2008) (debtor could not assume or reject individual leases but had to assume or reject the master lease and all related agreements as a whole, where evidence established that master leases governed all related leases); *In re Kopel*, 232 B.R. 57 (Bankr. E.D. N.Y. 1999) (lease and related agreements constituted an entire transaction; debtor could not assume one agreement without curing defaults on others).

15

36.     For example, as set forth in the Notices of the Potentially Assigned Agreements, the

Debtors are proposing to assume and assign certain of the PLC Leases associated with the

Rockspring Mine Complex.[18] Each of the PLC Leases that the Debtors are proposing to assume and

assign for the Rockspring Mine Complex derive from that certain Master Lease Agreement dated

March 12, 1971 (the "Rockspring Master Lease Agreement"). The Debtors must assume and assign

the Rockspring Master Lease Agreement and all associated PLC Leases.[19] The Debtors cannot

cherry pick the PLC Leases associated with the Rockspring Mine Complex and assume and assign

those PLC Leases scheduled on the Potentially Assigned Agreements on an individual basis.   The

Debtors must assume and assign the Rockspring Master Lease Agreement in its entirety. *See, e.g.,*

*In re Buffets Holdings, Inc.*, 387 B.R. 115, 128 (Bankr. D. Del. 2008), *supra*; *In re Kopel*, 232 B.R.

57 (Bankr. E.D. N.Y. 1999), *supra*.

37.     PLC and Norfolk Southern object to the relief requested by the Debtors to the extent

that the Debtors do not propose to assume and assign all obligations, terms, and conditions related to

the Consent Decrees, the Pending Sierra Club Litigation, and the Pending Flood Litigation for

which the Debtors are responsible to PLC and Norfolk Southern under each of the PLC Leases, the

Norfolk Southern Leases, and applicable law. *See, e.g., Citibank, N.A. v. Tele/Resources, Inc.*, 724

F.2d 266 (2nd Cir. 1983) ("An assignment does not modify the terms of the underlying contract. It

is a separate agreement between the assignor and the assignee which merely transfers the assignor's

contract rights, leaving them in full force and effect as to the party charged....Insofar as an

---

[18] Those leases, as identified by Alpha Natural Resources contract number, are: NEI-00007, NEI-00008, NEI-00004, NEI-00006, NEI-00001, NEI-00013, and NEI-00013.
[19] This includes the following leases related to the Rockspring Mine Complex that the Debtors have failed to schedule in the Notices: (a) that certain Master Sublease Agreement dated December 15, 1988; (b) that certain Amendment Two to Master Sublease dated February 26, 1991; (c) that certain Amendment Three to Master Sublease dated August 7, 1991; and (d) that certain Partial Assignment dated August 7, 1991.

assignment touches on the obligations of the other party to the underlying contract, the assignment moves into the shoes of the assignor.") (citations omitted).

38.     Any order approving any proposed assumption and assignment of any or all of the PLC Leases or the Norfolk Southern Leases, which may be entered over the objection of PLC and Norfolk Southern, must clearly provide that such assumption and assignment is pursuant to the express terms of the PLC Leases and the Norfolk Southern Leases. This includes, without limitation, that any assignee of the PLC Leases or the Norfolk Southern Leases continues to be responsible for any and all reclamation obligations, express and implied development covenants and obligations, and indemnification and contribution obligations under the PLC Leases or the Norfolk Southern Leases, regardless of when such covenants or obligations arose (and regardless of whether any such reclamation, indemnification, express and implied development covenants, and contribution obligations are known or unknown, liquidated or unliquidated, due or to become due, accrued or unaccrued, or otherwise).

39.     PLC and Norfolk Southern also request that any order approving the assumption and assignment of the PLC Leases or the Norfolk Southern Leases, which may be entered over the objection of PLC and Norfolk Southern, provide that any assignee of the PLC Leases or the Norfolk Southern Leases will be responsible for all accrued but unbilled charges under the PLC Leases or the Norfolk Southern Leases, whether accruing prior to or after the effective date of assumption and assignment of the PLC Leases or the Norfolk Southern Leases, when such charges become due in accordance with the terms of the PLC Leases or the Norfolk Southern Leases. This result is mandated by the requirement that the Debtors cure all arrears under the PLC Leases and the Norfolk Southern Leases and that the Debtors provide adequate assurance of future performance to PLC and Norfolk Southern. *See* 11 U.S.C. § 365(b)(1); *see also Matter of GP Exp. Airlines, Inc.*, 200 B.R.

222 (Bankr. D. Neb. 1996) (debtor cannot assume a contract or lease unless the debtor cures all defaults and provides assurance of future performance).

40.    Ultimately, any assumption and assignment of the PLC Leases and the Norfolk Southern Leases must be conditioned upon, among other things: (a) full compliance by the Debtors with section 365 of the Bankruptcy Code, including, but not limited to, PLC and Norfolk Southern receiving adequate notice and a sufficient opportunity to be heard with respect to any proposed assumption and assignment of any PLC Lease or Norfolk Southern Lease; (b) the payment to PLC or Norfolk Southern of all amounts due and owing under any PLC Lease or Norfolk Southern Lease through the effective date of assumption and assignment of the PLC Lease or the Norfolk Southern Lease; (c) the provision by the Debtors and/or the proposed assignee of a PLC Lease or a Norfolk Southern Lease of sufficient adequate assurance of future performance information; and (d) PLC and Norfolk Southern being provided with sufficient time and opportunity to submit any objections (to the extent deemed necessary) regarding the proposed adequate assurance of future performance, with the opportunity to prepare for any hearing with respect to any proposed assumption and assignment of any PLC Lease or Norfolk Southern Lease. Until such time as the Debtors furnish to PLC and Norfolk Southern proper adequate assurance information and any information regarding a proposed assignee of a PLC Lease or a Norfolk Southern Lease, PLC and Norfolk Southern reserve their rights to evaluate that adequate assurance information and to object to the proposed sale of the Assets and the assumption and assignment of any of the PLC Leases or the Norfolk Southern Leases.[20]

