UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

|  |  |
|---|---|
| In re: | Chapter 11 |
| Alpha Natural Resources, Inc., *et al.*, | Case No. 15-33896-KRH |
| Debtors. | (Jointly Administered) |

### THE UNITED STATES TRUSTEE'S OBJECTION TO DISCLOSURE STATEMENT WITH RESPECT TO JOINT PLAN OF REORGANIZATION OF DEBTORS AND DEBTORS IN POSSESSION DATED MARCH 7, 2016

The United States Trustee for Region Four, which includes the Eastern District of Virginia, Richmond Division (the "United States Trustee"), pursuant to 11 U.S.C. § 1125, and in furtherance of the administrative responsibilities imposed pursuant to 28 U.S.C. § 586(a), hereby objects to the approval of the "Disclosure Statement With Respect to Joint Plan of Reorganization of Debtors and Debtors in Possession" (the "Disclosure Statement").

In support thereof, the United States Trustee represents and argues as follows:

### LEGAL FRAMEWORK

1.     The basic structure of Chapter 11 of the Bankruptcy Code is a system where a plan of reorganization or liquidation is proposed to the creditors who then vote on whether to accept or reject the plan. 11 U.S.C. §§ 1121, 1125-1129. After the plan is voted upon, the Court determines whether the plan can be "confirmed" by determining

Robert B. Van Arsdale, AUST (Va. Bar No. 17483)
Shannon Pecoraro, Esq. (Va. Bar No. 46864)
Office of the United States Trustee
701 East Broad Street - Suite 4304
Richmond, VA 23219
Telephone (804) 771-2310
Facsimile (804) 771-2330

whether the statutory requirements for confirmation are met.  11 U.S.C. § 1129.  Once the

plan is "confirmed," it becomes a contract between the reorganized debtors and all of

their creditors which replaces all of the debtors' prior obligations.  *See, e.g., In re*

*Shenandoah Realty Partners, L.P.*, 287 B.R. 867, 871 (Bankr. W.D. Va. 2002); *In re*

*Lacy*, 183 B.R. 890, 892 n.1 (Bankr. D. Colo. 1995); 11 U.S.C. § 1141.

2.      In order to provide creditors with the information necessary to make an

informed vote on the plan, the Bankruptcy Code requires the proponent of the plan to

provide creditors with a "disclosure statement."  11 U.S.C. § 1125(b).  The purpose of the

disclosure statement is to provide creditors with information about the debtor, the plan

and their treatment thereunder, necessary for creditors to make an informed and reasoned

vote.  *See, e.g.*, *In re Monnier Bros*, 755 F.2d 1336, 1342 (8th Cir. 1985) ("[t]he primary

purpose of a disclosure statement is to give the creditors the information they need to

decide whether to accept the plan"); *In re Forest Grove, LLC*, 448 B.R. 729, 737 (Bankr.

D.S.C. 2011) ("[t]he purpose of a disclosure statement is to clearly provide creditors with

information regarding the debtor's plan and their treatment under that plan"); *In re*

*Phoenix Petroleum Co.*, 278 B.R. 385, 392 (Bankr. E.D. Pa. 2001) ("the general purpose

of the disclosure statement is to provide 'adequate information' to enable 'impaired'

classes of creditors and interest holders to make an informed judgment about the

proposed plan and determine whether to vote in favor of or against that plan").

3.      Although precisely what information must be contained in a disclosure

statement varies depending on the particulars of the case, a disclosure statement must

contain "adequate information," which is defined as:

> [I]nformation of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records ... that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan.

11 U.S.C. § 1125(a). "Adequate information" for disclosure statement purposes has been described as "all information that is reasonably necessary to permit creditors and parties-in-interest to fairly and effectively evaluate the plan." *In re Robert's Plumbing & Heating, LLC*, Case No. 10-23221, 2011 WL 2972092 at * 2 (Bankr. D. Md., July 20, 2011); *see also In re A.H. Robbins Co., Inc.*, Case No. 98-1080, 1998 WL 637401 at * 3 (4th Cir. 1998) (adequate information means "sufficient information to permit a reasonable, typical creditors to make an informed judgment about the merits of the proposed plan").

4.      Although what constitutes "adequate information" varies from case to case, Courts have held that the following types of information should be included in a disclosure statement:

    i.      The circumstances that gave rise to the filing of the case;

    ii.     A complete description of the available assets and their value;

    iii.    The anticipated future income of the debtor;

    iv.    The source of the information provided in the disclosure statement;

    v.     The condition and performance of the debtor while in chapter 11;

    vi.    Information regarding claims against the estate;

    vii.   A liquidation analysis setting forth the estimated return that creditors would receive under chapter 7;

viii.    The accounting and valuation methods used to produce the financial information in the disclosure statement;

ix.    A summary of the plan;

x.    An estimate of all administrative expenses, including attorneys' fees and accountant's fees;

xi.    The collectability of any accounts receivable;

xii.    Any financial information, valuations or pro forma projections that would be relevant to creditors' determination of whether to accept or reject the plan;

xiii.    Information relevant to the risks being taken by the creditors and interest holders;

xiv.    The actual or projected value that can be obtained from avoidable transfers;

xv.    The existence, likelihood and possible success of non-bankruptcy litigation; and

xvi.    The tax consequences of the plan.

*See, e.g., Collier on Bankruptcy* ¶ 1125.02[2].

## THE DISCLOSURE STATEMENT LACKS ADEQUATE INFORMATION

5.    On March 7, 2016, Debtor, Alpha Natural Resources, Inc. and 148 of its affiliated entities (collectively, "Alpha"), filed a "Joint Plan of Reorganization of Debtors and Debtors in Possession," (the "Plan") and an accompanying "Disclosure Statement With Respect to the Joint Plan of Reorganization of Debtors and Debtors in Possession" (the "Disclosure Statement").  (*See* Doc. 1703.[1])

---

[1] The Plan is attached as Exhibit A to Document 1703 and the Disclosure Statement is attached as Exhibit B to Document 1703.

6.      Debtors' Disclosure Statement is insufficient and lacks adequate information.

7.      By way of example only, the following deficiencies exist:


**The Disclosure Statement Fails to Adequately Describe the Reorganized Debtor**

8.      Although this case was originally represented to the Court and the creditors as a reorganization, the proposed Plan makes clear that the end-game here is more in the nature of (if not a complete) liquidation.

9.      So far, Debtors have sought permission to sell their "non-core" assets, their "core" assets and their "natural gas rights" (*See* Docs. 707, 1646, 2055.)[2] What the Disclosure Statement leaves entirely unclear is what assets are being retained and what business the Reorganized Debtor will conduct.[3] Nowhere in the Disclosure Statement is there any identification of what, if any, assets the Reorganized Debtors will retain after its various sales.

10.      With respect to the business the Reorganized Debtor will conduct, at one point the Disclosure Statement indicates that the Reorganized Debtor's "principal purpose" will be "conducting and completing environmental reclamation" – in other words, putting its mining properties back into a safe and environmentally stable state.

---

[2] Debtors have also received permission to sell off or abandon certain "non-core miscellaneous real or personal property" that it describes as "relatively *de minimis*" in value as well as its ownership in Rice Energy.  (*See* Disclosure Statement at 28.)

[3] This problem is exacerbated by Debtor's failure to include a liquidation analysis or any financial projections. (*See, infra*, ¶¶ 15-21.)

(*See* Disclosure Statement at 2, § I.A.)[4]  However, the Disclosure Statement then indicates the proposed Plan will "allow the Debtors' business to restructure as going concerns." *Id.*

11.     There is no information about what business these going concerns will conduct, what income or profit (if any) Alpha expects to generate (and the basis for such projections) or any other information that would allow a creditor to determine whether the proposed Plan constitutes the best course of action or whether it is likely to provide the best recovery for such creditors.

12.     If, in fact, the Reorganized Debtor is going to conduct no business other than to comply with its statutorily required clean-up and reclamation obligations, and will be essentially winding down Alpha's business, then the Disclosure Statement needs to fully, clearly and openly disclose that.

13.     If, on the other hand, the Reorganized Debtor is actually going to continue to operate in some form as a going concern, then that, along with projections as to its income, expenses and potential profits needs to be fully, clearly and openly disclosed.

14.     Additionally, without knowing both what assets are remaining after the sales and what business is being conducted after the sale, it is impossible to determine whether the discharge provided for in the Plan is actually appropriate.  11 U.S.C. § 1141(d)(3).

---

[4] As Debtors explain, reclamation of mines no longer in use is a legal obligation arising out of the Surface Mining and Reclamation Act of 1977 and similar state statutes.  (*See* Disclosure Statement at 16.)  Debtors estimate that the cost of complying with its reclamation obligations will be "significantly higher" than $683 Million.  *Id.* at 16, n.2.

