IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| IN RE: | ALPHA NATURAL RESOURCES, INC., *et al.*, | Case No. 15-33896-KRH<br>Chapter 11<br>(Jointly Administered) |
| | Debtors. | |

# MEMORANDUM OPINION

Alpha Natural Resources, Inc., and 149 of its direct and indirect subsidiaries (the "Debtors") commenced these bankruptcy cases on August 3, 2015, in the United States Bankruptcy Court for the Eastern District of Virginia (the "Court").[1] On August 29, 2016, the Court issued a memorandum opinion[2] in support of an order denying the motion of Mar-Bow Value Partners LLC ("Mar-Bow") to stay the effectiveness of an order entered July 12, 2016 (the "Confirmation Order"),[3] that confirmed the *Second Amended Joint Plan of Reorganization of Debtors and Debtors in Possession*, as modified, (the "Plan").[4] The Plan incorporated a delicate balance of interrelated settlements involving numerous parties. Mar-Bow had objected to certain provisions in the Plan that provided for (i) the transfer of a substantial portion of the Debtors' property to creditors holding first priority liens against the estate and (ii) the exculpation and release of estate professionals as applied to McKinsey Recovery & Transformation Services

---

[1] On August 5, 2015, the Court entered an order authorizing the joint administration of these chapter 11 cases (collectively, the "Bankruptcy Case"). *See* Fed. R. Bankr. P. 1015.

[2] *See* Memorandum Opinion, *In re Alpha Natural Resources, Inc., et al.,* No. 15-33896-KRH (Bankr. E.D. Va. Aug. 29, 2016), ECF No. 3347.

[3] *See* Order Denying Motion for a Stay Pending Appeal Pursuant to Bankruptcy Rule 8005 and Memorandum of Points and Authorities, *In re Alpha Natural Resources, Inc., et al.,* No. 15-33896-KRH (Bankr. E.D. Va. Aug. 29, 2016), ECF No. 3348.

[4] The Plan is attached as exhibit A to the Confirmation Order. *See* Order Confirming Second Amended Joint Plan of Reorganization of Debtors and Debtors In Possession, As Modified, Ex. A, *In re Alpha Natural Resources, Inc., et al.,* No. 15-33896-KRH (Bankr. E.D. Va. July 12, 2016), ECF No. 3038.

1

U.S., LLC ("McKinsey RTS").  The Plan was universally accepted in accordance with 11 U.S.C. § 1126(c) by all impaired creditor classes that were entitled to vote, including the creditor class in which Mar-Bow's claim was included.[5]  In confirming the Debtors' Plan, the Court overruled Mar-Bow's objections.  Mar-Bow appealed and sought to delay the effectiveness of the Plan.[6]

Mar-Bow became active in this case very late in the plan confirmation process.  Only a month before the confirmation hearing, Mar-Bow filed a motion to compel McKinsey RTS to comply with Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rule(s)").[7]  At issue was whether McKinsey RTS satisfied the Bankruptcy Code's "disinterested" standard.  A debtor in possession may only employ professionals "that do not hold or represent an interest adverse to the estate, and that are disinterested persons. . . ."  11 U.S.C. § 327(a).[8]  The Court had approved the employment of McKinsey RTS very early in the Bankruptcy Case, finding at the time that it was "disinterested" based upon the verified statement that accompanied its employment application.[9]  Mar-Bow argued in its motion to compel that the

---

[5] "A class of claims has accepted a plan if such plan has been accepted by creditors . . . that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors . . . that have accepted or rejected such plan."  11 U.S.C. § 1126(c).

[6] See Notice of Appeal (Confirmation Order), *Mar-Bow Value Partners, LLC v. McKinsey Recovery & Transformation Services U.S., LLC (In re Alpha Nat. Res., Inc., et al.)*, No. 3:16-cv-00613-MHL, (E.D. Va. July 20, 2016), ECF No. 1.