---

[20] PLC and Norfolk Southern submit that the Debtors must provide PLC and Norfolk Southern with the following adequate assurance information in connection with the proposed assumption and assignment of the PLC Leases and the Norfolk Southern Leases: (a) any and all information provided to the Debtors by any proposed purchaser(s) of the Assets in connection with their bid(s) to purchase the Assets; (b) copies of the proposed assignee's balance

41.     In addition, and without waiving any of the foregoing objections, PLC submits that
certain of the PLC contracts and leases scheduled by the Debtors in the Notices are not executory
contracts and leases that cannot be assumed and assigned by the Debtors as part of the proposed
sale(s) of the Assets. Specifically, and without limitation, the Debtors have scheduled as a
Potentially Assumed Agreement certain right of way/easement agreements between PLC and the
Debtors. PLC objects to the characterization by the Debtors of these right of way/easement
agreements as executory contracts and submits that these right of way/easement agreements are
interests in the underlying land and the Debtors may not sell their interests in the underlying land
free and clear of the right of way/easement agreements granted to and in favor of PLC. *See, e.g.*,
*U.S. v. Blackman*, 270 Va. 68, 613 S.E.2d 442 (Va. 2005) (holding that an easement appurtenant
runs with the land); *In re Oyster Bay Cove, Ltd.*, 196 B.R. 251, 255-256 (E.D. N.Y. 1996) ("absent
the consent of the owner of the easement or the easement being in a bona fide dispute, the
Bankruptcy Code does not even allow the Bankruptcy Court to authorize a sale of the property 'free
and clear' of an easement"). All rights of PLC to further object to the Sale Motion and the proposed
sale(s) of the Assets as said sale(s) may impact these specific right of way/easement agreements are
reserved by PLC.

42.     Finally, PLC and Norfolk Southern object at this time to the assumption and
assignment of any of the PLC Leases or the Norfolk Southern Leases to the extent that the
provisions in the PLC Leases or the Norfolk Southern Leases prohibit the assumption and

---

sheets and cash flow statements; (c) copies of the proposed assignee's financial projections for the Assets to be
purchased and the PLC Leases and the Norfolk Southern Leases to be assumed and assigned; (d) copies of any and
all mining plans of the proposed assignee for the PLC Leases and the Norfolk Southern Leases; (e) copies of the
business plan for the mine and mining operations proposed to be purchased by the proposed assignee of the PLC
Leases and the Norfolk Southern Leases; (f) copies of cash flow projections for the mining operations proposed to
be purchased for the next 24 months; and (g) evidence of the ability of the proposed assignee to obtain reclamation
bonds and comply with any and all reclamation requirements under applicable law.

assignment of the PLC Leases and the Norfolk Southern Leases by the Debtors without the consent of PLC or Norfolk Southern.

## **RESERVATION OF RIGHTS**

43.     Nothing in this Objection is intended to be, or should be construed as, a waiver by PLC or Norfolk Southern of any of their rights under any of the PLC Leases, the Norfolk Southern Leases, the Bankruptcy Code, or applicable law. PLC and Norfolk Southern expressly reserve all such rights, including, without limitation, the right to (a) supplement and/or amend this Objection and to assert any additional objections with respect to any proposed assumption and assignment of the PLC Leases or the Norfolk Southern Leases on any and all grounds; (b) assert any and all additional objections with the Debtors' Cure Costs and amend or supplement any objections thereto; (c) assert any nonmonetary defaults under the PLC Leases or Norfolk Southern Leases; (d) assert any rights for indemnification or contribution against the Debtors arising under the PLC Leases or Norfolk Southern Leases; (e) assert any additional objections to the assumption and assignment of the PLC Leases or the Norfolk Southern Leases to a proposed purchaser of the Assets; and (f) assert any objections to the Sale Motion and the proposed sale(s) of the Assets.

## **JOINDER**

44.     PLC and Norfolk Southern join in any objections filed by other lessors and parties in interest to the extent that they are not inconsistent with this Objection.

WHEREFORE, PLC and Norfolk Southern respectfully requests that this Court (a) sustain this Objection and (b) grant PLC and Norfolk Southern such other and further relief as this Court deems just and appropriate under the circumstances.

Dated:  January 11, 2016

POCAHONTAS LAND CORPORATION,
POCAHONTAS DEVELOPMENT
CORPORATION and NORFOLK SOUTHERN
RAILWAY COMPANY

By: s/ Augustus C. Epps, Jr.
Augustus C. Epps, Jr., Esquire (VSB No. 13254)
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone:  (804) 697-4100
Facsimile:  (804) 697-6112

and

Ronald E. Gold, Esq. (Ohio Bar No. 0061351)
Adam R. Kegley, Esq. (Ky. Bar No. 87494)
FROST BROWN TODD LLC
3300 Great American Tower
301 East Fourth Street
Cincinnati, Ohio  45202
Telephone:  (513) 651-6800
Facsimile:  (513) 651-6981

*Counsel for Pocahontas Land
Corporation, Pocahontas Development
Corporation and Norfolk Southern
Railway Company*

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2016, a copy of the foregoing was served by email or mail on the parties shown on the attached Exhibit F (as required by the *Order Establishing Certain Notice, Case Management and Administrative Procedures* (Docket No. 111)) and on the following parties by first class mail:

Richard H. Verheij, Esquire
Alpha Natural Resources Inc.
One Alpha Place
P.O. Box 16429
Bristol, Virginia 24209