**The Disclosure Statement Lacks a**
**Liquidation Analysis and Financial Projections**

15.     According to the Disclosure Statement, a liquidation analysis is contained in Exhibit C to the Disclosure Statement and financial projections of the Reorganized Debtor are contained in Exhibit D to the Disclosure Statement.[5]

16.     Neither of these exhibits is actually attached to the Disclosure Statement that was filed with the Court.  Even assuming some form of these exhibits is attached to the version of the Disclosure Statement that is ultimately circulated, the parties entitled to review, comment upon and object to the statement prior to circulation pursuant to Rule 3017 of the Federal Rules of Bankruptcy Procedure are denied the ability to review, comment upon and object to those.

17.     This information is not contained anywhere else in the Disclosure Statement.

18.     Accordingly, the parties in interest entitled to vote are denied essential information necessary to make an informed decision as to whether to vote to accept or reject the plan.

19.     Until those documents have been filed and made available for review, the Disclosure Statement cannot be approved.

20.     Moreover, Rule 3017(a) requires at least 28 days' notice *after* a disclosure statement the filed before a hearing on that disclosure statement can occur.  Alpha cannot

---

[5] According to the Disclosure Statement, the Liquidation Analysis also provides the assumptions used in its development.  (*See* Disclosure Statement at 53.)

avoid that requirement by submitting a partial disclosure statement and adding to it less than 28 days before the hearing.

21.     The current hearing on the Disclosure Statement is May 17, 2016.  Even if Alpha files the missing exhibits today, that does not provide the required 28 days' notice.

## Alpha Has Not Supported the Releases and Exculpatory Clauses

22.     Both the Disclosure Statement and the Plan contain provisions for the release and exculpation of various non-debtor parties by other non-debtor parties from all sorts of liability.  (*See* Disclosure Statement at 55-56, 58.)   As described more fully below, Alpha has not demonstrated the appropriateness of these provisions.

23.     Without reciting the releases and exculpatory clauses in their entirety, the release clauses cause all of Alpha's creditors and the holders of any claim against Alpha to release and hold harmless the following non-debtor parties (hereafter, the "Released Parties") from any liability for anything occurring prior to the Effective Date:

> (a)     The DIP Agents;
> (b)     The DIP Lenders;
> (c)     The First Lien Agent;
> (d)     The First Lien Lenders;
> (e)     Any entity created by the First Lien Lenders to facilitate a successful credit bid of any of Debtors' assets; and
> (f)     Any Affiliate or Representative of any of these parties.

(*See* Disclosure Statement at 58.)

24.     The exculpation clause is even broader.   It provides that the Released Parties are free from liability to any "Person" (defined as "any individual, firm,

corporation, partnership limited liability company, joint venture, association, trust, unincorporated organization or other entity"). (*See* Disclosure Statement at 58.)

25.    If the Court has some difficulty determining who precisely is being released and exculpated, that is because nowhere in the Disclosure Statement or in any other publicly available documents are the actual identities of the Released Parties' members disclosed.[6]

26.    Moreover, these parties are not debtors, have not fulfilled the obligations of debtors under the bankruptcy code and, thus, have provided no basis for receiving the equivalent of a bankruptcy discharge.

27.    Although there is no *per se* prohibition against imposing releases of non-debtors by other non-debtors (such as, in this case, the release by creditors of the DIP Agent or the First Lien Agent), those releases are not appropriate in every case, or even in most cases. *See In re A.H. Robins Co., Inc.*, 880 F.2d 694, 702 (4th Cir. 1989). Whether such releases and exculpatory clauses are appropriate is dependent upon the facts and circumstances of each particular case. *Behrmann v. National Heritage Foundation*, 633 F.3d 704, 711 (4th Cir. 2011). Approval of non-debtor releases and exculpatory clauses "should be granted cautiously and infrequently." *Id.* at 712.

---

[6] For example, according to the DIP Financing Agreement (Doc. 27), the DIP Lenders include "each financial institution listed on Schedule 1.01(b) to [the DIP Financing Agreement], as well as any person that becomes a 'Lender' hereunder pursuant to Section 2.23 or 11.04 and shall also include, as the contract may require, any Issuing Bank in its capacity as such." (*See* Doc 27 at 175 of 315.) Schedule 1.01(b), however, was not actually filed along with the DIP Financing Agreement. At the time the Final DIP Order was entered (Doc. 465), Schedule 1.01(b) simply provided "N/A as of Effective Date." No subsequent list of DIP Lenders has been filed publicly either. Thus, as just one example, creditors have no ability to know who constitutes the DIP Lenders being released under this Plan.

28.     In *Behrmann*, the Fourth Circuit enumerated several factors that should be considered in determining whether third-party releases and exculpatory clauses are appropriate, including but not limited to the following:

(a)     There is an identity of interests between the debtor and the third party, usually an indemnity relationship, such that a suit against the non-debtor is, in essence, a suit against the debtor or will deplete the assets of the estate;

(b)     The non-debtor has contributed substantial assets to the reorganization;

(c)     The injunction is essential to reorganization, namely, the reorganization hinges on the debtor being free from indirect suits against parties who would have indemnity or contribution claims against the debtor;

(d)     The impacted class, or classes, has overwhelmingly voted to accept the plan;

(e)     The plan provides a mechanism to pay for all, or substantially all, of the class or classes affected by the injunction;

(f)     The plan provides an opportunity for those claimants who choose not to settle to recover in full;

(g)     The bankruptcy court made a record of specific factual findings that support its conclusions;

(h)     A close connection between the causes of action against the third party and the causes of action against the debtor; and

(i)     The plan of reorganization provides for payment of substantially all of the claims affected by the injunction.[7]

29.     In *Behrmann*, the Court also made clear that in order to support these types of releases, the Bankruptcy Court must "find facts sufficient to support its legal

---

[7] The Fourth Circuit compiled this non-exhaustive list from *Class Five Nev. Claimants v. Dow Corning Corp.* (*In re Dow Corning Corp.*), 280 F.3d 649, 658 (6th Cir. 2002), and *In re Railworks Corp.*, 345 B.R. 529, 536 (Bankr. D. Md. 2006). The Fourth Circuit described these factors as "instructive." *Behrmann*, 663 F.3d at 712.

conclusion that a particular debtor's circumstances entitle it to such relief." *Behrmann*,

663 F.3d at 706-07. Indeed, in *Behrmann*, the Fourth Circuit reversed the bankruptcy

court's legal conclusion that the releases at issue there were:

> (1) "essential" to NHF's reorganization and appropriate given
> NHF's "unique circumstances"; (2) an "essential means" of
> implementing the Confirmed Plan; (3) an "integral element"
> of the transactions contemplated in the Confirmed Plan; (4) a
> "material benefit" for NHF, its bankruptcy estate, and its
> creditors; (5) "important" to the Confirmed Plan's overall
> objectives; and (6) consistent with applicable provisions of
> the Bankruptcy Code,

and that

> (1) NHF's bankruptcy was "quite a unique case"; (2) there were
> "legitimate interests" for approving the Release Provisions in
> the reorganization plan; (3) the "potential for mischief" was
> "very, very high" for a dissatisfied party whose claim was
> disallowed in the bankruptcy proceeding to sue NHF's officers
> and directors "seriatim"; (4) NHF's obligations to indemnify its
> officers and directors could cause it to incur substantial legal
> costs in defending such claims; and (5) the Release Provisions
> served the purpose of "preventing an end-run around the plan"
> by not allowing dissatisfied claimants to attempt "second and
> third bites at the apple in another forum,"

because the Court failed to support its conclusions with concrete factual findings. *Id.* at

708, 712-13 (record citations omitted).[8]  On remand, the Bankruptcy Court, applying the

factors set forth the *Behrmann* opinion, determined that the facts did not support allowing

the releases.  That finding was affirmed by both the District Court and the Fourth Circuit.

---

[8] According to the Fourth Circuit, the Bankruptcy Court's conclusions were "meaningless in the absence of specific
factual findings explaining" them.  *Behrmann*, 663 F.3d at 713.  Thus, among the Fourth Circuit's instructions to the
Bankruptcy Court on remand was, "to set forth specific factual findings supporting its conclusions." *Id.*

*National Heritage Foundation, Inc. v. Highbourne Foundation*, 760 F.3d 344, 347, 352

(4th Cir., 2014).

30.    Thus, it is clear that a plan containing such release provisions cannot be

confirmed in the absence of a significant evidentiary presentation demonstrating facts

supporting such relief. *Behrmann*, 663 F.3d at 713.