[7] Bankruptcy Rule 2014(a) requires a professional state "to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee[]" in his application for employment.  Fed. R. Bankr. P. 2014(a).  The application must "be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee."  *Id*.

[8] A "disinterested person" is defined as: one that "(A) is not a creditor, an equity security holder, or an insider; (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason."  11 U.S.C. § 101(14).

[9] See Order, Pursuant to Sections 327(a), 328(a) and 1107(b) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Bankruptcy Rule 2014-1, Authorizing the Debtors to Retain and Employ McKinsey Recovery &

verified statement filed by McKinsey RTS failed to disclose *by name* all of the entities with which it had connections in the Debtors' Bankruptcy Case.[10] On July 1, 2016, the Court entered an order that required McKinsey RTS to disclose to the Court for its *in camera* review (the "*In Camera* Disclosures"): (i) the names of all entities on the Interested Parties List with which McKinsey RTS had connections; (ii) the identity of any entities on the Interested Parties List that managed investments for an entity named MIO ("MIO") that offered investment products for McKinsey RTS' partners and pension plans; (iii) the identity of any entities on the Interested Parties List in which MIO had directly invested;[11] and (iv) the response rates for the email surveys sent to McKinsey RTS' employees and affiliates (the "Order Compelling Compliance"). The Order Compelling Compliance tasked the Debtors, Mar-Bow, the Unsecured Creditors Committee, the U.S. Trustee, and McKinsey RTS to negotiate in good faith a confidentiality order whereunder the U.S. Trustee, the Debtors and the Unsecured Creditors Committee could review the *In Camera* Disclosures provided to the Court.[12] McKinsey RTS timely complied with the Court's Order Compelling Compliance.

The Court found that the *In Camera* Disclosures adequately supplemented the verified statements filed by McKinsey RTS in full compliance with the requirements of Bankruptcy Rule

---

Transformation Services U.S., LLC as Turnaround Advisor for the Debtors, Effective as of the Petition Date, *In re Alpha Natural Resources, Inc., et al.,* No. 15-33896-KRH (Bankr. E.D. Va. Sept. 17, 2015), ECF No. 476.

[10] McKinsey RTS had disclosed its connections on a category of interested party basis.

[11] McKinsey RTS was also required to disclose any funds or managers that were on the Interested Parties List. However, the Court did not require any disclosure over the investments of any funds where MIO did not have control or input over the investment decisions of the funds.

[12] The Court did not make provision for Mar-Bow's access to the *In Camera* Disclosures in order to accommodate the anticompetitive concerns raised by McKinsey RTS in its opposition to Mar-Bow's motion to compel.

3

2014.[13] After reviewing the *In Camera* Disclosures, the Court was completely satisfied that McKinsey RTS remained a "disinterested person." The Court announced this finding at the Plan confirmation hearing. The Court later requested the Office of the United States Trustee to recommend whether the *In Camera* Disclosures ought to be made publicly available. Within days of receiving a response from the Office of the United States Trustee, McKinsey RTS publicly filed the additional *In Camera* Disclosures.

On June 14, 2016, McKinsey RTS filed an interim fee application (the "Third Interim Fee Application"). Mar-Bow filed an objection to the Third Interim Fee Application (the "Third Interim Fee Application Objection") renewing its arguments that McKinsey RTS had not fully complied with the disclosure requirements of Bankruptcy Rule 2014. At a hearing conducted on September 8, 2016, the Court approved the Third Interim Fee Application and dismissed Mar-Bow's Third Interim Fee Application Objection relying on its prior finding made in connection with its entry of the Confirmation Order that McKinsey RTS was a "disinterested person."

The Court has before it now the final application of McKinsey RTS for compensation for services rendered, reimbursement of expenses incurred, and payment of holdbacks (the "Final Fee Application").[14] Once again, Mar-Bow objected, raising the same issues it had previously presented to the Court (the "Objection"). Mar-Bow's Objection asks the Court to reconsider its previous findings that McKinsey RTS is a "disinterested person" and that McKinsey RTS has complied with disclosure requirements under Bankruptcy Rule 2014.