Jeffrey B. Ellman, Esquire
Jones Day
1420 Peachtree St. NE, Suite 800
Atlanta, Georgia 30309

Evan R. Fleck, Esquire and
Eric K. Stodola, Esquire
Milbank, Tweed, Hadley & McCloy LLP
28 Liberty Street
New York, New York 10005

Damian S. Schaible, Esquire
Damon P. Meyer, Esquire
Davis Polk & Wardwell LLP
450 Lexington Avenue,
New York, New York 10017

Paul M. Basta, Esquire
Stephen E. Hessler, Esquire
Brian E. Schartz Esquire
Kirkland & Ellis LLP
601 Lexington Ave.
New York, New York, 10022

Carl E. Black, Esquire
Jones Day
North Point
901 Lakeside Avenue
Cleveland Ohio 44114

Tyler P. Brown, Esquire
Hunton & Williams LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219

William A Gray, Esquire
Sands Anderson PC
P.O. Box 1998
Richmond, Virginia 23218

Dion W. Hayes, Esquire
Sarah B. Boehm, Esquire
K. Elizabeth Sieg, Esquire
McGuireWoods LLP,
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219

Michael A. Condyles, Esquire
Kutak Rock LLP
1111 East Main Street, Suite 800
Richmond, Virginia 23219

/s/ Augustus C. Epps, Jr.
Augustus C. Epps, Jr.0126327.0629367   4810-

7045-7132v2

# **Exhibit A**



**Ronald E Gold**
Member
513.651.6156 (t)
513.651.6981 (f)
rgold@fbtlaw.com

December 18, 2015

**VIA EMAIL**

Jeffrey B. Ellman, Esq.
Jones Day
1420 Peachtree Street, Suite 800
Atlanta, GA  30309

Re:    In re Alpha Natural Resources, Inc., et al., Case No. 15-33896

Dear Jeff:

As you know, we represent Pocahontas Land Company ("PLC") in the Debtors' chapter 11 cases. PLC is currently reviewing the various schedules (the "Proposed Assumption Schedules") filed by the Debtors of the contracts and leases that may be assumed and assigned as part of the proposed sale. As you may know, PLC and the Debtors are parties to in excess of 400 contracts and leases.

In reviewing the Proposed Assumption Schedules, PLC is having difficulty reconciling their records with the specific PLC contracts and leases that are listed by the Debtors on the Proposed Assumption Schedules. For example, for certain of mines and permits that are proposed to be sold by the Debtors, there is more than one contract and lease with PLC. In reviewing the records of PLC, because the Debtors did not provide specific information as to the contract or lease date or other information in the Proposed Assumption Schedules, PLC is uncertain whether the Debtors have scheduled all relevant contracts and leases for a mine and permit. Better stated, PLC believes that the Debtors' proposed Assumption Schedules may not be complete.

We would like to schedule a call with the Debtors and its business representatives to discuss the Proposed Assumption Schedules. Given the fast approaching January 11th deadline, we would like to schedule this call as soon as possible.

Jeffrey B. Ellman
December 18, 2015
Page 2


Thank you in advance.  We look forward to hearing from you.

Regards,

**FROST BROWN TODD LLC**

Ronald E Gold


REG:mj

cc:   Kevin Andris, Esq. (via email)
      Adam Kegley, Esq. (via email)
      Gus Epps, Esq. (via email)