31.    Because at this time, Alpha has not yet presented the factual and

evidentiary support for the proposed release provisions, the United States Trustee is not

in a position to support or oppose the release provisions.   Nevertheless, a Disclosure

Statement that does not set forth the factual underpinning to support releases such as

those included in the Plan lacks adequate information.

32.    Moreover, to the extent this is in fact a liquidating plan rather than a plan of

reorganization, and to the extent Alpha is ceasing its operations after the sale of its core

and non-core assets, it would be difficult, if not impossible, to justify the confirmation of

a plan including such release provisions. In fact, in a similar case involving a liquidating

plan, this Court, noting "the Release Provision is not essential to the Debtor's

reorganization," denied confirmation of a proposed Plan with a similar release provision.

*In re Neogenix Oncology, Inc.*, 508 B.R. 345, 359 (Bankr. D. Md. 2014).


**The Exculpation Clauses are
Impermissibly Broad and Lack the Required Exception for Court Approved Suits.**

33.    In addition to the fact that entitlement to the exculpation provisions has not

been demonstrated, the exculpation clause here is impermissibly broad on its face

because, *inter alia*, (i) it is too broad in respect to who is exculpated (for example, it exculpates creditors such as the First Lien Lenders), and (ii) it does not provide an exception allowing for suits against the released parties where prior court approval is obtained.

34.    In *In re National Heritage Foundation, Inc.*, 478 B.R. 216 (Bankr. E.D. Va. 2012), *aff'd, National Heritage Foundation v. Highbourne Foundation*, 760 F.3d 344 (4th Cir. 2014), the court addressed exculpation clauses such as the one in this Plan. There, the court recognized that exculpation provision are permissible only if they are "properly limited and not over broad."  *Id.* at 234.

35.    In order to avoid over-breadth, exculpation clauses must be:

    (a)    narrowly tailored to meet the needs of the bankruptcy estate;

    (b)    limited to parties who have performed necessary and valuable duties in connection with the case;

    (c)    limited to acts and omissions taken in connection with the bankruptcy case; and

    (d)    must not purport to release any pre-petition claims;

*Id.*

36.    Here, the clause is not narrowly tailored to meet the needs of the bankruptcy estate and is not limited to parties who have performed necessary and valuable duties in connection with the case.

37.    For example, the First Lien Lenders are creditors.  They have no place in an exculpation clause.  Similarly, NewCo is simply an entity that may be formed to act as

bidder on Alpha's assets and may or may not be the winning bidder.[9] It too has no place in an exculpation clause.

38.    Finally, to be permissible, an exculpation clause must contain a "gatekeeper function by which the Court may, in its discretion, permit an action to go forward against the exculpated parties." *National Heritage*, 478 B.R. at 234.

39.    The exculpation clause here contains no such exception.

**Governmental Claims Should Be Excepted
From The Exculpation And Release Clauses.**

40.    To the extent that the Court allows for any releases or injunctions to either the Debtors or non-debtor third parties, the United States Trustee requests that language carving out Governmental claims from the proposed releases be included.    At a minimum, language in substantially the form set forth below should be added to the Disclosure Statement and Plan substantially in the form set forth below:

> Nothing in the Confirmation Order or the Plan shall effect a release of any claim by the United States Government or any of its agencies or any state and local authority whatsoever, including without limitation any claim arising under the Internal Revenue Code or any criminal laws of the United States or any state and local authority against the Released Parties or Exculpated Parties, nor shall anything in the Confirmation Order or the Plan enjoin the United States or any state or local authority from bringing any claim, suit, action or other proceedings against the released parties for any liability whatever, including without limitation any claim, suit or action arising under the Internal Revenue Code or any

---

[9] Newco is defined as "[a]ny entity created by the First Lien Lenders to facilitate a successful credit bid of any of Debtors' assets."  (*See* Plan at 11.)

criminal laws of the United States or any state or local authority, nor shall anything in the Confirmation Order or the Plan exculpate any party from any liability to the United States Government or any of its agencies or any state and local authority whatsoever, including any liabilities arising under the Internal Revenue Code or any criminal laws of the United States or any state and local authority against the released parties.

## The Disclosure Statement Lacks
## Adequate Information Regarding the First Lien Lender Settlement

41.     The Plan defines the "First Lien Lender Settlement" as:

> a settlement among the DIP Lenders, the DIP Agents, the First Lien Lenders and the debtors, entered into for mutual consideration including: (a) the establishment of (i) the amount, form and sources of funding of the First Lien Lender Exit Contribution, (ii) the form of the First Lien Lender Distribution and (iii) the amount of Allowed Secured First Lien Lender Claims; (b) the incorporation of the Unencumbered Assets Settlement and the Diminution Claim Allowance Settlement; and (c) the entry of a Bidding Procedures Order providing for a stalking horse bid by the First Lien Lenders.

(*See* Plan at 8-9.)

42.     The First Lien Lender Settlement is not attached to the Disclosure Statement or apparently otherwise publicly available.  Additionally, the terms of the First Lien Lender Settlement are not disclosed in the Disclosure Statement and are apparently not otherwise publicly available.

43.     Nevertheless, nearly every aspect of the Plan is governed by the undisclosed terms of the First Lien Lender Settlement.  For example, under the terms of the Plan, the general unsecured claimants (class 6), an impaired class entitled to vote on

the Plan, will receive "a Pro Rata share of any assets contributed to the General Unsecured Claims Asset Pool." (*See* Plan at 21.)

44.    The General Unsecured Claims Asset Pool, however, includes "consideration in the form and amount to be determined pursuant to the First Lien Lender Settlement." (*See* Plan at 9.)  Thus, general unsecured creditors cannot begin to analyze their treatment under the Plan because they have no way to determine the makeup of the "pot" from which they share.

45.    Similarly, the Secured Second Lien Noteholders (Class 3), an impaired class entitled to vote on the Plan, are to receive a "Pro Rata share of the Second Lien Noteholder Distribution."  (*See* Plan at 20.)  But again, the "Second Lien Noteholder Distribution" is comprised *entirely* of "consideration in a form and amount to be determined pursuant to the First Lien Lender Settlement," and that distribution is funded by "the First Lien Lender Exit Contribution," which in turn is again *entirely* determined by the undisclosed terms of the First Lien Lender Settlement.  (*See* Plan at 8, 14.)

46.    Particularly disturbing, though, is how this impacts the treatment of the Secured First Lien Lender Claims.   In essence, the First Lien Lenders themselves determine how much they will be paid under Plan based on the undisclosed terms of the First Lien Lender Settlement.  (*See* Plan at 20.)  No other party in interest has any way to analyze the fairness or appropriateness of the First Lien Lender's treatment under the Plan.

47.    These examples are not exhaustive.  A comprehensive review of the Plan indicates that it is essentially entirely governed by the First Lien Lender Settlement.

- 16 -

48.    Without complete disclosure of the terms of the First Lien Lender Settlement, the Disclosure Statement lacks adequate information.

49.    Moreover, at the May 2, 2016, omnibus hearing, Alpha represented that the First Lien Lender Settlement was going to be replaced with a new broader settlement including additional parties.  This will significantly impact the Plan and Disclosure Statement.

50.    To the extent a new settlement is going to replace the First Lien Lender Settlement, an entirely new Plan and Disclosure Statement will be required and any such amended disclosure statement cannot be considered at the May 17, 2016 hearing because it does not provide for the 28 days' notice period required by Rule 3017.

## Reservation of Rights

51.    The deficiencies described above are exemplary only and may not constitute every deficiency in the Disclosure Statement.

52.    The United States Trustee reserves the right to object to other provisions, or lack of provisions, in the Disclosure Statement at any hearing on the Disclosure Statement or in future amended disclosure statements.

## CONCLUSION

The Disclosure Statement does not contain adequate information as defined by the Bankruptcy Code.  For this reason, the Disclosure Statement should be disapproved.