---

[13] McKinsey RTS had previously supplemented its original verified statement with three additional public disclosures as it had represented it would do in its employment application in order to ensure no disqualifying conflicts arose during the pendency of the Bankruptcy Case.

[14] *See* Final Application Of McKinsey Recovery & Transformation Services U.S., LLC for Compensation for Services Rendered, Reimbursement of Expenses Incurred and Payment of Holdbacks as Turnaround Advisor for the Debtors and Debtors In Possession for (I) the Final Compensation Period from May 1, 2016 through July 26, 2016 and (II) the Total Compensation Period from August 3, 2015 through July 26, 2016, *In re Alpha Natural Resources, Inc., et al.,* No. 15-33896-KRH (Bankr. E.D. Va. Sept. 26, 2016), ECF No. 3446.

McKinsey RTS filed a motion to dismiss Mar-Bow's Objection pursuant to Bankruptcy Rule 7012(b)(6) for failure to state a claim upon which relief can be granted (the "Motion to Dismiss").[15] A hearing was conducted on December 7, 2016 to consider the Motion to Dismiss (the "Hearing"). For the reasons set forth in this Memorandum Opinion, the Court will grant the Motion to Dismiss of McKinsey RTS and dismiss Mar-Bow's Objection.[16]

First, Mar-Bow lacks standing to raise the Objection, as Mar-Bow no longer has a pecuniary interest in the outcome of the Final Fee Application of McKinsey RTS. In order to entertain the Objection, Mar-Bow must meet the threshold requirement for standing. The "Cases" and "Controversies" requirement of Art. III, § 2 of the Constitution is fundamental to a federal courts' jurisdiction to hear a case. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Raines v. Byrd*, 521 U.S. 811, 818 (1997)); *Cooksey v. Futrell,* 721 F.3d 226, 234 (4th Cir. 2013) (quoting *Miller v. Brown,* 462 F.3d 312, 316 (4th Cir. 2006)). "A party must have standing to meet the Article III case or controversy requirement." *In re Alpha Nat. Res. Inc., et al.*, 544 B.R. 848, 854 (Bankr. E.D. Va. 2016). In order to demonstrate standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."[17] *Spokeo, Inc. v. Robins*, 136 S. Ct. at 1547 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555,

---

[15] Contested matters, such as the one at bar, are governed by Bankruptcy Rule 9014. Subsection (c) of Bankruptcy Rule 9014 automatically incorporates into contested matters certain of the Bankruptcy Rules set forth in Part VII that pertain to adversary proceedings. Bankruptcy Rule 9014 gives the Court the discretionary authority to apply any or all of the remaining Bankruptcy Rules in Part VII. See Fed. R. Bankr. P. 9014(c). While Bankruptcy Rule 7012 is not mandatory, *see id.*, the Court decided that it was appropriate to apply Bankruptcy Rule 7012 to this contested matter consistent with its obligation "to secure the just, speedy, and inexpensive determination of every case and proceeding[.]" *See* Fed. R. Bankr. P. 1001. Rule 7012(b)(6) of the Federal Rules of Bankruptcy Procedure incorporates by reference Rule 12(b)(6) of the Federal Rules of Civil Procedure.

[16] This Memorandum Opinion sets forth the Court's findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052. Fed. R. Bankr. P. 7052. Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See id.*

[17] The party seeking relief has the burden of proving the standing elements. *See FW/PBS, Inc. v. Dallas,* 493 U.S. 215, 231 (1990).

560 (1992); *Friends of the Earth, Inc. v. Laidlaw Envtl. Services (TOC), Inc.,* 528 U.S. 167, 180-81 (2000)).  A party has suffered an "injury in fact" when it can show "an invasion of a legally protected interest . . ." that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. at 560 (internal quotations and citations omitted).