0126327.0629367  4838-6724-7148v1

# **Exhibit B**

Exhibit B
Supplemental Schedule

| Complex | ANR Contract / Asset # | Execution Date | Cure Amount | Description | Debtor | Creditor Name |
|---|---|---|---|---|---|---|
| Litwar Complex | RIV-00017.012 | 8/5/2002 | $ | Memorandum of Understanding | Riverside Energy Company, LLC | Pocahontas Land Corporation |
| Litwar Complex | RIV-00026 | 9/1/1983 | $ | Real Estate Lease - In (Debtor Entity As Lessee) | Riverside Energy Company, LLC | Pocahontas Land Corporation |
| Litwar Complex | RIV-00092 | 7/1/1979 | $    350.00 | Real Estate Lease - In (Debtor Entity As Lessee) | Riverside Energy Company, LLC | Pocahontas Land Corporation |
| Delbarton Complex | DEL-00001 | 6/27/2000 | $ | Real Estate Lease - In (Debtor Entity As Lessee) | Delbarton Mining Company | Pocahontas Land Corporation |
| Delbarton Complex | DMC-1 | 6/27/2000 | $  212,968.66 | Real Estate Lease - In (Debtor Entity As Lessee) | Delbarton Mining Company | Pocahontas Land Corporation |
| Delbarton Complex | DMC-9 | 6/7/2001 | $  313,193.66 | Real Estate Lease - In (Debtor Entity As Lessee) | Delbarton Mining Company | Pocahontas Land Corporation |
| Delbarton Complex | DMC-10 | 8/7/2001 | $   44,018.79 | Real Estate Lease - In (Debtor Entity As Lessee) | Delbarton Mining Company | Pocahontas Land Corporation |
| Delbarton Complex | DEL-00001.003 | 2/28/2008 | $ | Right of Way Agreement / Easement | Delbarton Mining Company | Pocahontas Land Corporation |
| Delbarton Complex | DEL-00001.005 | 12/16/2010 | $ | Right of Way Agreement / Easement | Delbarton Mining Company | Pocahontas Land Corporation |
| Bandmill Complex | 128-041 | 8/1/1997 | $ | Real Estate Lease - In (Debtor Entity As Lessee) | Boone East Development Co. | POCAHONTAS DEVELOPMENT CORPORATION |
| Sidney Complex | 1000 | 8/1/1989 | $ | Coal Lease | Lauren Land Company | POCAHONTAS DEVELOPMENT CORPORATION |
| Sidney Complex | BCL-179 | 4/28/2004 | $ | Coal Lease | Lauren Land Company | POCAHONTAS DEVELOPMENT CORPORATION |
| Sidney Complex | BCL-246 | 11/12/2008 | $ | Coal Lease | Lauren Land Company | POCAHONTAS LAND CORPORATION |
| Sidney Complex | BCL-74 | 1/31/1992 | $ | Coal Lease | Lauren Land Company | Pocahontas Land Corporation |
| Sidney Complex | BCL-75 | 1/31/1992 | $ | Coal Lease | Lauren Land Company | Pocahontas Land Corporation |
| Sidney Complex | BCL-79 | 2/22/1993 | $ | Coal Lease | Lauren Land Company | Pocahontas Land Corporation |
| Cobra | BRS-00028 | 10/1/1987 | $   40,770.06 | Real Estate Lease - In (Debtor Entity As Lessee) | Brooks Run South Mining, LLC | Pocahontas Land Corporation |
| Cobra | BRS-00030 | 5/10/1990 | $         - | Real Estate Lease - In (Debtor Entity As Lessee) | Brooks Run South Mining, LLC | Pocahontas Land Corporation |
| Premium Energy | PRE-00105 | 7/26/2004 | $         - | License Agreement | Premium Energy, LLC | Pocahontas Land Corporation |
| Premium Energy | PRE-00107 | 4/7/2009 | $         - | License Agreement | Premium Energy, LLC | Pocahontas Land Corporation |
| Rawl | 1254H | 3/3/1998 | $         - | Real Estate Lease - In (Debtor Entity As Lessee) | Rawl Sales & Processing Co. | David L. Francis Trust & Pocahontas Land Corp |
| Rawl | 1254H | 3/3/1998 | $         - | Real Estate Lease - In (Debtor Entity As Lessee) | Rawl Sales & Processing Co. | David L. Francis Trust & Pocahontas Land Corp |
| Rawl | 1254H | 3/3/1998 | $         - | Real Estate Lease - In (Debtor Entity As Lessee) | Rawl Sales & Processing Co. | David L. Francis Trust & Pocahontas Land Corp |
| Rawl | 1254J | 10/6/1999 | $         - | Real Estate Lease - In (Debtor Entity As Lessee) | Rawl Sales & Processing Co. | David L. Francis Trust & Pocahontas Land Corp |
| Rawl | 1254J | 10/6/1999 | $         - | Real Estate Lease - In (Debtor Entity As Lessee) | Rawl Sales & Processing Co. | David L. Francis Trust & Pocahontas Land Corp |
| Rawl | 1254J | 10/6/1999 | $         - | Real Estate Lease - In (Debtor Entity As Lessee) | Rawl Sales & Processing Co. | David L. Francis Trust & Pocahontas Land Corp |
| Rawl | TV-1000 | 8/1/1989 | $         - | Real Estate Lease - In (Debtor Entity As Lessee) | Rawl Sales & Processing Co. | Pocahontas Development Corporation |
| Rawl | Agreement | 11/25/1994 | $         - | Real Estate Lease - In (Debtor Entity As Lessee) | Rawl Sales & Processing Co. | Pocahontas Development Corporation |
| Rawl | Agreement | 2/3/1995 | $         - | Real Estate Lease - In (Debtor Entity As Lessee) | Rawl Sales & Processing Co. | Pocahontas Land Corp & Pocahontas Development Corporation |
| Rawl | Agreement | 1/1/1998 | $         - | Real Estate Lease - In (Debtor Entity As Lessee) | Rawl Sales & Processing Co. | Pocahontas Land Corp & Pocahontas Development Corporation |
| Rawl | Partial Assignment | 7/12/2000 | $         - | Real Estate Lease - In (Debtor Entity As Lessee) | Rawl Sales & Processing Co. | Pocahontas Land Corp & Pocahontas Development Corporation |
| Rawl | BCL-79 | 2/22/1993 | $   23,647.00 | Coal Lease Agreement | Lauren Land Company | Pocahontas Development |
| Twin Star & Buchanan | BUC-00011.001 | 8/30/1991 | $         - | Right of Way Agreement / Easement | Buchanan Energy Company, LLC | Pocahontas Gas Partnership |
| Cucumber | ALR-00620 | 12/10/1999 | $         - | Real Estate Lease-in | Alpha Land and Reserves, LLC | Pocahontas Land Corporation |
| Knox Creek | KNO-00076 | 5/3/1994 | $         - | Real Estate Lease - In (Debtor Entity As Lessee) | Knox Creek Coal Corporation | Pocahontas Gas Partnership |
| Knox Creek | KNO-00131 | 2/13/2002 | $         - | Sublease - In (Debtor As Sub lessee) | Knox Creek Coal Corporation | Pocahontas Land Corporation |
| Knox Creek | BCL-246 | 11/12/2008 | $         - | Real Estate Lease-in | Lauren Land Company | Pocahontas Land Company |
| Martin County Coal | MCC-00070 | 6/1/1969 | $         - | Real Estate Lease - In (Debtor Entity As Lessee) | Martin County Coal Corporation | Pocahontas Development Corporation |
| Martin County Coal | MCC-00071 | 7/1/1972 | $         - | Real Estate Lease - In (Debtor Entity As Lessee) | Martin County Coal Corporation | Pocahontas Development Corporation |
| Martin County Coal | MCC-00070.006 | 9/1/1987 | $         - | Overriding Royalty Agreement | Martin County Coal Corporation | Pocahontas Development Corporation |
| Martin County Coal | MCC-00071.005 | 5/6/1985 | $         - | Right of Way Agreement / Easement | Martin County Coal Corporation | Pocahontas Development Corporation |
| Martin County Coal | MCC-00071.001 | 5/14/1981 | $         - | Sublease - Out (Debtor As Sub lessor) | Martin County Coal Corporation | Pocahontas Development Corporation |
| Rockspring Mine | NEI-00007 | 10/30/1998 | $         - | Real Estate Lease - In (Debtor Entity As Lessee) | Neweagle Industries, Inc. | Norfolk Southern Railway Company, By Its Agent, Pocahontas Land Corporation |
| Rockspring Mine | NEI-00008 | 1/31/1994 | $   51,473.24 | Real Estate Lease - In (Debtor Entity As Lessee) | Neweagle Industries, Inc. | Norfolk Southern Railway Company, By Its Agent, Pocahontas Land Corporation |
| Rockspring Mine | NEI-00004 | 1/31/1994 | $         - | Sublease - In (Debtor As Sub lessee) | Neweagle Industries, Inc. | Pocahontas Land Corporation |
| Rockspring Mine | NEI-00006 | 3/18/2014 | $  482,409.09 | Real Estate Lease - In (Debtor Entity As Lessee) | Neweagle Industries, Inc. | Pocahontas Land Corporation Agent Of Southern Region Industrial Reality, Inc. |
| Rockspring Mine | NEI-00001 | 6/1/2004 | $   30,921.90 | Real Estate Lease - In (Debtor Entity As Lessee) | Neweagle Industries, Inc. | Norfolk Southern Tower, LLC By Its Agent, Pocahontas Land Corporation |
| Rockspring Mine | NEI-00013 | 1/31/1994 | $         - | Real Estate Lease - In (Debtor Entity As Lessee) | Neweagle Industries, Inc. | Pocahontas Land Corporation |
| Rockspring Mine | NEI-00014 | 1/31/1994 | $         - | Sublease - In (Debtor As Sub lessee) | Neweagle Industries, Inc. | Pocahontas Land Corporation |