Respectfully Submitted,

Dated: May 10, 2016

Judy A. Robbins
United States Trustee, Region Four

By: /s/ *Robert  B. Van Arsdale*
Robert B. Van Arsdale (Va. Bar No. 17483)
Shannon Pecoraro (Va. Bar No. 46864)
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219
(804) 771-2310
robert.b.van.arsdale@usdoj.gov
shannon.pecoraro@usdoj.gov

By: /s/ *Hugh M. Bernstein*
Hugh M. Bernstein (Md. Fed. Bar No. 23489)
Office of the United States Trustee
101 W. Lombard Street, Suite 2650
Baltimore, MD 21201
(410) 962-4300
hugh.m.bernstein@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of May 2016, a copy of the foregoing opposition was served by electronic mail to each of the following parties (those parties identified on the Master Service List with e-mail addresses), to:

| | | | |
|---|---|---|---|
| Counsel for Gary D. Crutchfield | Bud Stephen Tayman, P.A. | Bud Stephen Tayman | btayman@taymanlaw.com |
| Counsel to Cole & Crane Real Estate Trust | Campbell Woods PLLC | J Grant McGuire | gmcguire@campbellwoods.com |
| Counsel for Brookville Services, LLC | Canfield, Baer & Heller, LLP | Robert A. Canfield | bcanfield@canfieldbaer.com; kwhitman@canfieldbaer.com |
| Counsel for Natural Resource Partners L.P., WPP LLC, ACIN LLC, and CSTL LLC (NRP), Pocahontas Land Company, Norfolk Southern Railway Company; Rowland Land Company, LLC; Honey Island Coal Co., d/b/a Federal Coal Company ("Honey Island") | Christian & Barton, LLP | Michael D Mueller & Jennifer M. McLemore | mmueller@cblaw.com; jmclemore@cblaw.com |
| Counsel to Shonk Land Company, LLC, Kentucky River Properties LLC; Powder River Energy Corp, Pocahontas Land Company, Norfolk Southern Railway Company; Kentucky Utilities Company; Mayo Manufacturing Company, Inc; The Buchanan Group LLC; Honey Island Coal Co., d/b/a Federal Coal Company ("Honey Island") | Christian & Barton, LLP | Augustus C Epps Jr & Jennifer M McLemore | aepps@cblaw.com; jmclemore@cblaw.com |

| Counsel to Nelson Brothers, Inc. | Christian & Small LLP | Daniel D Sparks | ddsparks@csattorneys.com |
|---|---|---|---|
| Administrative and Collateral Agent under the Debtors' Prepetition Secured Credit Facility and Debtors' Proposed Postpetition Lenders Counsel | CITICORP NORTH AMERICA, INC., AS ADMINISTRATIVE AGENT | Cahill Gordon & Reindel LLP | wmiller@cahill.com |
| Counsel to Commonwealth of Pennsylvania, Department of Environmental Protection | Commonwealth of Pennsylvania, Department of Environmental Protection | Barbara J Grabowski | bgrabowski@pa.gov |
| Counsel to Commonwealth of Pennsylvania, Department of Transportation | Commonwealth of Pennsylvania, Department of Transportation | Chester J Karas Jr | ckaras@pa.gov |
| Counsel to the United Mine Workers of America Health and  Retirement Funds (Local Counsel) | Crowley Liberatore Ryan & Brogan PC | Karen M Crowley | kcrowley@clrbfirm.com |
| Counsel for Vantage Energy Management Company | Davis Graham & Stubbs LLP | Thomas C Bell | tom.bell@dgslaw.com |
| Counsel to Citicorp North America, Inc., as Administrative and Collateral Agent under the Debtors' Prepetition Secured Credit Facility and Debtors' Proposed Postpetition Lenders | Davis Polk and Wardell LLP | Damian S. Schaible, Kenneth J. Steinberg, Eli J. Vonnegut, Damon P. Meyer, and Aryeth Ethan Falk | damian.schaible@davispolk.com; kenneth.steinberg@davispolk.com; eli.vonnegut@davispolk.com; damon.meyer@davispolk.com; aryeh.falk@davispolk.com; alpha.dpw@davispolk.com |
| Counsel for Dickie, McCamey & Chilcote PC; Stowers Fire and Safety Equipment; Lincoln | Dickie McCamey & Chilcote | Douglas M Grimsley | dgrimsley@dmclaw.com |

| | | | |
|---|---|---|---|
| Contracting & Equipment Co., Inc | | | |
| Counsel for General Electric Corporation | DiMuroGinsber PC | M. Jarrad Wright | mjwright@dimuro.com |
| Counsel to Computershare Trust Company, N.A., and Computershare Trust Company of Canada, as successor Indenture Trustee (the "Indenture Trustee"), | Drinker Biddle & Reath LLP | Mark H.M. Sosnowsky | mark.sosnowsky@dbr.com |
| Counsel to Iron City Workplace Services | DurretteCrump LLC | c o Kevin J Funk | barkema@durrettecrump.com |
| Counsel for Three Rivers Marine and Rail Terminals, LLC, Veolia Water Solutions & Technologies North America Inc | Eckert Seamans Cherin & Mellott LLC | Jeffrey P Brundage | jbrundage@eckertseamans.com |
| Counsel to the Indenture Trustees for the Debtors' Secured and Unsecured Notes | Foley & Lardner LLP | Harold L. Kaplan and Mark F. Hebbeln | hkaplan@foley.com; mhebbeln@foley.com |
| Counsel for MUFG Union Bank, N.A. (f/k/a Union Bank, N.A.), as Indenture Trustee | Foley & Lardner LLP | Erika L. Morabito | emorabito@foley.com |
| Counsel to Pocahontas Land Company, Norfolk Southern Railway Company | Frost Brown Todd LLC | Ronald E Gold | rgold@fbtlaw.com |
| Counsel to Pocahontas Land Company, Norfolk Southern Railway Company | Frost Brown Todd LLC | Adam R Kegley | akegley@fbtlaw.com |
| Counsel to PNC Equipment Finance, LLC | Gebhardt & Smith LLP | Carl A. Howard & Lisa Bittle Tancredi & Michael D. Nord | choward@gebsmith.com; ltancredi@gebsmith.com; mnord@gebsmith.com |
| Counsel to General | Gentry Locke | Kevin W Holt | Holt@gentrylocke.com |

| | | | |
|---|---|---|---|
| Engineering Co. of Virginia and its affiliate, WC Hydraulics, LLC | | | |
| Counsel to Veolia ES Industrial Services, Inc. | Gibbons PC | Dale E Barney | dbarney@gibbonslaw.com |
| Counsel to Lexon Insurance Co and Bond Safeguard Insurance Co | Harris Beach PLLC | Kelly C Griffith & Lee E Woodward | kgriffith@harrisbeach.com; lwoodward@harrisbeach.com |
| Counsel to Aramark Uniform & Career Apparel LLC | Hawley Troxell Ennis & Hawley LLP | Sheila R Schwager | sschwager@hawleytroxell.com |
| Interested Party | Henry Allen Kinser Jr | | ackinser@gmail.com |
| Interested Party | Hook & Hook | Eugene W Scherich c/o David C Cook | hookdc@gmail.com |
| Counsel to Swords Creek Land Partnership; Commonwealth Coal Corporation; and Coal Mountain Mining Company, Limited Partnership, LLP; Campbell County, Wyoming | Hoover Penrod PLC | Dale A Davenport Hannah W Hutman & Beth C Driver | ddavenport@hooverpenrod.com; hhutman@hooverpenrod.com; bdriver@hooverpenrod.com |
| Counsel to Shonk Land Company, LLC | Hoyer Hoyer & Smith PLLC | Christopher S Smith | chris@hhsmlaw.com |
| Counsel for the Debtors and Debtors in Possession | Hunton & Williams LLP | Tyler Brown, J.R. Smith, Henry Long, III, Justin Paget | tpbrown@hunton.com; jrsmith@hunton.com; hlong@hunton.com; jpaget@hunton.com |
| Interested Party | IBM Corporation | Attn Marie-Josee Dube | mjdube@ca.ibm.com |
| Counsel to Illinois Department of Natural Resources | Illinois Department of Natural Resources | Robert F Ritchie Assistant Attorney General | rritchie@atg.state.il.us |
| IRS | Internal Revenue Service | Centralized Insolvency Operation | brendaf.williams@irs.gov |
| IRS | Internal Revenue Service | Insolvency Section | SBSE.Insolvency.Balt@irs.gov |
| Counsel to Iron Mountain Information Management, LLC | Iron Mountain Information Management, LLC | Joseph Corrigan | Bankruptcy2@ironmountain.com |

| Counsel for the Debtors and Debtors in Possession | Jones Day | David Heiman, Carl Black, Thomas Wilson | dgheiman@jonesday.com; ceblack@jonesday.com; tawilson@jonesday.com |
|---|---|---|---|
| Local Counsel to United Mine Workers of America | Kaplan Voekler Cunningham & Frank PLC | Troy Savenko | tsavenko@kv-legal.com |
| Claims, Noticing and Balloting Agent | KCC | Joe Morrow | alphanrinfo@kccllc.com |
| Counsel for Kentucky Energy and Environment Cabinet | Kentucky Energy and Environment Cabinet | Anna Girard Fletcher | anna.fletcher@ky.gov |
| Counsel to an *Ad Hoc* Committee of Holders of the Debtors' Second Lien Notes | Kirkland and Ellis LLP | Brian Schartz, Esq., Stephen Hessler & Paul M Basta | brian.schartz@kirkland.com; stephen.hessler@kirkland.com; pbasta@kirkland.com; shessler@kirkland.com |
| Counsel to an *Ad Hoc* Committee of Holders of the Debtors' Second Lien Notes | Kirkland and Ellis LLP | Gregory Pesce | gregory.pesce@kirkland.com |
| Counsel to an Ad Hoc Committee of Holders of the Debtors' Second Lien Notes; Virginia Department of Transportation; Counsel to Wilmington Trust, National Association, as Indenture Trustee for the 7½% Senior Secured Second Lien Notes due 2020 and 7½% Senior Secured Second Lien Notes due 2020 (Series B) | Kutak Rock LLP | Michael A. Condyles  Peter J. Barrett  & Jeremy S. Williams | peter.barrett@kutakrock.com; jeremy.williams@kutakrock.com; michael.condyles@kutakrock.com |
| Counsel for Appalachian Power Company d/b/a American Electric Power, Kentucky Power Company d/b/a American Electric Power, | Law Firm of Russell R. Johnson III, PLC | Russell R. Johnson III & John M Craig | russj4478@aol.com |