In cases before a bankruptcy court, an objecting party demonstrates an "injury in fact" by demonstrating a financial interest in the outcome of a given proceeding.  Bankruptcy courts decline to litigate objections to claims when the requested relief will have no financial impact on the litigant.  *See In re Mushroom Transp. Co.*, 486 B.R. 148, 154 (Bankr. E.D. Pa. 2013) (finding administrative claimant's objection to a fee application of special counsel to the chapter 7 trustee moot for lack of pecuniary interest in the outcome); *see also Indiana State Police Pension Trust v. Chrysler LLC (In re Chrysler LLC)*, 576 F.3d 108, 113 (2d Cir. 2009), *cert. granted, judgment vacated with instructions to dismiss appeal as moot*, 558 U.S. 1087, 130 S. Ct. 1015, Order 09-285 (Dec. 14, 2009), *appeal dismissed as moot*, 592 F.3d 370 (2d Cir. 2010).  Specifically within the bankruptcy context:

> [A] party does not have standing to object to an application for compensation unless that party has a financial stake in the approval of the application. . . .  A party lacks a financial stake when, regardless of the outcome of the application for compensation, that party will not receive a distribution from the estate.

*In re Moye,* 2012 WL 3217595, at *2 (Bankr. S.D. Tex. Aug. 7, 2012) (internal citations omitted).[18]

---

[18] The Bankruptcy Code also provides an additional statutory standing requirement for a party to be heard in a chapter 11 proceeding.  Section 1109(b) provides that "[a] party in interest, including the debtor, the trustee, a creditor's committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter."  11 U.S.C. § 1109(b); *see also In re Alpha Nat. Res., Inc., et al.*, 544 B.R. at 854-55.  While Mar-Bow may meet this statutory standard because it was a creditor in the Bankruptcy Case, its status changed when its pecuniary interests became fixed upon confirmation of the Debtors' Plan.

6

Once the Debtors' Plan was confirmed, the expected recovery for the class of claims, in which the claim held by Mar-Bow was included, became fixed. Mar-Bow's proof of claim, dated March 23, 2016, asserts an unsecured claim representing $1.25 million of ANR 7.5% second lien notes due August 1, 2020. The Debtors' Plan accords second lien note holders treatment under Class 3 and Class 6B. Class 3 provides for participation rights, which Mar-Bow declined to exercise. Class 6B claimants share in the Category 2 General Unsecured Claims Asset Pool, which provides distributions in the form of common stock, warrants, contingent revenue payments, and proceeds from the sale of specific assets. Any excess cash, including cash that might be made available from not paying the Final Fee Application of McKinsey RTS, will be distributed to holders of "Allowed Secured First Lien Lender Claims" under the Plan. The treatment accorded Mar-Bow's claim cannot be adversely impacted if the Court grants the Final Fee Application of McKinsey RTS. Accordingly, Mar-Bow can no longer demonstrate a "concrete and particularized injury in fact." Only the Allowed Secured First Lien Lenders would stand to benefit from a denial of McKinsey RTS's fees. Importantly to the case at bar, the Allowed Secured First Lien Lenders do not object to the Final Fee Application of McKinsey RTS.

> Bankruptcy proceedings regularly involve numerous parties, each of whom might find it personally expedient to assert the rights of another party even though that other party is present in the proceedings and is capable of representing himself. Third-party standing is of special concern in the bankruptcy context where, as here, one constituency before the court seeks to disturb a plan of reorganization based on the rights of third parties who apparently favor the plan.

*Kane v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 843 F.2d 636, 644 (2d Cir. 1988).