# **Exhibit C**



**Ronald E Gold**
Member
513.651.6156 (t)
513.651.6981 (f)
rgold@fbtlaw.com

January 7, 2016

**VIA EMAIL**

Jeffrey B. Ellman, Esq.
Jones Day
1420 Peachtree Street, Suite 800
Atlanta, GA  30309

Re:   **In re Alpha Natural Resources, Inc., et al. (the "Debtors"),
Case No. 15-33896**

Dear Jeff:

As you know, we represent Pocahontas Land Corporation ("PLC") and Norfolk Southern Corporation ("NS"). We are writing to follow up on our letter to you dated December 18, 2015 (the "December 18th Letter"). Thank you for sending us a schedule prepared by the Debtors in response to the December 18th letter (the "December 30th Schedule"). Unfortunately, PLC and NS are still having difficulty identifying all of the PLC and NS contracts and leases that the Debtors propose to assume and assign as part of the upcoming sale of closed mines.

As you know, PLC and NS have been unable to identify each of the PLC and NS contracts and leases that the Debtors propose to assume and assign based upon the Notices filed with the Bankruptcy Court and the Proposed Assignment Schedules. The Debtors did not identify the contracts and leases with any degree of specificity (including providing the dates of the respective contracts and leases) in the Notices and in the Proposed Assignment Schedules. In addition, the Debtors have not scheduled certain master leases that control several of the mine properties that are the subject of the proposed sale. The December 30th Schedule is equally confusing for PLC and NS, as there are at least 15 contracts and leases listed by the Debtors that PLC an NS are not able to identify and several other contracts and leases that are not scheduled at all.

Given the January 11th objection deadline, we are preparing an objection as to cure costs and the proposed assumption and assignment of the PLC and NS contracts and leases. We will also advise the Court in our objection that because PLC and NS have been unable to identify all of the contracts and leases we are objecting to the Notices and the proposed sale and requesting that the Debtors amend the proposed assignment schedules prior to any sale.

3300 Great American Tower | 301 East Fourth Street | Cincinnati, OH  45202-4182 | 513.651.6800 | **frostbrowntodd.com**
Offices in Indiana, Kentucky, Ohio, Tennessee, Texas, Virginia and West Virginia

Jeffrey B. Ellman
January 7, 2016
Page 2

      Notwithstanding our objection, we would like to work with the Debtors to ensure that all of the PLC and NS contracts and leases that the Debtors intend to assume and assign are accurately and properly identified and scheduled. We would like to schedule a call with the Debtors as soon as possible to go over the Debtors' Proposed Assignment Schedules and the issues identified by PLC and NS. Please let us know if the Debtors are available for a call with representatives of PLC and NS.

      We look forward to hearing from you.

               Very truly yours,

               **FROST BROWN TODD LLC**

               Ronald E Gold

REG:mj

cc:    Kevin Andris, Esq. (via email)
       Adam Kegley, Esq. (via email)
       Adam J. Webb (via email)
       Gus Epps, Esq. (via email)