| | | | |
|---|---|---|---|
| FirstEnergy Solutions Corp., Monongahela Power Company, West Penn Power Company, Dominion Field Services, Inc. and Virginia Electric and Power Company d/b/a Dominion Virginia Power; CNG Coal Company; Dominion Transmission, Inc., | | | |
| Counsel for D.A. Eldridge, Inc. | Law Office of John T. Donelan | John T Donelan | donelanlaw@gmail.com |
| Counsel for International Marine Terminals Partnership; KINDER MORGAN OPERATING L.P. "C" | Law Office of Patricia Williams Prewitt | Patricia Williams Prewitt | pwp@pattiprewittlaw.com |
| Counsel for Marianna A. Busch | Law Office of Richard D. Scott | Richard D Scott | Richard@rscottlawoffice.com |
| Counsel for Sierra Club, West Virginia Highlands Conservancy and Ohio Valley Environmental Coalition | Leach Travell PC | Kristen E Burgers & Stephen E. Leach | kburgers@ltblaw.com; sleach@ltblaw.com |
| Counsel to Caterpillar Financial Services Corporation | LeClairRyan,a Professional Corporation | Vernon E Inge Jr & Corey S Booker | vernon.inge@leclairryan.com; corey.booker@leclairryan.com |
| Counsel to Bank of the West | Leitess Friedberg PC | Jeremy S Friedberg | Jeremy.friedberg@lf-pc.com |
| Counsel to United Mine Workers of America | Lowenstein Sandler PC | Sharon Levine Paul Kizel Wojciech Jung Philip J. Gross & Nicole M. Brown | slevine@lowenstein.com; pkizel@lowenstein.com; wjung@lowenstein.com; pgross@lowenstein.com; nbrown@lowenstein.com |
| Counsel to Carter Machinery Company, Inc; NewPath Energy Capital, LLC | Magee Goldstein Lasky & Sayers PC | Andrew S Goldstein & Garren R. Laymon | agoldstein@mglspc.com; glaymon@mglspc.com |
| Counsel to Liberty Mutual Insurance | Manier & Herod | Michael E Collins & Scott C. | mcollins@manierherod.com; swilliams@manierherod.com |

| Company; The Federal Insurance Company | | Williams | |
|---|---|---|---|
| Counsel to Citicorp North America, Inc., as Administrative and Collateral Agent under the Debtors' Prepetition Secured Credit Facility and Debtors' Proposed Postpetition Lenders | McGuireWoods LLP | Dion W. Hayes, Sarah B. Boehm, K. Elizabeth Sieg | dhayes@mcguirewoods.com; sboehm@mcguirewoods.com; bsieg@mcguirewoods.com |
| Counsel to TIC-The Industrial Company Wyoming, Inc; Pillar Innovations, LLC; Rice Drilling B LLC | Michael Wilson PLC | Michael G Wilson | mike@mgwilsonlaw.com |
| Counsel to Official Committee of Unsecured Creditors | Milbank, Tweed, Hadley & McCloy LLP | Dennis F. Dunne Abhilash M. Raval Evan R. Fleck & Eric Stodola | ddunne@milbank.com; araval@milbank.com; efleck@milbank.com; estodola@milbank.com |
| Counsel to Official Committee of Unsecured Creditors | Milbank, Tweed, Hadley & McCloy LLP | Andrew M. Leblanc | aleblanc@milbank.com |
| Counsel to the United Mine Workers of America Health and Retirement Funds | Mooney Green Saindon Murphy & Welch PC | Paul A Green & John R Mooney | pgreen@mooneygreen.com; jmooney@mooneygreen.com |
| Counsel for South Carolina Electric & Gas Co | Moore & Van Allen PLLC | David B Wheeler | davidwheeler@mvalaw.com |
| Counsel to Citizens Asset Finance, Inc. (f/k/a RBS Asset Finance, Inc.) | Moran Reeves & Conn PC | Christopher J Hoctor | choctor@mrcpclaw.com |
| Counsel to the United Mine Workers of America Health and Retirement Funds | Morgan Lewis & Bockius LLP | John C Goodchild III | jgoodchild@morganlewis.com |
| Counsel to the United Mine Workers of | Morgan Lewis & Bockius LLP | Julia Frost-Davies | julia.frost-davies@morganlewis.com |

| America Health and Retirement Funds | | | |
|---|---|---|---|
| Attorneys for Western Organization of Resource Councils | Moye White LLP | James T Burghardt & Timothy M Swanson | tim.swanson@moyewhite.com; jim.burghardt@moyewhite.com |
| Counsel to Michelin North America, Inc.; Talen Generation, LLC, formerly known as PPL Generation, LLC, and as parent company of Greene Manor Coal Company, successor in interest to Realty Company of Pennsylvania. | Nelson Mullins Riley & Scarborough LLP | Jody A Bedenbaugh & Keith Poston | jody.bedenbaugh@nelsonmullins.com; keith.poston@nelsonmullins.com |
| Counsel to Michelin North America, Inc.; Talen Generation, LLC, formerly known as PPL Generation, LLC, and as parent company of Greene Manor Coal Company, successor in interest to Realty Company of Pennsylvania. | Nelson Mullins Riley & Scarborough LLP | Dylan G Trache | dylan.trache@nelsonmullins.com |
| Counsel to Commonwealth of Pennsylvania, Department of Revenue | Office of Attorney General | Carol E Momjian | cmomjian@attorneygeneral.gov |
| Office of the United States Trustee for the Eastern District of Virgina | Office of the United States Trustee | Attn:  Robert B. Van Arsdale, Esq. | USTPRegion04.RH.ECF@usdoj.gov; hugh.m.bernstein@usdoj.gov; Robert.B.Van.Arsdale@usdoj.gov |
| Counsel to The Royal Bank of Scotland PLC | Orrick Herrington & Sutcliffe LLP | Raniero Daversa Jr & Monica Perrigino | rdaversa@orrick.com; mperrigino@orrick.com |
| Pension Benefit Guaranty Corporation | Pension Benefit Guaranty Corporation | Corporate Finance & Restructuring Department | efile@pbgc.gov |

| Official Committee of Unsecured Creditors | Pension Benefit Guaranty Corporation | Attn: Michael Strollo | |
|---|---|---|---|
| Counsel to Pension Benefit Guaranty Corporation | Pension Benefit Guaranty Corporation | Louisa A Fennell & John Holland Ginsberg | fennell.louisa@pbgc.gov; efile@pbgc.gov; ginsberg.john@pbgc.gov |
| Counsel to Cleveland Brothers Equipment Company, Inc | Pepper Hamilton LLP | Henry J Jaffe &John H Schanne II | schannej@pepperlaw.com; jaffeh@pepperlaw.com |
| Counsel for Joy Mining & Manufacturing and Joy Global Surface Mining Inc. | Pietragallo Gordon Alfano Bosick & Raspanti LLP | Kenneth D. McArthur Jr. | kdm@pietragallo.com |
| Local Counsel for Creditors, Douglas M. Griffith, Cynthia C. Griffith, and Cynthia C. Griffith as next friend of Sydney Jodi Marie Griffith, a minor | Rawls, McNelis & Mitchell, PC | Edward J McNelis III | emcnelis@rawlsmcnelis.com |
| Top 50; Counsel to Hugh M. Caperton, Harman Development Corporation, Harman Mining Corporation, and Sovereign Coal Sales, Inc. | REED SMITH LLP | ATTN: S. MILES DUMVILLE AND TRAVIS SABALEWSKI | mdumville@reedsmith.com |
| Counsel to Texas Eastern Transmission, LP | REED SMITH LLP | Alison Toepp | atoepp@reedsmith.com |
| Counsel to Ecko Inc and f AAA Mine Service, Inc, Marsico Brothers, Inc; behalfofGlenn Jeokins, Stella Jelkins, Leslie Shepherd, Debbie Shepherd, Leslie Jenkins, Hildred Jenkins, Chad Robinsotr, and Delores Robinsotr and Gould Electric | Ronald Page PLC | Ronald A Page Jr | rpage@rpagelaw.com |