Second, the Court lacks subject matter jurisdiction to consider Mar-Bow's Objection, as Mar-Bow has appealed the issues raised in the Objection to the United States District Court for the Eastern District of Virginia (the "District Court"). The Court's findings that McKinsey RTS

7

complied with Bankruptcy Rule 2014 and that McKinsey RTS is a "disinterested person" are both currently pending review by the District Court.[19] Mar-Bow's Appeal deprives this Court of subject matter jurisdiction. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *see also Grand Jury Proceedings Under Seal v. U.S.*, 947 F.2d 1188, 1190 (4th Cir. 1991) ("The general rule is that the filing of a timely and sufficient notice of appeal immediately transfers jurisdiction of all matters relating to the appeal from the district court to the court of appeals.") (internal citation omitted). In the Objection, Mar-Bow renewed the very arguments raised in the Appeal, that McKinsey RTS's Final Fee Application should be denied because McKinsey RTS failed to comply with Bankruptcy Rule 2014 and McKinsey RTS is not a "disinterested person" as required by 11 U.S.C. § 327(a). The Court has been divested of jurisdiction over those two issues, and it cannot revisit its prior rulings as the Objection asks it to do.

At the Hearing, Mar-Bow argued that the Court could not proceed to consider the Final Fee Application of McKinsey RTS. However, Mar-Bow did not obtain a stay of the Court's Confirmation Order pending appeal. The Court's order approving the employment of McKinsey RTS was never appealed and remains in effect.[20] The Confirmation Order also remains in effect unless and until it is overturned on appeal. Furthermore, courts retain jurisdiction to take subsequent action on matters that are collateral to an appeal. *See Northrop Gruman Tech. Serv.,*

---

[19] In addition to the appeal taken to the Court's Confirmation Order, *see supra* note 6, Mar-Bow attempted to appeal two interlocutory orders of the Court dealing with the same issues, s*ee* Notice of Appeal (Order Compelling Compliance with Rule 2014), *Mar-Bow Value Partners, LLC v. McKinsey Recovery & Transformation Services U.S., LLC (In re Alpha Nat. Res., Inc., et al.)*, No. 3:16-cv-00612-MHL, (E.D. Va. July 19, 2016), ECF No. 1 and Notice of Appeal (Third Interim Fee Order), *In re Alpha Nat. Res., Inc., et al.*, No. 3:16-cv-00799-MHL, (E.D. Va. Sept. 28, 2016), ECF No. 1 (cumulatively, the "Appeal").

[20] *See supra* note 9.

8

*Inc. v. DynCorp Int'l LLC*, 2016 WL 3346349, at *5 (E.D. Va. 2016) (internal citations and quotations omitted).  This rule is essential and particularly applicable to a bankruptcy case that involves numerous parties with divergent interests that remain engaged in a dynamic process even after discrete issues may have been decided.

Resolution of the Final Fee Application of McKinsey RTS will have no impact on the issues that the District Court has before it pertaining to McKinsey RTS's compliance with Bankruptcy Rule 2014 and whether McKinsey RTS is a "disinterested person."  Consideration of the Final Fee Application of McKinsey RTS will involve a different set of issues entirely – those are whether the services rendered by McKinsey RTS were "actual" and "necessary" for the effective administration of the estate and whether the compensation requested is "reasonable" under the circumstances.  In reaching a determination on these issues, the Court will consider the factors set forth in 11 U.S.C. § 330, which include:

> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330.  Mar-Bow did not raise any issue with regard to any of these factors in its Objection.  Nor are they factors impacting the Appeal.  The Court may consider the Final Fee Application of McKinsey RTS separate and apart from the Objection.

**Conclusion**

The Court will grant McKinsey RTS's Motion to Dismiss. Mar-Bow lacks standing to file its Objection in this matter because Mar-Bow will not suffer any "injury in fact" resulting from the Court's ruling on the Final Fee Application of McKinsey RTS. But even if Mar-Bow did have standing, the Court would lack subject matter jurisdiction to decide the issues raised in the Objection concerning whether McKinsey RTS complied with Bankruptcy Rule 2014 and whether McKinsey RTS is a "disinterested person" because Mar-Bow has appealed these issues to the District Court.

A separate order shall issue.

Entered: Dec 20 2016

       /s/ Kevin R. Huennekens
UNITED STATES BANKRUPTCY JUDGE

Entered on Docket: 12/20/16