0126327.0629367  4849-6675-8956v1

# **Exhibit D**

**Exhibit D**
**PLC Leases and Contracts Schedule**

| Complex | ANR Contract / Asset ID | Execution Date | Debtors' Proposed Cure Amount | PLC Cure Amount | Description | Debtor | Creditor Name | Notes |
|---|---|---|---|---|---|---|---|---|
| Litwar Complex | RIV-00017.012 | 8/5/2002 | $ - | $ - | Memorandum of Understanding | Riverside Energy Company, LLC | PLC | |
| Litwar Complex | RIV-00026 | 9/1/1983 | $ - | $ 64,576.86 | Real Estate Lease - In (Debtor Entity As Lessee) | Riverside Energy Company, LLC | PLC | |
| Litwar Complex | RIV-00092 | 7/1/1979 | $ 350.00 | $ - | Real Estate Lease - In (Debtor Entity As Lessee) | Riverside Energy Company, LLC | PLC | No record of this lease or contract |
| Delbarton Complex | DEL-00001 | 6/27/2000 | $ - | $ - | Real Estate Lease - In (Debtor Entity As Lessee) | Delbarton Mining Company | PLC | No record of this lease or contract |
| Delbarton Complex | DMC-1 | 6/27/2000 | $ 212,968.66 | $ 425,209.30 | Real Estate Lease - In (Debtor Entity As Lessee) | Delbarton Mining Company | PLC | |
| Delbarton Complex | DMC-9 | 6/7/2001 | $ 313,193.66 | $ 326,387.32 | Real Estate Lease - In (Debtor Entity As Lessee) | Delbarton Mining Company | PLC | Lease Execution Date should be 8/7/2001 |
| Delbarton Complex | DMC-10 | 8/7/2001 | $ 44,018.79 | $ 88,021.62 | Real Estate Lease - In (Debtor Entity As Lessee) | Delbarton Mining Company | PLC | |
| Delbarton Complex | DEL-00001.003 | 2/28/2008 | $ - | $ - | Right of Way Agreement / Easement | Delbarton Mining Company | PLC | |
| Delbarton Complex | DEL-00001.005 | 12/16/2010 | $ - | $ - | Right of Way Agreement / Easement | Delbarton Mining Company | PLC | |
| Bandmill Complex | 128-041 | 8/1/1997 | $ - | $ 302,545.48 | Real Estate Lease - In (Debtor Entity As Lessee) | Boone East Development Co. | PLC | |
| Sidney Complex | 1000 | 8/1/1989 | $ - | $ - | Coal Lease | Lauren Land Company | PDC | |
| Sidney Complex | BCL-179 | 4/28/2004 | $ - | $ - | Coal Lease | Lauren Land Company | PDC | |
| Sidney Complex | BCL-246 | 11/12/2008 | $ - | $ - | Coal Lease | Lauren Land Company | PLC | No record of an 11/12/2008 lease |
| Sidney Complex | BCL-74 | 1/31/1992 | $ - | $ - | Coal Lease | Lauren Land Company | PDC | |
| Sidney Complex | BCL-75 | 1/31/1992 | $ - | $ - | Coal Lease | Lauren Land Company | PDC | |
| Sidney Complex | BCL-79 | 2/22/1993 | $ - | See BCL-79 Below | Coal Lease | Lauren Land Company | PDC | |
| Cobra | BRS-00028 | 10/1/1987 | $ 40,770.06 | $ 134,463.50 | Real Estate Lease - In (Debtor Entity As Lessee) | Brooks Run South Mining, LLC | PLC | |
| Cobra | BRS-00030 | 5/10/1990 | $ - | $ - | Real Estate Lease - In (Debtor Entity As Lessee) | Brooks Run South Mining, LLC | PLC | No record of a lease or contract with this date |
| Premium Energy | PRE-00105 | 7/26/2004 | $ - | $ - | License Agreement | Premium Energy, LLC | PLC | |
| Premium Energy | PRE-00107 | 4/7/2009 | $ - | $ - | License Agreement | Premium Energy, LLC | PLC | |
| Rawl | 1254H | 3/3/1998 | $ - | $ - | Real Estate Lease - In (Debtor Entity As Lessee) | Rawl Sales & Processing Co. | David L. Francis Trust & PLC | No record of a lease or contract with these names |
| Rawl | 1254H | 3/3/1998 | $ - | $ - | Real Estate Lease - In (Debtor Entity As Lessee) | Rawl Sales & Processing Co. | David L. Francis Trust & PLC | No record of a lease or contract with these names |
| Rawl | 1254H | 3/3/1998 | $ - | $ - | Real Estate Lease - In (Debtor Entity As Lessee) | Rawl Sales & Processing Co. | David L. Francis Trust & PLC | No record of a lease or contract with these names |
| Rawl | 1254J | 10/6/1999 | $ - | $ - | Real Estate Lease - In (Debtor Entity As Lessee) | Rawl Sales & Processing Co. | David L. Francis Trust & PLC | No record of a lease or contract with these names |
| Rawl | 1254J | 10/6/1999 | $ - | $ - | Real Estate Lease - In (Debtor Entity As Lessee) | Rawl Sales & Processing Co. | David L. Francis Trust & PLC | No record of a lease or contract with these names |
| Rawl | 1254J | 10/6/1999 | $ - | $ - | Real Estate Lease - In (Debtor Entity As Lessee) | Rawl Sales & Processing Co. | David L. Francis Trust & PLC | No record of a lease or contract with these names |
| Rawl | TV-1000 | 8/1/1989 | $ - | $ - | Real Estate Lease - In (Debtor Entity As Lessee) | Rawl Sales & Processing Co. | PDC | |