| Motor Repair, Inc. | | | |
|---|---|---|---|
| Counsel to Official Committee of Unsecured Creditors | Sands Anderson PC | Roy M. Terry William A. Gray John C. Smith W. Ashley Burgess & Eric C. Howlett | bgray@sandsanderson.com; rterry@sandsanderson.com; aburgess@sandsanderson.com; jsmith@sandsanderson.com; ehowlett@sandsanderson.com |
| SEC Headquarters | Securities and Exchange Commission | Secretary of the Treasury | secbankruptcy@sec.gov |
| SEC | Securities and Exchange Commission | New York Regional Office | bankruptcynoticeschr@sec.gov |
| Counsel for The Federal Insurance Company; Liberty Mutual Insurance Company | Setliff & Holland PC | Richard T. Pledger & Thomas J Moran | rpledger@setliffholland.com ; tmoran@setliffholland.com |
| Counsel for Mar-Bow Value Partners, LLC | Sheldon S Toll PLLC | Sheldon S Toll | sst@lawtoll.com |
| Counsel for SG Equipment Finance USA Corp | Sheppard Mullin Richter & Hampton LLP | Malani J Cademartori & Blanka K Wolfe | mcademartori@sheppardmullin.com; bwolfe@sheppardmullin.com |
| Counsel for EDF Trading Resources, LLC | Sidley Austin LLP | Kenneth W Irvin & David E Kronenberg | kirvin@sidley.com; dkronenberg@sidley.com |
| Counsel to AXIS Capital, Inc. | Spence Brierley PC | Adam M Spence | adam@spencefirm.com |
| Counsel to Penn Virginia Operating Co., LLC; JRY Natural Resources, LLC; McCreery Coal Land Company, Pardee Minerals, LLC; The David J. Pierce Trust U/A dated February 23,2011 ("Pierce Trust"); Donald L. Blankenship; Christian Colliery Company; Berwind Land Company; Westvarendrag, Inc.; Piney Land Company | Spilman Thomas & Battle PLLC | Peter M Pearl | ppearl@spilmanlaw.com |

| | | | |
|---|---|---|---|
| Counsel to Spruce Pine Land Company; M&T Bank, as Trustee for DeWitt White Trust Under Will | Spotts Fain PC | Robert H. Chappell, III &James K. Donaldson & Jennifer J. West | rchappell@spottsfain.com; jdonaldson@spottsfain.com; jwest@spottsfain.com |
| Counsel to ICF Jones & Stokes, Inc., ArcelorMittal USA LLC and ArcelorMittal Burns Harbor LLC | Squire Patton Boggs US LLP | Elliot M Smith | Elliot.smith@squirepb.com |
| Counsel to Starr Indemnity & Liability Company | Starr Indemnity & Liability Company | Ross M Chinitz | ross.chinitz@starrcompanies.com |
| Counsel to ACE American Insurance Company, Aspen American Insurance Company, Fidelity & Deposit Company of Maryland, Indemnity National Insurance Company, Travelers Casualty & Surety Company of America, Westchester Fire Insurance Company, and Zurich American Insurance Company | Stites & Harbison PLLC | Michael K Kim | mkim@stites.com |
| Counsel to Kentucky Utilities Company | Stoll Keenon Ogden PLLC | Lea Pauley Goff & Emily L Pagorski | emily.pagorski@skofirm.com; lea.goff@skofirm.com |
| Counsel to Wilmington Trust, National Association, as Indenture Trustee for the 7½% Senior Secured Second Lien Notes due 2020 and 7½% Senior Secured Second Lien Notes due 2020 (Series B), | Stroock & Stroock & Lavan LLP | Jayme T. Goldstein, Esq. Kenneth Pasquale, Esq. &Gabriel E. Sasson, Esq | jgoldstein@stroock.com; kpasquale@stroock.com; gsasson@stroock.com |

| Counsel to Honey Island Coal Co., LLC | Sutherland Asbill & Brennan LLP | Mark D Sherrill | mark.sherrill@sutherland.com |
|---|---|---|---|
| Counsel to Honey Island Coal Co., LLC | Sutherland Asbill & Brennan LLP | Thomas M Byrne | tom.byrne@sutherland.com |
| Counsel for the Moving Retirees; Proposed Counsel for The Official Committee of Retired Employees | Tavenner & Beran, PLC | Lynn Lewis Tavenner Paula S. Beran & David N. Tabakin | LTavenner@tb-lawfirm.com; PBeran@tb-lawfirm.com |
| Counsel for American Petroleum Partners, LLC | The Law Offices of David A. Greer, PLC | David Greer | dgreer@davidgreerlaw.com |
| Counsel for GE Capital Corporation | Thompson McMullan PC | David R Ruby & William D Prince IV | wprince@t-mlaw.com; druby@t-mlaw.com |
| Counsel to TN Dept of Revenue | TN Dept of Revenue | c/oTN Attorney General's Office, Bankruptcy Division | gina.hantel@ag.tn.gov |
| Counsel for Williams Mountain, LLC; Birchwood Power Partners, L.P., a Delaware limited partnership | Troutman Sanders LLP | Richard E Hagerty | richard.hagerty@troutmansanders.com |
| Counsel for Williams Mountain, LLC | Troutman Sanders LLP | Massie Payne Cooper & Margeaux S Serrano | massie.cooper@troutmansanders.com; margeaux.serrano@troutmansanders.com |
| Counsel for the United States of America, on behalf of the U.S. Department of Labor, the U.S. Department of the Interior (on behalf of the Bureau of Land Management and the Office of Natural Resources Revenue), and the Federal Communications Commission | U.S. Department of Justice | Seth B Shapiro | seth.shapiro@usdoj.gov |
| Counsel to the United States of | U.S. Department of Justice - | Marcello Mollo | marcello.mollo@usdoj.gov |

| America | Environmental Enforcement Section Environment and Natural Resources Division | | |
|---|---|---|---|
| EPA | U.S. EPA, Region III (3RC60) | Bettina Dunn, Paralegal Specialist | dunn.bettina@epa.gov |
| SEC | U.S. Securities and Exchange Commission | Office of Reorganization | atlanta@sec.gov; atlreorg@sec.gov |
| Counsel to the United Mine Workers of America Health and  Retirement Funds | UMWA Health & Retirement Funds | Barbara E Locklin Assistant General Counsel | blocklin@umwafunds.org |
| Counsel to Union Pacific Railroad Company | Union Pacific Railroad Company | Mary Ann Kilgore & Jennie L Anderson | mkilgore@up.com; jlanders01@up.com |
| United Mine Workers of America; Official Committee of Unsecured Creditors | United Mine Workers of America | Attn: Grant Crandall, General Counsel | gcrandall@umwa.org |
| EPA | USEPA William Jefferson Clinton Building | South (WJC South) | garbow.avi@epa.gov |
| Counsel for Enterprise FM Exchange, Inc. d/b/a Enterprise FM Trust | Vandeventer Black LLP | Deborah M Casey & Shalanda N Franklin | dcasey@vanblacklaw.com; sfranklin@vanblacklaw.com |
| Counsel to Citizens Asset Finance, Inc. (f/k/a RBS Asset Finance, Inc.) | Vedder Price PC | Douglas J Lipke | dlipke@vedderprice.com |
| Counsel for Rice Drilling B LLC | Vinson & Elkins LLP | David S Meyer & Jessica C Peet | dmeyer@velaw.com; jpeet@velaw.com |
| Counsel to Kinder Morgan Operating LP "C"; Gregory Brock | Vogel & Cromwell LLC | Christian K Vogel | kvogel@vogelandcromwell.com |
| Counsel to Mayo Manufacturing Company, Inc. | Weber & Rose PCS | Cathy S Pike | cpike@weberandrose.com |
| Counsel to General Electric Credit Corporation, as Administrative Agent under the | Weil, Gotshal & Manges LLP | Debra A. Dandeneau, John J. Dedyo | debra.dandeneau@weil.com; john.dedyo@weil.com |