| Rawl | Agreement | 11/25/1994 | $ - | $ - | Real Estate Lease - In (Debtor Entity As Lessee) | Rawl Sales & Processing Co. | PLC & PDC | |
| Rawl | Agreement | 2/3/1995 | $ - | $ - | Real Estate Lease - In (Debtor Entity As Lessee) | Rawl Sales & Processing Co. | PLC & PDC | |
| Rawl | Agreement | 1/1/1998 | $ - | $ - | Real Estate Lease - In (Debtor Entity As Lessee) | Rawl Sales & Processing Co. | PLC & PDC | |
| Rawl | Partial Assignment | 7/1/2000 | $ - | $ - | Real Estate Lease - In (Debtor Entity As Lessee) | Rawl Sales & Processing Co. | PLC & PDC | |
| Rawl | BCL-79 | 2/22/1993 | $ 23,647.00 | $ 906,217.90 | Coal Lease Agreement | Lauren Land Company | PDC | |
| Twin Star & Buchanan | BUC-00011.001 | 8/30/1991 | $ - | $ - | Right of Way Agreement / Easement | Buchanan Energy Company, LLC | Pocahontas Gas Partnership | Not affiliated with PLC |
| Cucumber | ALR-00620 | 12/10/1999 | $ - | $ 226,698.48 | Real Estate Lease - In (Debtor Entity As Lessee) | Alpha Land and Reserves, LLC | Pocahontas Gas Partnership | Not affiliated with PLC |
| Knox Creek | KNO-00076 | 5/3/1994 | $ - | $ - | Real Estate Lease - In (Debtor Entity As Lessee) | Knox Creek Coal Corporation | Pocahontas Gas Partnership | Not affiliated with PLC |
| Knox Creek | KNO-00131 | 2/13/2002 | $ - | $ - | Sublease - In (Debtor As Sub lessee) | Knox Creek Coal Corporation | Pocahontas Gas Partnership | Not affiliated with PLC |
| Knox Creek | BCL-246 | 11/12/2008 | $ - | $ - | Real Estate Lease | Lauren Land Company | PLC | No record of an 11/12/2008 lease |
| Martin County Coal | MCC-00070 | 6/1/1969 | $ - | $ 44,178.08 | Real Estate Lease - In (Debtor Entity As Lessee) | Martin County Coal Corporation | PDC | |
| Martin County Coal | MCC-00071 | 6/1/1969 | $ - | $ 73,630.14 | Real Estate Lease - In (Debtor Entity As Lessee) | Martin County Coal Corporation | PDC | |
| Martin County Coal | MCC-00070.006 | 9/1/1987 | $ - | $ - | Overriding Royalty Agreement | Martin County Coal Corporation | PDC | |
| Martin County Coal | MCC-00071.005 | 5/6/1985 | $ - | $ - | Right of Way Agreement / Easement | Martin County Coal Corporation | PDC | |
| Martin County Coal | MCC-00071.001 | 5/14/1981 | $ - | $ - | Sublease - Out (Debtor As Sub lessor) | Martin County Coal Corporation | PDC | |
| Rockspring Mine | NEI-00007 | 10/30/1998 | $ - | See Master Lease | Real Estate Lease - In (Debtor Entity As Lessee) | Neweagle Industries, Inc. | NSRC, By Its Agent, PLC | |
| Rockspring Mine | NEI-00008 | 1/31/1994 | $ 51,473.24 | See Master Lease | Real Estate Lease - In (Debtor Entity As Lessee) | Neweagle Industries, Inc. | NSRC, By Its Agent, PLC | |
| Rockspring Mine | NEI-00004 | 1/31/1994 | $ - | See Master Lease | Sublease - In (Debtor Entity As Lessee) | Neweagle Industries, Inc. | NSRC, By Its Agent, PLC | |
| Rockspring Mine | NEI-00006 | 3/18/2014 | $ 482,409.09 | See Master Lease | Real Estate Lease - In (Debtor Entity As Lessee) | Neweagle Industries, Inc. | PLC Agent Of SRIR | |
| Rockspring Mine | NEI-00001 | 6/1/2004 | $ 30,921.90 | See Master Lease | Real Estate Lease - In (Debtor Entity As Lessee) | Neweagle Industries, Inc. | Norfolk Southern Tower, LLC, By Its Agent, PLC | |
| | | | | | | | | |
| Rockspring Mine | NEI-00013 | 1/31/1994 | $ - | See Master Lease | Real Estate Lease - In (Debtor Entity As Lessee) | Neweagle Industries, Inc. | PLC | |
| Rockspring Mine | NEI-00014 | 1/31/1994 | $ - | See Master Lease | Sublease - In (Debtor As Sub lessee) | Neweagle Industries, Inc. | PLC | |
| Rockspring Mine | | 3/12/1971 | $ - | $ 1,928,842.72 | Master Lease | Neweagle Industries, Inc. | PLC | Missing - lease not scheduled by Debtors |
| Rockspring Mine | | 12/15/1988 | $ - | See Master Lease | Master Sublease | Neweagle Industries, Inc. | PLC | Missing - lease not scheduled by Debtors |
| Rockspring Mine | | 2/26/1991 | $ - | See Master Lease | Amendment 2 to Master Sublease | Neweagle Industries, Inc. | PLC | Missing - lease not scheduled by Debtors |
| Rockspring Mine | | 8/7/1991 | $ - | See Master Lease | Amendment 3 to Master Sublease | Neweagle Industries, Inc. | PLC | Missing - lease not scheduled by Debtors |
| Rockspring Mine | | 8/7/1991 | $ - | See Master Lease | Partial Assignment | Neweagle Industries, Inc. | PLC | Missing - lease not scheduled by Debtors |
| | Total Cure Amount | | $ 1,199,752.40 | $ 4,521,071.40 | | | | |