| Debtors' Prepetition Secured Accounts Receivable Facility | | | |
|---|---|---|---|
| Counsel for Central Greene School District | Weltman, Weinberg & Reis Co. LPA | Keri P Ebeck | kebeck@weltman.com |
| Counsel to National Electric Company, Inc, Powell Construction Company, Inc. and Powell Construction Company, West Virginia Division, LLC; Boxley Aggregates of West Virginia, LLC and Boxley Materials Company; Bailey & Wells, Inc. | Whiteford Taylor & Preston LLP | Michael E Hastings & Brandy M Rapp | mhastings@wtplaw.com; brapp@wtplaw.com |
| Counsel for City National Bank of West Virginia as Trustee  under a Trust Agreement dated December 30, 1983, with A.M. Prichard, III, Sarah Ann Prichard,  and Lewis Prichard; J.A. Holley Trust; PRC Holdings, LLC; Prichard School, LLC; and Riverside Park, Inc. (collectively, "PRC/Holley"), party in interest and lessor | Whiteford, Taylor & Preston, LLP | Bradford F. Englander | benglander@wtplaw.com |
| Counsel for City National Bank of West Virginia as Trustee  under a Trust Agreement dated December 30, 1983, with A.M. Prichard, III, Sarah Ann Prichard,  and Lewis Prichard; | Whiteford, Taylor & Preston, LLP | Michael J. Roeschenthaler | mroeschenthaler@wtplaw.com |

| J.A. Holley Trust; PRC Holdings, LLC; Prichard School, LLC; and Riverside Park, Inc. (collectively, "PRC/Holley"), party in interest and lessor | | | |
|---|---|---|---|
| Counsel for Banc of America Leasing and Capital LLC. ("BALC") | Wilson Elser Moskowitz Edelman & Dicker LLP | David M. Ross | david.ross@wilsonelser.com |
| Counsel for Cecil I. Walker Machinery Co; BNP Paribas; Wyoming Machinery Company; Steven and Suzanne Pardon; Carbon Resources, Inc. | Wolcott Rivers Gates | Cullen D Speckhart | cspeckhart@wolriv.com |
| Counsel to Cleveland Brothers Equipment Company Inc and CB Mining | Woods Rogers PLC | Richard C Maxwell | rmaxwell@woodsrogers.com |
| Top 50 | WYOMING OFFICE OF STATE LANDS & INVESTMENTS | | billie.hunter@wyo.gov |
| Counsel to Atlantic Specialty Insurance Company | Zemanian Law Group | Peter G Zemanian | pete@zemanianlaw.com |
| | | | |

Was mailed first class, postage prepaid to each of the following (those on the Master Service List with no e-mail address):

Bill Powell
CB Mining, Inc.
225 Berry Road
Washington, PA 15301

Citibank, N.A.
Citi Global Loans

1615 Brett Road OPS III
New Castle, DE 19720
Attn: Kimberly Shelton
Attn: Mark Rosenthal

Compushare Trust Co., N.A.
480 Washington Street, 28th Floor
Jersey City, NJ 07310
Attn: Tina Vitale

General Electric Capital Corp.
500 West Monroe Street
Chicago, IL 60661
Attn: Senior Counsel-Corporate Finance

General Electric Capital Corp.
201 Merritt 7
Norwalk, CT 06851
Attn: Drew Vinca

IRS
P.O. Box 7346
Philadelphia, PA 19101-7346

Ralph Hymer
Nelson Brothers, LLC
820 Shades Creek Parkway, Suite 2000
Birmingham, AL 35209

Pension Benefit Guaranty Corp.
1200 K Street, NW
Washington DC, 20005-4026
Attn:  Michael Strollo

Union Bank of California, N.A.
350 California Street
11th Floor
San Francisco CA 94101
Attn: Corporate Trust Administrator

Union Bank of California, N.A.
350 California Street
11th Floor

San Francisco CA 94101
Attn: James Myers & David Ursa

United Mine Workers of America 1974 Pension Plan & Trust
2121 K Street, NW
Washington DC, 20037
Attn: David Allen

U.S. Attorney for the District of Delaware
Nemours Building
1007 Orange Street, Suite 700
Wilmington, DE 19801
Attn: Charles M. Oberly, III

U.S. Attorney for the Eastern District of Virginia
Main Street Centre
600 E. Main Street, Suite 1800
Richmond, VA 23219
Attn: Dana Boente


And that, according to the Court's CM/ECF system, the following persons received
electronic service:

- Mark K. Ames    mark@taxva.com, amanda@taxva.com
- David W. Baddley    baddleyd@sec.gov
- Kevin W. Barrett    kbarrett@baileyglasser.com,
  mhissam@baileyglasser.com;mchapman@baileyglasser.com
- Peter Barrett    peter.barrett@kutakrock.com,
  lynda.wood@kutakrock.com;sara.abrams@kutakrock.com;charisse.matthews@kutakrock.com
- Paula S. Beran    pberan@tb-lawfirm.com, stavenner@tb-lawfirm.com;ltavenner@tb-
  lawfirm.com;sdigiorgio@tb-lawfirm.com;lnelson@tb-lawfirm.com;dtabakin@tb-
  lawfirm.com
- Mark A. Black    mblack@bmwlaw.com, aday@bmwlaw.com
- Corey Simpson Booker    corey.booker@leclairryan.com,
  elizabeth.slate@leclairryan.com
- Tyler P. Brown    tpbrown@hunton.com, tcanada@hunton.com
- Jeffrey Paul Brundage    jbrundage@eckertseamans.com, DChrist@eckertseamans.com
- Kristen E. Burgers    kburgers@hf-law.com
- James T Burghardt    jim.burghardt@moyewhite.com, kim.maynes@moyewhite.com
- William A. Burnett    aburnett@williamsmullen.com, ddillon@williamsmullen.com
- Paul K. Campsen    pkcampsen@kaufcan.com, jaturner@kaufcan.com

- Robert A. Canfield     bcanfield@canfieldbaer.com,
  jcooper@canfieldbaer.com;kkruck@canfieldbaer.com;hwells@canfieldbaer.com;betsy@
  canfieldbaer.com;jeancanfield@comcast.net
- J. Robertson Clarke     rclarke@akingump.com,
  dstaber@AKINGUMP.COM;sschultz@AkinGump.com
- Michael A. Condyles     michael.condyles@kutakrock.com,
  lynda.wood@kutakrock.com;jeremy.williams@kutakrock.com
- Massie Payne Cooper     massie.cooper@troutmansanders.com
- Joseph Corrigan     Bankruptcy2@ironmountain.com
- John M. Craig     johncraigg@aol.com, russj4478@aol.com
- Karen M. Crowley     kcrowley@clrbfirm.com,
  jbrockett@clrbfirm.com;tturner@clrbfirm.com;clrbfirmecf@gmail.com
- Shannon Eileen Daily     sdaily@hunton.com
- Dale A. Davenport     ddavenport@hooverpenrod.com,
  hhutman@hooverpenrod.com;bdriver@hooverpenrod.com;hpnotices@gmail.com;xocho
  a@hooverpenrod.com
- James K. Donaldson     jdonaldson@spottsfain.com,
  eanderson@spottsfain.com;jwest@spottsfain.com;rchappell@spottsfain.com;tmoore@sp
  ottsfain.com;hcutright@spottsfain.com
- John T. Donelan     donelanlaw@gmail.com
- Beth C. Driver     bdriver@hooverpenrod.com
- S. Miles Dumville     mdumville@reedsmith.com,
  shicks@reedsmith.com;docketingecf@reedsmith.com;dlynch@reedsmith.com
- Keri P Ebeck     kebeck@weltman.com, agilbert@weltman.com
- Bradford F. Englander     benglander@wtplaw.com, rodom@wtplaw.com
- Augustus C. Epps     aepps@cblaw.com, avaughn@cblaw.com
- Louisa A. Fennell     fennell.louisa@pbgc.gov
- Evan R. Fleck     efleck@milbank.com,
  atsang@milbank.com;estodola@milbank.com;araval@milbank.com;aleblanc@milbank.c
  om;jhan@milbank.com
- Anna Girard Fletcher     anna.fletcher@ky.gov
- J. David Folds     dfolds@bakerdonelson.com, sparson@bakerdonelson.com
- Shalanda N. Franklin     sfranklin@vanblk.com, mdowns@vanblk.com
- Jeremy S. Friedberg     jeremy.friedberg@lf-pc.com, ecf@lf-pc.com;pierce.murphy@lf-
  pc.com
- Kevin J. Funk     kfunk@durrettecrump.com, bmcmillen@durrettecrump.com
- John H. Ginsberg     ginsberg.john@pbgc.gov, efile@pbgc.gov
- Matthew A. Gold     courts@argopartners.net
- Andrew S. Goldstein     AGoldstein@mglspc.com, jcoffman@mglspc.com
- Barbara J. Grabowski     bgrabowski@pa.gov, jotabor@pa.gov
- William A. Gray     bgray@sandsanderson.com,
  sryan@sandsanderson.com;ksmith@sandsanderson.com;dbbankruptcy@gmail.com
- David A. Greer     dgreer@davidgreerlaw.com, ecf@davidgreerlaw.com
- Kelly C. Griffith     kgriffith@harrisbeach.com, bkemail@harrisbeach.com
- Douglas M. Grimsley     dgrimsley@dmclaw.com,
  jott@dmclaw.com;snatale@dmclaw.com