# **Exhibit E**

Exhibit E
Norfolk Southern Leases and Contracts Schedule

| No. | Counterparty Name and Address | Description of Contract | Debtor | Related Asset | Alpha Natural Resources Contract No. | Debtors' Proposed Cure Amount | Norfolk Southern Cure Amount |
|---|---|---|---|---|---|---|---|
| 1 | Norfolk & Western Railway 110 Franklin Road Roanoke, VA | License Agreement | Brooks Run South Mining | Cobra | BRS-00037 | $         - | * |
| 2 | Norfolk & Western Railway 110 Franklin Road Roanoke, VA | Track Agreement | Brooks Run South Mining | Cobra | BRS-00043 | $         - | * |
| 3 | Norfolk & Western Railway 110 Franklin Road Roanoke, VA | Track Agreement | Brooks Run South Mining | Cobra | BRS-00046 | $         - | * |
| 4 | Norfolk & Western Railway 110 Franklin Road Roanoke, VA | Track Agreement | Rockspring Development Inc. | Rockspring Development | RDI-00003 | $         - | * |
| 5 | Norfolk & Western Railway 110 Franklin Road Roanoke, VA | Real Estate Lease Debtor Entity as Lessee | Neweagle Industries, Inc. | Rockspring Mine | NEI-00013 | $         - | * |
| 6 | Norfolk & Western Railway 110 Franklin Road Roanoke, VA | Sublease Debtor as Sublessee | Neweagle Industries, Inc. | Rockspring Mine | NEI-00014 | $         - | * |
| 7 | Norfolk & Western Railway Co. 1200 Peachtree Street NE Atlanta, GA | Real Estate Lease Debtor Entity as Lessee | Knox Creek Coal Corp. | Knox Creek | KNO-00151 | $         - | * |
| 8 | Norfolk & Western Railway Co. 1200 Peachtree Street NE Atlanta, GA | Track Agreement | Martin County Coal Corp. | Martin County Coal | MCC-00003 | $         - | * |
| 9 | Norfolk & Western Railway 110 Franklin Road Roanoke, VA | Real Estate Lease Debtor Entity as Lessee | Knox Creek coal Corp. | Knox Creek | KNO-00150 | $         - | * |
| 10 | Norfolk & Western Railway Co. 1200 Peachtree Street NE Atlanta, GA | Right of Entry/ License | Lauren Land Co. | Martin County Coal | LCC-00008 | $         - | * |
| 11 | Norfolk & Western Railway 110 Franklin Road S.E. Roanoke, VA | Real Estate Lease Debtor Entity as Lessee | Knox Creek coal Corp. | Knox Creek | KNO-00150 | $         - | * |
| 12 | Norfolk & Western Railway 110 Franklin Road S.E. Roanoke, VA | Crossing Agreement Road, Gate, Etc | Brooks Run South Mining | Cobra | BRS-00045 | $         - | * |
| 13 | Norfolk Southern Railway Co. 800 Princeton Ave Bluefield, WV | Track Agreement | Brooks Run South Mining | Cobra | BRS-00036 | $         - | * |
| 14 | Norfolk Southern Railway Co. 800 Princeton Ave Bluefield, WV | Crossing Agreement Road, Gate, Etc | Riverside Energy Co., LLC | Cucumber | RIV-00033 | $         - | * |
| 15 | Norfolk Southern Railway Co. 800 Princeton Ave Bluefield, WV | Track Agreement | Riverside Energy Co., LLC | Cucumber | RIV-00032 | $         - | * |

1

Exhibit E
Norfolk Southern Leases and Contracts Schedule

| No. | Counterparty Name and Address | Description of Contract | Debtor | Related Asset | Alpha Natural Resources Contract No. | Debtors' Proposed Cure Amount | Norfolk Southern Cure Amount |
|---|---|---|---|---|---|---|---|
| 16 | Norfolk Southern Railway Co. 800 Princeton Ave Bluefield, WV | Overhead Belt Conveyer Agreement | Martin County Coal Corp. | Martin County Coal | MCC-00001 | $            - | * |
| 17 | Norfolk Southern Railway Co. 1200 Peachtree Street, NE Atlanta, GA | Real Estate Lease Debtor Entity as Lessee | Brooks Run South Mining | Cobra | BRS-00056 | $            - | * |
| 18 | Norfolk Southern Railway Co. 1200 Peachtree Street, NE Atlanta, GA | Track Agreement | Buchanan Energy Co., LLC | Twin Star & Buchanan | BUC-00026 | $            - | * |
| 19 | Norfolk Southern Railway Co. 800 Princeton Avenue Bluefield, WV | Track Agreement | Delbarton Mining Co. | Delbarton Complex | DEI-00017 | $            - | * |
| | | | | | Total Cure Amount: | $            - | $      1,170.48 |

*Due to insufficient information provided by the Debtors regarding the Norfolk Southern leases and contracts, as outlined in the Objection, Norfolk Southern is only able to provide an aggregate cure amount at this time.

2

# **Exhibit F**

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Counsel for Sony of America Leasing and Canon LLC | Willard Eber Hoidwartz Seelman & Dicker LLP | David M. Ross | 700 11th Street, NW, Suite #35 | | Washington | DC | 20001 | 202-626-7837  202-626-2606 | david.ross@wnbwerican.com |
| Counsel for Cecil L Walker Machinery Co, NMF Kanawi, Wyoming Machinery Company, Stevens and Supreme | Wolpoff Rivera Gatos | Codon O Goodstein | Convemsanc Center IV | 200 Banks Rd Ste 300 | Virginia Beach | VA | 23452 | | codenchart@wpme.com |
| Counsel to Cleveland Brothers Equipment Company Inc | Woods Rogers PLC | Richard C Maxwell | 10 S Jefferson St Ste 1400 | PO Box 14125 | Roanoke | VA | 24038 | 540-983-7600  540-983-7111 | rmaxwell@woolsrogers.com |
| Top 50 | WYOMING OFFICE OF STATE LANDS & INVESTMENTS | ROYALTY COMPLIANCE DIVISION | 122 W 25th st 3RD FL WEST | | CHEYENNE | WY | 82002-0600 | 307-622-0000  307-622-0206 | litle.nunion@wes.tws |
| Counsel to Atlantic Specialty Insurance Company | Zemanian Law Group | Peter G Zemanian | 223 E Cary mall ave Ste 291 | | Norfolk | VA | 23510 | | peat@zemanianlaw.com |

MVL/2002