- Richard E. Hagerty    richard.hagerty@troutmansanders.com, sharron.fay@troutmansanders.com;anne.clark@troutmansanders.com;karen.powers@troutmansanders.com
- Gina Baker Hantel    agbankcal@ag.tn.gov
- Jason William Harbour    jharbour@hunton.com, tcanada@hunton.com
- Michael E. Hastings    mhastings@wtplaw.com, twhitt@wtplaw.com
- Dion W. Hayes    dhayes@mcguirewoods.com, kcain@mcguirewoods.com
- Christopher Julian Hoctor    choctor@mrcpclaw.com
- Kevin Walker Holt    Holt@gentrylocke.com, langhorn@gentrylocke.com
- Carl Alban Howard    choward@gebsmith.com
- Hannah White Hutman    hhutman@hooverpenrod.com, hpnotices@gmail.com
- Vernon E. Inge    vernon.inge@leclairryan.com, elizabeth.slate@leclairryan.com
- Britteny N. Jenkins    bjenkins@spilmanlaw.com, tbyer@spilmanlaw.com
- Paul G Jennings    pjennings@bassberry.com, bankr@bassberry.com
- Christopher A. Jones    cajones@wtplaw.com, rodom@wtplaw.com;dgaffey@wtplaw.com
- Chester J Karas    CKARAS@pa.gov
- Michael Kwang-Min Kim    mkim@stites.com, docketclerkalex@stites.com,jwilliams-parker@stites.com;bearly@stites.com;kgish@stites.com;sfeatherston@stites.com
- Nathan Kramer    nkramer@hunton.com
- David E Kronenberg    dkronenberg@sidley.com
- Kevin A. Lake    klake@mcdonaldsutton.com
- Garren Robert Laymon    glaymon@mglspc.com, jcoffman@mglspc.com
- Stephen E. Leach    sleach@hf-law.com, ndysart@hf-law.com
- Henry Pollard Long    hlong@hunton.com, tcanada@hunton.com
- John H. Maddock III    jmaddock@mcguirewoods.com
- Richard C. Maxwell    rmaxwell@woodsrogers.com, hstewart@woodsrogers.com
- Kenneth D. McArthur    kdm@pietragallo.com, rjp@pietragallo.com;ms@pietragallo.com
- Christine H. McCarthy    cmccarthy@btlaw.com
- James Grant McGuire    gmcguire@campbellwoods.com, phammack@campbellwoods.com;cjones@campbellwoods.com
- Robert P. McIntosh    Robert.McIntosh@usdoj.gov, USAVAE.RIC.ECF.CIVIL@usdoj.gov;SJohnston1@usa.doj.gov
- Jennifer McLain McLemore    jmclemore@cblaw.com, avaughn@cblaw.com;gnatella@cblaw.com;cnichols@cblaw.com
- Edward J. McNelis    emcnelis@rawlsmcnelis.com, jarcher@rawlsmcnelis.com
- Marcello M. Mollo    marcello.mollo@usdoj.gov
- Carol E. Momjian    cmomjian@attorneygeneral.gov
- Erika L. Morabito    emorabito@foley.com
- Thomas Joseph Moran    tmoran@setliffholland.com, wcabell@setliffholland.com
- Michael D. Mueller    mmueller@cblaw.com, avaughn@cblaw.com
- Guy S. Neal    emcdonnell@sidley.com;kirvin@sidley.com;dkronenberg@sidley.com
- Michael D. Nord    mnord@gebsmith.com
- David William O'Brien    dobrien@crowell.com, mplevin@crowell.com;tyoon@crowell.com;jmccarthy@crowell.com

- Ronald A. Page    rpage@rpagelaw.com,
  rpage@ecf.inforuptcy.com;pagebankruptcy@gmail.com;ronpagebankruptcy@gmail.com
- Justin F. Paget    jpaget@hunton.com, tcanada@hunton.com
- Peter M. Pearl    ppearl@spilmanlaw.com, scormany@spilmanlaw.com
- Shannon Pecoraro    Shannon.pecoraro@usdoj.gov,
  june.e.turner@usdoj.gov;Theresa.Mack@usdoj.gov
- Richard Thomas Pledger    rpledger@setliffholland.com,
  tmoran@setliffholland.com;wcabell@setliffholland.com
- Patricia Williams Prewitt    pprewitt@lockelord.com
- William Daniel Prince    wprince@t-mlaw.com, jseay@t-mlaw.com
- Robert Frederick Ritchie    rritchie@atg.state.il.us
- Judy A. Robbins    USTPRegion04.RH.ECF@usdoj.gov
- David Mitchell Ross    david.ross@wilsonelser.com,
  timothy.wheeler@wilsonelser.com;daniel.flores@wilsonelser.com
- David R. Ruby    druby@t-mlaw.com, bankruptcyassistant@t-
  mlaw.com;druby@ecf.epiqsystems.com
- Denyse Sabagh    dsabagh@duanemorris.com
- Troy Savenko    tsavenko@kv-legal.com, djenkins@kv-legal.com
- John Henry Schanne    schannej@pepperlaw.com, jaffeh@pepperlaw.com
- Sheila R Schwager    sschwager@hawleytroxell.com, cdavenport@hawleytroxell.com
- William H. Schwarzschild    tschwarz@williamsmullen.com
- Richard D. Scott    richard@rscottlawoffice.com
- Margeaux S. Serrano    margeaux.serrano@troutmansanders.com
- Seth Brandon Shapiro    seth.shapiro@usdoj.gov
- Mark D. Sherrill    mark.sherrill@sutherland.com
- Elliot Smith    elliot.smith@squirepb.com, Karen.graves@squirepb.com
- John Ronald Smith    jrsmith@hunton.com
- Mark Henry Michael Sosnowsky    mark.sosnowsky@dbr.com,
  Kristin.Going@dbr.com;jennifer.roussil@dbr.com;daniel.northrop@dbr.com
- Daniel D. Sparks    dds@csattorneys.com,
  jgguier@csattorneys.com;bdb@csattorneys.com;wlt@csattorneys.com;dml@csattorneys.
  com
- Cullen Drescher Speckhart    cspeckhart@wolriv.com, clbradley@wolriv.com
- Adam M. Spence    adam@spencebucklerlaw.com
- Lisa Bittle Tancredi    ltancredi@gebsmith.com
- Lynn L. Tavenner    ltavenner@tb-lawfirm.com, sleadbeater@tb-
  lawfirm.com;sdigiorgio@tb-lawfirm.com;lnelson@tb-lawfirm.com
- Bud Stephen Tayman    btayman@taymanlaw.com
- Roy M. Terry    rterry@sandsanderson.com,
  sryan@sandsanderson.com;dbbankruptcy@gmail.com
- Alison Ross Wickizer Toepp    atoepp@reedsmith.com,
  dlynch@reedsmith.com;dflippen@reedsmith.com;docketingecf@reedsmith.com
- Dylan G. Trache    dylan.trache@nelsonmullins.com, robert.ours@nelsonmullins.com
- John Alexander Trocki    jtrocki@mofo.com
- Robert B. Van Arsdale    Robert.B.Van.Arsdale@usdoj.gov
- Christian K. Vogel    kvogel@vogelandcromwell.com

- Jennifer J. West    jwest@spottsfain.com,
  rchappell@spottsfain.com;tmoore@spottsfain.com;eanderson@spottsfain.com;jdonaldso
  n@spottsfain.com;hcutright@spottsfain.com
- Robert S. Westermann    rwestermann@hf-law.com, rmcburney@hf-
  law.com;rmcburney67@gmail.com
- David B. Wheeler    davidwheeler@mvalaw.com
- Bruce W. White    gailwhite28@gmail.com,
  brucewwhite@gmail.com;brucebwhite@gmail.com
- Jeremy S. Williams    jeremy.williams@kutakrock.com,
  lynda.wood@kutakrock.com;Amanda.nugent@kutakrock.com
- Scott C Williams    swilliams@manierherod.com, mcollins@manierherod.com
- Michael Gregory Wilson    mike@mgwilsonlaw.com
- Gordon S. Woodward    gwoodward@schnader.com
- Miles Jarrad Wright    mjwright@dimuro.com,
  ccoggins@dimuro.com;smodeste@dimuro.com;khauck@dimuro.com
- Melissa Yvonne York    myork@hccw.com, creeves@hccw.com
- Peter G. Zemanian    pete@zemanianlaw.com


 /s/ *Hugh M. Bernstein*
Hugh M. Bernstein